

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

PETER R. MARKSTEINER
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

November 17, 2020

Clerk of Court
United States District Court for the District of Maine
156 Federal Street
Portland, ME 04101

**Re:  Merit Systems Protection Board, PH-0752-17-0329-I-2**
**Wilson v. DVA, 2019-2283**

Dear Clerk:

On November 17, 2020, the United States Court of Appeals for the Federal Circuit issued an order transferring this case to your court. Attached is a copy of the order, public docket sheet, and publicly available documents.

Please contact the Clerk's Office at the number above if you need further information regarding this case.

Very truly yours,

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

By: J. Bayles, Deputy Clerk

# United States Court of Appeals for the Federal Circuit

———————————

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

———————————

2019-2283

———————————

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

———————————

**ON MOTION**

———————————

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

On September 25, 2020, this court dismissed Lynett Wilson's petition for review after concluding that she effectively pled herself out of court by abandoning her discrimination claims because, in doing so, she lacked any allegation capable of supporting her claim that her absence from work was the result of improper acts by the agency.

Ms. Wilson now files a "motion to vacate, modify or otherwise change" that order, seeking to rescind her prior position and to transfer this case back to the United States District Court for the District of Maine for adjudication of her mixed case. Ms. Wilson indicates that the Department of Veterans Affairs does not oppose the motion.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion is granted. The court's September 25, 2020 order is vacated. Pursuant to 28 U.S.C. § 1631, this matter and all filings are transferred to the United States District Court for the District of Maine.

(2) Any other pending motions are denied as moot.

FOR THE COURT

November 17, 2020            /s/ Peter R. Marksteiner
        Date                 Peter R. Marksteiner
                             Clerk of Court

**General Docket**

**United States Court of Appeals for the Federal Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 19–2283 | **Docketed:** 08/19/2019 |

Wilson v. DVA
**Appeal From:** Merit Systems Protection Board
**Fee Status:** fee paid

**Case Type Information:**
   **1)** Agency
   **2)** Board
   **3)** –

**Originating Court Information:**
   **District:** MSPB–1 : PH–0752–17–0329–I–2
   **Date Rec'd COA:**
   08/19/2019

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| LYNETT S. WILSON<br>       Petitioner | Robert Fred Stone, Esq., Attorney General<br>Direct: 413–369–4421<br>Email: rfstoneesq@comcast.net<br>[LD NTC Retained]<br>Law Office of Robert F. Stone<br>PO Box 401<br>Conway, MA 01341 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS<br>       Respondent | Margaret Jantzen<br>Direct: (202) 353–7994<br>Email: margaret.j.jantzen@usdoj.gov<br>[LD NTC Government]<br>Department of Justice<br>Commercial Litigation Branch, Civil Division<br>PO Box 480<br>Ben Franklin Station<br>Washington, DC 20044 |

LYNETT S. WILSON,

      Petitioner

v.

DEPARTMENT OF VETERANS AFFAIRS,

      Respondent

| | | |
|---|---|---|
| 08/19/2019 | 1 | Appeal docketed. Received: 08/19/2019. [629160] 15(c) due on 09/03/2019. Entry of Appearance due 09/03/2019. Certificate of Interest is due on 09/03/2019. Docketing Statement due 09/18/2019. Certified List due on 09/30/2019. [MMA] [Entered: 08/19/2019 10:11 AM] |
| 09/03/2019 | 2 | Docketing Statement for the Petitioner Lynett S. Wilson. Service: 09/03/2019 by email. [632823] [19–2283] This document is non–compliant. See Doc. No. [3] [Robert Stone] [Entered: 09/03/2019 03:45 PM] |
| 09/04/2019 | 3 | NOTICE OF NON–COMPLIANCE: The submission of Petitioner Lynett S. Wilson, Docketing Statement [2], is not in compliance with the rules of this court (see attached). Compliant documents due on 09/11/2019. Service as of this date by the Clerk of Court. [632959] [MMA] [Entered: 09/04/2019 09:58 AM] |
| 09/05/2019 | 4 | Entry of appearance for Margaret J. Jantzen as principal counsel for Respondent DVA. Service: 09/05/2019 by email. [633447] [19–2283] [Margaret Jantzen] [Entered: 09/05/2019 02:31 PM] |
| 09/09/2019 | 5 | Certified list received. Service: 09/06/2019 by US mail. Refer to Fed. Cir. R. 31 for calculating brief deadlines from service of the certified list. [633930] [MMA] [Entered: 09/09/2019 09:57 AM] |
| 09/10/2019 | 6 | Docketing Statement for the Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634495] [19–2283] [Robert Stone] [Entered: 09/10/2019 06:50 PM] |
| 09/10/2019 | 7 | Corrected Entry of appearance for Robert Fred Stone, aty as principal counsel for Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634496] [19–2283] [Robert Stone] [Entered: 09/10/2019 06:56 PM] |
| 09/10/2019 | 8 | Corrected Certificate of Interest for Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634497] [19–2283] [Robert Stone] [Entered: 09/10/2019 06:59 PM] |
| 09/10/2019 | 9 | Statement Concerning Discrimination pursuant to Fed. Cir. R. 15(c) for Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634498] [19–2283] [Robert Stone] [Entered: 09/10/2019 07:06 PM] |
| 09/27/2019 | 10 | Notice to counsel for Respondent DVA: The record of this case indicates that the Docketing Statement has not been filed.. Service as of this date by the Clerk of Court. [638891] [MMA] [Entered: 09/27/2019 04:37 PM] |
| 10/07/2019 | 11 | Docketing Statement for the Respondent DVA. Service: 10/07/2019 by email. [640566] [19–2283] [Margaret Jantzen] [Entered: 10/07/2019 10:48 AM] |
| 11/01/2019 | 12 | MOTION of Petitioner Lynett S. Wilson to extend the time to 12/31/2019 to file the Brief for Petitioner. [Consent: unopposed]. Service: 11/01/2019 by email. [646545] [19–2283] [Robert Stone] [Entered: 11/01/2019 06:24 PM] |
| 11/04/2019 | 13 | MOTION of Respondent DVA to dismiss or transfer [Consent: not addressed]. Service: 11/04/2019 by email. [646749] [19–2283]––[Edited 11/04/2019 by CAB to add correct relief] [Margaret Jantzen] [Entered: 11/04/2019 03:17 PM] |
| 11/07/2019 | 14 | ORDER granting motion to extend time to file brief [12] filed by Petitioner Lynett S. Wilson to the extent that the briefing schedule is stayed per Fed. Cir. R. 31(c) pending disposition of the Department of Veterans Affairs' motion to dismiss or transfer the case. Service as of this date by the Clerk of Court. [647830] [LMS] [Entered: 11/07/2019 03:02 PM] |
| 11/19/2019 | 15 | RESPONSE of Petitioner Lynett S. Wilson to the motion to terminate appeal [13] filed by Respondent DVA in 19–2283. Service: 11/19/2019 by email. [650663]––[Edited 11/20/2019 by MMA – Reason: to correct party filer] [Robert Stone] [Entered: 11/19/2019 04:40 PM] |

| | | |
|---|---|---|
| 01/17/2020 | 16 | ORDER filed lifting the stay of the briefing schedule. The motion [13] is granted to the extent that the petition and all filings are transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. ? 1631. ISSUED AS A MANDATE: January 17, 2020. Service as of this date by the Clerk of Court. [664084] Mandate has been recalled pursuant to the court's order [23] [LMS] [Entered: 01/17/2020 10:29 AM] |
| 01/17/2020 | 17 | Clerk's Letter to the United States District Court for the District of Maine: Transfer Letter. Service as of this date by the Clerk of Court. [664178] [MMA] [Entered: 01/17/2020 01:07 PM] |
| 07/13/2020 | 18 | Notice from the United States District Court for the District of Maine. Service: 07/13/2020 by clerk. [707009] [MMA] [Entered: 07/13/2020 12:32 PM] |
| 07/20/2020 | 19 | ORDER directing the parties, within fourteen days from the date of filing of this order, to inform the court how they believe this case should proceed. Service as of this date by the Clerk of Court. [708611] [LMS] [Entered: 07/20/2020 03:59 PM] |
| 08/03/2020 | 20 | RESPONSE of Respondent DVA to the clerk order [19] , clerk order [19]. Service: 08/03/2020 by email. [712106] [19–2283] [Margaret Jantzen] [Entered: 08/03/2020 05:45 PM] |
| 08/20/2020 | 21 | ORDER directing Ms. Wilson, within ten days from the date of filing of this order, to inform this court as to how she believes this matter should proceed. Service as of this date by the Clerk of Court. [716096] [LMS] [Entered: 08/20/2020 10:05 AM] |
| 09/04/2020 | 22 | RESPONSE of Petitioner Lynett S. Wilson to the clerk order to file a response/reply [21] , clerk order [21]. Service: 09/04/2020 by email. [719552] [19–2283] [Robert Stone] [Entered: 09/04/2020 01:49 AM] |
| 09/25/2020 | 23 | ORDER recalling the mandate, and this petition for review is reinstated. Service as of this date by the Clerk of Court. [724423] [LMS] [Entered: 09/25/2020 10:15 AM] |
| 09/25/2020 | 24 | ORDER filed accepting Ms. Wilson's response, ECF No. 22, for filing. The petition is dismissed. Each party shall bear its own costs. Service as of this date by the Clerk of Court. [724437] Vacated pursuant to the court's order. See Doc. No. [29]. [LMS] [Entered: 09/25/2020 10:34 AM] |
| 11/05/2020 | 25 | MOTION of Petitioner Lynett S. Wilson to extend time, to allow argument, to extend the time to 12/09/2020 to file brief, to extend the time to file a Petition for Rehearing En Banc until. Service: 11/05/2020 by email. [733746] [19–2283] This document is non–compliant. See Doc. No. [26]. [Robert Stone] [Entered: 11/05/2020 01:07 AM] |
| 11/05/2020 | 26 | NOTICE OF NON–COMPLIANCE: The submission of Petitioner Lynett S. Wilson, Motion for Extension of Time to File Petition for Rehearing [25], is not in compliance with the rules of this court (see attached). Compliant document due on 11/13/2020. Service as of this date by the Clerk of Court. [733809] [JAB] [Entered: 11/05/2020 10:12 AM] |
| 11/06/2020 | 27 | MOTION of Petitioner Lynett S. Wilson to extend the time to file a Petiton for Panel Rehearing until 12/09/2020. Service: 11/06/2020 by email. [734182] [19–2283] [Robert Stone] [Entered: 11/06/2020 11:28 AM] |
| 11/09/2020 | 28 | MOTION of Petitioner Lynett S. Wilson to vacate Doc. No. [24], Doc. No. [24], Doc. No. [24].. Service: 11/09/2020 by email. [734561] [19–2283] [Robert Stone] [Entered: 11/09/2020 04:34 PM] |
| 11/17/2020 | 29 | ORDER filed. The motion [28] is granted. The court's September 25, 2020 order is vacated. Pursuant to 28 U.S.C. Sec. 1631, this matter and all filings are transferred to the United States District Court for the District of Maine. Any other pending motions are denied as moot. Service as of this date by the Clerk of Court. [736225] [JAB] [Entered: 11/17/2020 09:57 AM] |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### NOTICE OF DOCKETING

### 19-2283 - Wilson v. DVA

**Date of docketing:** August 19, 2019

**Petition for review of:** Merit Systems Protection Board case no. PH-0752-17-0329-I-2

**Petitioner:** Lynett S. Wilson

**Critical dates include:**

- Date of docketing. See Fed. Cir. R. 12 and 15.
- Filing fee due. (*Due within 14 days of the date of docketing*.) See Fed. R. App. P. 15(e) and Fed. Cir. R. 52.
- Certified list. See Fed. Cir. R. 17.
- Statement concerning discrimination. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 15(c).
- Entry of appearance. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 47.3.
- Certificate of interest. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 47.4.
- Docketing Statement. (*Due within 30 days of the date of docketing*.) [Only in cases where all parties are represented by counsel. See Fed. Cir. R. 33.1 and the mediation guidelines available at www.cafc.uscourts.gov.]
- Requests for extensions of time. See Fed. Cir. R. 26 and 27. **N.B. Delayed requests are not favored by the court**.
- Briefs. See Fed. Cir. R. 31. [A pro se party must not file his or her informal brief until after the certified list has been filed and served.] **N.B. You will not receive a separate briefing schedule from the Clerk's Office**.
- **ORAL ARGUMENT SCHEDULE CONFLICTS:** See Practice Note following Fed. Cir. R. 34.

The official caption is reflected on the electronic docket under the listing of the parties and counsel. The Rules of Practice and required forms are available at www.cafc.uscourts.gov.

Peter R. Marksteiner
Clerk of Court

cc: Clerk, Merit Systems Protection Board
Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice
Robert Fred Stone

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
### Washington, DC

| | | |
|---|---|---|
| **LYNETT S. WILSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **PETITION FOR REVIEW** |
| | ) | |
| **UNITED STATES MERIT SYSTEMS** | ) | |
| **PROTECTION BOARD,** | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, **Lynett S. Wilson**, hereby submits this Petition for Review/Notice of Appeal for Order or Decision of an AGENCY ORDER by and thought her undersigned attorney as required containing the information required by this Court's Form 5.

Petitioner, Lynett S. Wilson, hereby petitions/appeals the Court for the review of the **Final Order of the Merit Systems Protection (MSPB),** Docket Number: **PH-0752-0329-I-1** entered on June 26, 2019.

The Attached Proposed MSPB Order was received via its e-appeal system on May 16, 2019. The MSPB Order became final on June 20, 2019 and as stated in its Notice of Appeal Rights to Petitioner this Petition/Appeal is submitted within 60 days after the MSPB Notice became its final order pursuant to 5 U.S.C. § 7703 (2019).

Date: August 19, 2015

Robert F. Stone, Esq.
Petitioner's Attorney
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone: (413) 369-4421
FAX: (413) 208-0215

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**NORTHEASTERN REGIONAL OFFICE**

LYNETT S. WILSON,                    DOCKET NUMBER
        Appellant,            PH-0752-17-0329-I-2

   v.

DEPARTMENT OF VETERANS           DATE: May 16, 2019
   AFFIRS,
        Agency.

     Robert Fred Stone, Esquire, South Deerfield, MA, Massachusetts, for the
     appellant.

     Joshua R. Carver, Augusta, Maine, for the agency.

**BEFORE**
Craig A. Berg
Administrative Judge

**INITIAL DECISION**

introduction

     On June 28, 2017, the appellant filed a petition for appeal alleging that the
agency had constructively suspended her from her position of Radiologic
Technologist, GS-10, Togus VA Medical Center, Augusta, Maine, when it failed to
accommodate her disability, forcing her to into unpaid status from September 28,
2016 to June 12, 2017. Initial Appeal File (IAF), Tab 1. I found that the
appellant made a nonfrivolous allegation that she had been constructively
suspended for more than 14 days, and a hearing was therefore held on November
27, 2018. *Id.*, Tab 11; Hearing Transcript (HT).

     For the reasons discussed below, this appeal is DISMISSED for lack of
Board jurisdiction.

Analysis and findings

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

Lynett Wilson, Petitioner,

v.　　　　　**PETITION FOR REVIEW**

Final Order of Merit Systems Protection Board.

Petitioner Lynett Wilson hereby petitions the Court for review of the of the Merit Systems Board Decision (MSPB) decision denying her appeal against the, Robert Wilkie, Secretary, U.S. Department of Veterans Affairs, Initial Decision of May 15, 2019 that became final on June 20, 2019. This Petition is filed as the MSPB did not address all relevant issues, allowed the VA to deny Petitioner due process, violated its own regulations, and did not properly apply the governing rules, regulations, and law. The Initial Decision was received on May 15, 2019 and became final on June 20, 2019.

This Petition for Review is submitted to the Court this date of August 20, 2019 prior to the filing deadline of August 20, 2019 in the attached MSPB Final Decision Notice of Appeal Right pursuant to 5 U.S.C. § 7703(b)(1)(B) (2019).

Date: August 15, 2019

Robert F. Stone, Esq.
Petitioner's Attorney
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone: (413) 369-4421
FAX: (413) 369-4244

2

Burden of Proof and Applicable Law

The agency did not officially suspend the appellant from duty, in writing, in accordance with applicable law, and argues that it did not take an action that is appealable to the Board. The appellant contends that she was constructively suspended, because the agency's failure to accommodate her known disability caused her to be in unpaid status for an extended period.

The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service,* 67 M.S.P.R. 300, 302 (1995), *aff'd,* 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, employee-initiated actions that appear voluntary on their face are not always so. *Spiegel v. Department of the Army,* 2 M.S.P.R. 140, 141 (1980). The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions, and involuntary leaves of absence may be appealable to the Board under chapter 75 as constructive suspensions if they exceed 14 days. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013).

Although various fact patterns may give rise to an appealable constructive suspension, all constructive suspensions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things by preponderant evidence is sufficient to establish Board jurisdiction.[1] *Bean*, 120 M.S.P.R. 397, ¶ 8; 5 C.F.R. § 1201.56(a)(2)(i).

An agency must provide reasonable accommodation to the known limitations of a qualified individual with a disability unless to do so would create

---

[1] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). The agency does not dispute that the appellant is an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A).

3

an undue hardship. 42 U.S.C. §§ 12112(a), (b)(5)(A); *Paris v. Department of the Treasury,* 104 M.S.P.R. 331, ¶ 11 (2006); 29 C.F.R. § 1630.9.

Pursuant to the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et. seq* (2008) (ADAAA), the appellant may prove that he has a disability by showing that he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1), 29 C.F.R. § 1630.2(g)(1),(2),(3). The definition of disability is construed in favor of broad coverage. 42 U.S.C. § 12102(4)(A).

A physical or mental impairment is any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, or any mental or psychological disorder. 29 C.F.R. § 1630.2(h). The test for whether a disability substantially limits the ability of an individual to perform a major life activity is applied as compared to most people in the general population. 29 C.F.R. § 1630.2(j). Major life activities include but are not limited to activities such as caring for oneself, performing manual tasks, eating, lifting, bending, concentrating, communicating, and working, including the operation of a major bodily function. 42 U.S.C. § 12102(2).

An impairment that substantially limits one major life activity need not limit others. One that is episodic or in remission is a disability if it would substantially limit a major life activity when active. The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures other than ordinary eyeglasses or contact lenses. 42 U.S.C. § 12102(4).

In the second method of proving a disability, an individual "has a record of" a disability if he has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities. This may include individuals who were treated for a disease but no longer have it as well as individuals who were misdiagnosed with a substantially

4

limiting impairment even though they did not actually have that impairment. S. Rep. No. 116, 101ˢᵗ Cong., 2d Sess. 23. The impairment indicated in the record must be an impairment that would substantially limit one or more of the individual's major life activities. *Id*. Whether an individual has such a record is to be broadly construed. If the individual has such a record, the agency need not have relied on that record for the individual to be covered under this test.

With regard to the third method of proving disability, an individual meets the requirement of being "regarded as having such an impairment" if he establishes that he has been subjected to a prohibited action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. However, the "regarded as" test shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of six months or less. 42 U.S.C. § 12102(3).

A qualified individual with a disability is a person with the skills, training and experience to perform the essential functions of a position, with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Paris,* 104 M.S.P.R. 331, ¶ 11; 29 C.F.R. § 1630.2(m). Reasonable accommodation may entail modifications to the individual's current position or reassignment to a vacant position. 42 U.S.C. § 12111(9); *Aka v. Washington Hospital Center,* 156 F.3d 1284, 1301–05 (D.C.Cir.1998) (en banc); 29 C.F.R. § 1630.2(*o*).

Evidence

The appellant performed the duties of her position in Building 200, Room 146 on the Togus campus. She testified that she was born with asthma but the symptoms of the condition had abated for over 30 years until July 12, 2016. HT at 10. On that day, she began wheezing and was unable to breathe, got hives on her skin, and her mouth was tingling, so she left work and went to the emergency

5

room. She was given breathing treatment and referred to an allergy specialist. *Id.* at 10-11.

On September 12, 2016, the specialist returned the appellant to duty, and she was again assigned to work in Building 200, Room 146, the office where her regular assigned duties were located. HT at 17, 27. She described the room as an old file room without ventilation, with nearby construction, auto exhaust, and a chemical spill at various times. *Id.* at 27-28. She again suffered the breathing-related symptoms, and was out of work until her physician indicated on a September 19, 2016 Duty Status Report, filled out in support of her Office of Workers' Compensation Programs (OWCP) claim for asthma, that she could return to duty on September 26, 2016, but not in Building 200. *Id.* at 17-18; IAF, Tab 22 (Agency File or AF) at 65.

The appellant returned to duty on September 26, 2016, and was assigned to work in Building 206. HT at 18-19. On September 28, John Gardner, then an Employee Labor Relations (ELR) Specialist in Human Resources (HR), called her to his office and presented her with a letter stating that her OWCP claim had been denied. *Id.* at 19-20. According to the appellant, the letter gave her several options, including returning to Building 200 and taking leave. *Id.* at 20. The record contains a September 27, 2016 letter from Human Resources Officer Jonathan Meserve, which appears to be the letter to which the appellant was referring. AF at 36; HT at 53. The appellant testified that she received this letter on September 28, 2016, and it informed her that, because her OWCP claim was denied, she was to contact her supervisor to coordinate her return to duties in the Radiology Service. It offered her the option to return to full duty status, use sick leave, or request reasonable accommodation. *Id.*

The appellant testified that she returned home after meeting with Gardner, and she then telephoned him to discuss the situation. HT at 20. Gardner responded by emailing her documents to request leave under the Family and Medical Leave Act of 1993 (FMLA) and/or reasonable accommodation. AF at 34.

6

His email provided some additional information regarding reasonable accommodation, including the fact that execution of the attached VA Form 0857A, Written Confirmation of Request for Accommodation ("RA form") was voluntary, but provides him assistance with the accommodation process. *Id.* at 33-35. The appellant filled out the RA form and returned it to Gardner on September 30, 2016, asking that he pass it on to Dusty Cochran, another ELR Specialist who was the local reasonable accommodation coordinator. HT at 20, 139; AF at 32-33.

The appellant testified that she had no income for the next nine months, as the agency would continual deny her request for an accommodation. HT at 21-22. She spoke with Gardner, Cochran, and Meserve, including in-person visits to HR, and they never told her verbally that they had not received the paperwork, only in letters. HT at 22. She could not return to Building 200 because of her asthma, which was potentially life threatening. *Id.* at 38-39.

The appellant testified that her physician submitted CA-17 forms to the agency during that period, though other than the September 19, 2016 form, the appellant did not file any of those Duty Status forms as exhibits in this appeal. HT at 44-45. She further testified that her provider responded to a list of questions from Rick Butler, of HR, and sent the answers to Butler. *Id.* at 45. Again, the record is bereft of the questions or responses. The appellant stated that she believed all communications with HR regarding her health condition pertained to her accommodation request, as well as the OWCP claim. *Id.* at 46-47.

Returning to the chronology of the period the appellant was off duty, she agreed that, on October 21, 2016, Meserve sent her a letter telling her she was being marked AWOL, and he asked for medical documentation in support of her accommodation request, to be received within 15 days. HT at 49-50; AF at 25. On November 2, 2016, she confirmed to Gardner that she had received the letter that day, and on November 8 she emailed Gardner and asked what documentation

7

the agency required regarding the reasonable accommodation request. HT at 55-56; AF at 24-25. In the email, the appellant stated that she believed her specialist had submitted the documentation that she could not return to building 200 in September, and the documentation was used to place her in building 206 on September 26. HT at 56; AF at 24-25. The following day, November 9, Gardner responded, explaining that she had not submitted a reasonable accommodation request based on air quality, but rather an OWCP claim that had been denied. He contended that she was placed in building 206 in order to find her meaningful work while the OWCP claim was being processed. HT at 57-58; AF at 64.

Later on the same date, November 9, the appellant emailed Gardner and stated that, according to her doctor's office, medical documentation had been faxed to HR on October 20, 2016. HT at 59-60; AF at 64. On November 10, 2016, Cochran emailed the appellant and asked her to have her doctor fill out a Request for Medical Documentation form that he attached, and he requested she return it as soon as possible. HT at 63; AF at 24, 27. The appellant admitted that she was unsure if her provider ever returned that form. HT at 65.

Meserve, the HR Officer at the time, testified that the Workers Compensation group reported to the network office, and were not part of Togus VA. HT at 80-81. Rick Butler did not have an office in HR at Togus. Meserve stated that he was aware in the fall 2016 that the appellant's OWCP claim had been denied, and he explained that she was never approved for a reasonable accommodation for asthma/air quality while the OWCP claim was pending; rather, the agency found meaningful work for her while the claim was pending, as required under Workers Compensation law. *Id.* at 82-83. After the claim was denied, Meserve sent the appellant the September 27, 2016 "options letter," which offered her, among other things, a chance to request an accommodation. *Id.*; AF at 36. In response, the appellant filled out the form requesting an accommodation. *Id.* at 84; AF at 33.

8

Meserve testified that, in a case like this, where the disability was not obvious, the information on this form was insufficient to grant the accommodation, as medical documentation was required. HT at 84. On the form, the appellant indicated she was going to send medical information, but he sent the appellant the October 21 letter when no documentation had been received. *Id.* at 84-85; AF at 31. The letter informed the appellant that she was being marked AWOL because, to his memory, she had no FMLA entitlement remaining and no leave. *Id.* at 85.

Meserve never saw the September 19, 2016 Duty Status Report in the record until these proceedings. HT at 86; AF at 65. He explained that it is a DoL form, and is protected from release to the agency by the Privacy Act. HT at 86. He testified that when the agency receives an accommodation request, in any medical documentation submitted they are looking for symptoms of the condition to determine whether the employee is a qualified individual with a disability, frequency/duration of the condition, major life function that is limited, and finally, how the accommodation would help the person perform his/her job. HT at 87-88 (Meserve), 145 (Cochran). The Duty Status form states that the appellant needed to be removed from Building 200, but not much more. *Id.* at 87-88. So, even with this form, the agency would have sent the same letter seeking more information. *Id.* at 88.

Gardner, the former ELR Specialist, and Cochran, the current ELR Specialist, also testified that they never saw the Duty Status form at the time. HT at 126, 146. All three of the agency witnesses testified that they never received any medical documentation from the appellant in response to their requests. *Id.* at 88-89 (Meserve); 126 (Gardner); 142, 150 (Cochran).

Findings

After careful consideration of the record evidence, for the reasons explained below, I find that the appellant has failed to show, by preponderant

9

evidence, that the agency constructively suspended her during the period at issue. Although she has shown that she had no meaningful choice except to take leave and stay out of the workplace when informed, on September 28, 2016, that her relocation to Building 206 would not continue because her OWCP claim had been denied, she has not shown that the agency's wrongful actions deprived her of that choice.

As noted above, the appellant is alleging that she was constructively suspended when the agency failed to accommodate her known disability-asthma-when it removed her from a previously-granted alternate work location and required her to either return to a her previous "toxic" office or be charged with absence without leave (AWOL), on or about September 28, 2016. IAF, Tab 9; IAF-2, Tab 11. She asserts that the suspension lasted until she began employment at the Phoenix VA Medical Center, on June 12, 2017.

It is well settled, and the agency does not appear to dispute, that a request for accommodation of a disability may be made verbally. *See, e.g., White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, 414 n.6 (2013) (citing Equal Employment Opportunity Commission (EEOC) Notice No. 915.002, *Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act* (2002) (hereafter referred to as "EEOC Enforcement Guidance") (General Principles section and Q & A item 3)). Here, based on the testimonies of the appellant and Gardner, and the September 28, 2016 email Gardner sent the appellant, I find that the appellant requested an accommodation of her asthma condition on September 28, 2016. Moreover, based on the appellant's testimony regarding the severity of her condition and the Duty Status Report she submitted, I find that she has shown that she had a substantial impairment in a major life activity in 2016, and she therefore established that she suffered from a disability.

It is undisputed that Gardner sent the appellant the Written Confirmation of Request for Accommodation form on September 28, 2016, and she returned it to

10

him after filling it out on September 30, 2016 to pass on to Cochran.   On the
form, the appellant requested the following accommodations:

> Provide High efficiency air filters (HEPA)
>
> Provide air purification
>
> Provide different work environment with HVAC ventilation system
>
> Different workspace with windows
>
> Alternative work arrangement (telework)
>
> Alternative work arrangement while construction is taking place
>
> Alternative means of communication telephone, email, IM, Fax or memos.
>
> Flexible leave policy.

AF at 33.   The appellant explained the reason for her request, and stated that
medical documentation was to follow.   *Id.*

Once the appellant had made her request for accommodation of her
condition, the agency was required to engage in an interactive process to
determine an appropriate accommodation. *Paris,* 104 M.S.P.R. 331, ¶ 17; 29
C.F.R. § 1630.2(*o*)(3);   EEOC Enforcement Guidance at 6.   The appellant,
however, was also required to cooperate in the interactive process. "Both
parties ... have an obligation to assist in the search for an appropriate
accommodation, and both have an obligation to act in good faith in doing so."
*Collins,* 100 M.S.P.R. 332, ¶ 11 (citing *Taylor v. Phoenixville School District,* 184
F.3d 296, 312 (3rd Cir.1999)).

I find that the agency was within its rights to request additional information
from the appellant before making a decision on her accommodation request,
especially considering the number of accommodation options she suggested.   To
the extent the appellant is arguing that the agency was required to accommodate
her by allowing her to work in Building 206, the Board has stated that an
employee is not entitled to the accommodation of her choice. *See, e.g., Miller v.
Department of Army*, 121 M.S.P.R. 189, ¶ 21 (2014).   A request for a specific
accommodation does not necessarily mean that the employer is required to accede

11

to the request. The request is the first step in an informal, interactive process between the individual and the employer. *Id.* ¶ 15.   If more than one accommodation will enable an individual to perform the essential functions of her position, the preference of the individual with the disability should be given primary consideration, but the employer providing the accommodation has the ultimate discretion to choose between effective accommodations. Appendix to 29 C.F.R. Part 1630, § 1630.9.   Thus, here, the agency was within its discretion to seek more information in order to determine which of the accommodations the appellant requested might be most effective.

Even assuming the HR/ELR employees who considered the appellant's accommodation request should have known about and considered the September 19, 2016 Duty Status Report as medical evidence in making a decision, I agree with the agency that the Report provided insufficient information.[2]  In this regard, other than identifying the appellant's condition and certain restrictions, the Report stated only that the appellant "needs to be removed from building 200." I find that, even with this document, it would have been reasonable for the agency to request further medical documentation, if nothing else in order to determine whether some of the other accommodations the appellant requested might have

---

2 The appellant cites case law for the proposition that the Duty Status Report can "constitute compelling prima facie evidence that the employee in question has a disability as defined by the Rehabilitation Act." IAF-2 at 11 (citing *Velva B. v Brennan*, 2017 WL 4466898, at *13).  I agree with her argument on this point, but, the above holding does not state that an agency may not request additional medical documentation once a Duty Status Report has been received.  As explained herein, the Duty Status Report at issue in the instant case contained insufficient information to allow the agency to assess the appellant's accommodation request.  Therefore even if the HR/ELR employees involved in considering the request had seen and taken the Report into consideration, I would find that the agency was entitled to continue the interactive process to determine a proper accommodation.

12

allowed her to work in Building 200, where she would normally have performed the essential functions of her position.[3]

Despite a number of communications from the agency to the appellant reiterating the need for medical documentation in support of the accommodation request, the appellant admitted, HT at 60-62, 65-66, 68, and I find, that the record contains no evidence that additional documentation was provided. All of the agency witnesses testified that they received no documentation from the appellant in response to their messages/letters, and while the appellant asserted variously that she or her provider submitted further medical documentation, she failed to file copies of such documentation in this appeal, nor did she submit any evidence from her medical provider(s) that the documentation had ever been sent. Further weighing against a finding that appellant's doctor sent more documentation after appellant submitted the Written Confirmation of Request for Accommodation on September 30, 2016 is her November 8, 2016 email asserting that the specialist had sent the information requested stating that she was unable to return to Building 200 "back in September." AF at 24. The email continues, declaring that the information to which the appellant is referring was used to place her in Building 206 on September 26. I find that it is highly likely the appellant was referring to the September 19 Duty Status Report in this email, rather than other

---

3 If, as the appellant argues, the September 19 Duty Status Report is considered to be a request for a reasonable accommodation, instead of just an update that pertained to the appellant's OWCP claim or medical evidence that should have been used to assess her later accommodation request, I would still find it reasonable for the agency to have requested additional information to process the request. The physician who filled out the Report did not release the appellant to return to duty at a work location other than Building 200 until September 26, 2016, and the agency began to engage in the interactive process within days of that date. Accordingly, I would still find that the agency was within its rights to ask for information that would allow it to determine the most effective way to accommodate the appellant that would allow her to perform the essential functions of her position; thus, my holding that wrongful actions by the agency did not cause the appellant's absence from duty would remain unchanged.

13

medical documentation she claims was later submitted that might have been responsive to the agency's requirements.

For the reasons stated above, I find that the agency engaged in the required interactive process in good faith in order to assess the appellant's medical condition and determine an appropriate accommodation, but the appellant has not shown she was sufficiently responsive to the agency's requests for medical information.[4] *See Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 18 (2010). As such, I find that the appellant has not shown that it was the agency's wrongful actions that prevented her from continuing to work. *Id.*; *see also Taylor,* 184 F.3d at 317 ("an employer cannot be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs"); *Beck v. University of Wisconsin, Board of Regents,* 75 F.3d 1130, 1137 (7th Cir.1996) ("where, as here, the employer makes multiple attempts to acquire the needed information, it is the employee who appears not to have made reasonable efforts"); *Conaway v. U.S. Postal Service,* 93 M.S.P.R. 6, ¶ 37 (2002) (the agency was not liable for failure to provide a reasonable accommodation where it participated in good faith in the interactive process and the appellant did not respond to the agency's repeated requests for clear and objective medical evidence), *review dismissed,* 55 Fed.Appx. 565 (Fed. Cir. 2003).

---

4 I did not find credible the appellant's testimony that she went in-person and spoke with the HR/ELR employees about her accommodation request and they never mentioned that the medical evidence she had provided was insufficient. There is no reference in any of the written communications to any in-person meetings, and the appellant has provided no other corroboration for her testimony on this point. Moreover, I found the agency witnesses to be credible, as their testimony was consistent, both internally with each other's testimony, and with the documentary evidence, and none of them testified that the appellant met with them in-person after she was out of the workplace in late September 2016. In fact, appellant's counsel made no attempt to elicit testimony on this issue.

14

In conclusion, the appellant has not proven that she was constructively suspended during the period at issue, and as a result, her appeal must be dismissed for lack of Board jurisdiction.[5]

Decision

The appeal is DISMISSED for lack of Board jurisdiction.

FOR THE BOARD:        _____
                      Craig A. Berg
                      Administrative Judge

### NOTICE TO APPELLANT

This initial decision will become final on **June 20, 2019**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

BOARD REVIEW

5 In light of this disposition, I need not make a finding as to the timeliness of the appeal.   And, the Board lacks authority to adjudicate the appellant's disability discrimination defense. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 87173 (D.C. Cir. 1982).

15

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

> The Clerk of the Board
> Merit Systems Protection Board
> 1615 M Street, NW.
> Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's eAppeal website (https://eappeal.mspb.gov).

NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

16

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than

17

12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R.

18

§ 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

notice OF APPEAL rights

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

19

within **60 calendar days** of <u>the date this decision becomes final</u>.    5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. _____ , 137 S. Ct. 1975 (2017).  If the action involves a claim of

20

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a courtappointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review

21

with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.    The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FORM 26.  Docketing Statement

Form 26
Rev. 10/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 2019 -2283

LYNETT  S.  WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

## DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent  Lynett S. Wilson

Party is (select one)  ☒ Appellant/Petitioner  ☐ Cross-Appellant

☐ Appellee/Respondent  ☐ Intervenor

Tribunal appealed from and Case No. _____

Date of Judgment/Order  June 20, 2019   Type of Case  Constructive suspension denial of due process.

Relief sought on appeal  Lost pay and Benefits, Compensatory damages, relocation expenses, attorney feed and costs.

Relief awarded below (if damages, specify)  None

Briefly describe the judgment/order appealed from  Final Decision of U.S. Merit Systems Protection Board.

MSPB lack of Jurisdiction.

Nature of judgment (select one)

☒ Final Judgment, 28 USC 1295

☐ Rule 54(b)

☐ Interlocutory Order (specify type) _____

☐ Other (explain; *see* Fed. Cir. R. 28(a)(5)) _____

**FORM 26. Docketing Statement**

Form 26
Rev. 10/16

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued.
If none, please state none.

None

---

Brief statement of the issues to be raised on appeal _____

The Final Decision denied Petitioner due process, was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. The Final Decision was obtained without procedures required by law, rule, and regulation (5 CFR 1201.111) not having been followed; and was unsupported by the evidence and should be overturned pursuant to 5 U.S.C.S. § 7703(c) (2019).

---

Have there been discussions with other parties relating to settlement of this case? ☒ Yes ☐ No  If "yes," when were the last such discussions?

      ☒ Before the case was filed below?

      ☐ During the pendency of the case below?

      ☐ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated? ☐ Yes ☒ No

If they were mediated, by whom? _____

---

Do you believe that this case may be amenable to mediation? ☒ Yes ☐ No

Please explain why you believe the case is or is not amenable to mediation.

The evidence (testimony) of record proves the Agency did not complywith its own reguiltions in this matter and did not   understand its role in this matter and related issues.

---

Provide any other information relevant to the inclusion of this case in the court's mediation program.

This case can be mediated based on the relevant and material evidence not addressed by the MSPB Administrative Law Judge.  This case was not allowed to be properly mediated due to the Agency's standing order not to exceed $5,000.00 in settlement payments without approval from the Agency Secretary's Office.  The Petitioner's lost wages for approximately 10 months exceed the Agency's authority and its New England Resion General Counsel's Office was not willing to exceed the impossed $5,000.00.  However, if placed in the Court's mediation program Petitioner believes it can be fairly mediated by the Court without further expense to the parties, and not uneccessarily use judicial resources.

**FORM 26. Docketing Statement**

Form 26<br>Rev. 10/16

I certify that I filed this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this

2 nd.       day of      September              2019

by:    U.S. Court of Appeals for the Federal Circuit CM/ECF Electronic service.

(manner of service)

Robert F. Stone

           Name of Counsel                                       Signature of Counsel

| | |
|---|---|
| Law Firm | Law Office of Robert F. Stone, Esq. |
| Address | P.O. Box 183 |
| City, State, ZIP | South Deerfield, Massachusetts 01373 |
| Telephone Number | (413) 269-4421 |
| FAX Number | (413) 208-0215 |
| E-mail Address | rfstoneesq@comcast.net |

**FORM 9. Certificate of Interest**

**Form 9**
**Rev. 10/17**

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON _____ **v.** _____ DEPARTMENT OF VETERANS AFFAIRS _____

Case No. 2019-2283 _____

## CERTIFICATE OF INTEREST

Counsel for the:

☒ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

_____

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Lynett S. Wilson | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4.   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

Robert F. Stone, Esq.

**FORM 9. Certificate of Interest**

Form 9
Rev. 10/17

5.   The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b).  (The parties should attach continuation pages as necessary).

NONE

September 02, 2019
_____
Date

Please Note: All questions must be answered

cc: _____
Agency (DVA) Counsel, Joshua R. Carver

_____
Signature of counsel

Robert F. Stone
_____
Printed name of counsel

FORM 10. **Statement Concerning Discrimination**

Form 10
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON                v.                DEPARTMENT OF VETERANS AFFAIRS

No.        2019-2283

## PETITIONER'S FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION
### Please complete sections A, B, and C.

**Section A:**

Check the statements below that apply to your case. Usually, it is one statement, but it may be more. Do not alter or add to any of the statements.

☐ (1) No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case.

☐ (2) Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court.

☒ (3) The petition seeks review only of the Board's or arbitrator's dismissal of the case for lack of jurisdiction or for untimeliness.

☐ (4) The case involves an application to the Office of Personnel Management for benefits.

☐ (5) The case was transferred to this court from a district court and I continue to contest the transfer.

**Section B:**

Answer the following: Have you filed a discrimination case in a United States district court from the Board's or arbitrator's decision? ☐ Yes ☒ No   If yes, identify any case.

**Section C:**

Answer the following: Have you filed a discrimination case in the Equal Employment Opportunity Commission from the Board's or arbitrator's decision? ☐ Yes ☒ No   If yes, identify any case.

Sep 2, 2019
_____
Date

_____
Petitioner's signature

Mail this form with the petition for review or within 14 days of the date of docketing of the petition for review to:

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

cc:    Agency (DVA) Counsel, Joshua R. Carver

Reset Fields

FORM 8.  Entry of Appearance

Form 8
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON        v.        DEPARTMENT OF VETERSNS AFFAIRS

No.        2019-2283

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3. Counsel must immediately file an updated Entry of Appearance if representation changes, including a change in contact information. Electronic filers must also report a change in contact information to the PACER Service Center. Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

☐ Pro Se        ☒ As counsel for:        Lynett S. Wilson

Name of party

I am, or the party I represent is (select one):

☒ Petitioner        ☐ Respondent        ☐ Amicus curiae        ☐ Cross Appellant

☐ Appellant        ☐ Appellee        ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant        ☐ Respondent or appellee

| | |
|---|---|
| Name: | Robert F. Stone |
| Law Firm: | Robert F. Stone, Esq. |
| Address: | Law Office, P.O. Box 183 |
| City, State and Zip: | South Deerfield, Massachusetts 01373 |
| Telephone: | (413) 369-4421 |
| Fax #: | (413) 208-0215 |
| E-mail address: | rfstoneesq@comcast.net |

Statement to be completed by counsel only (select one):

☒ I am the principal attorney for this party in this case and will accept all service for the party.  I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☐ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only):    02/08/2008

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only):  ☐ Yes    ☒ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

Date  September 2, 2019        Signature of pro se or counsel

cc:        Agency (DVA) Counsel, Joshua R. Carver, Esq.

Reset Fields



# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

**PETER R. MARKSTEINER**
**CLERK OF COURT**

**CLERK'S OFFICE**
**202-275-8000**

September 4, 2019

2019-2283 - Wilson v. DVA

# NOTICE OF NON-COMPLIANCE

Your submitted documents (Docketing Statement; Certificate of Interest; 15(c); Entry of Appearance – R. Stone) are not in compliance with the rules of this court. Within <u>five</u> business days from the date of this notice, please submit a corrected version of these documents correcting the following:

- Each document must be filed as a separate docket entry.

- The form is incomplete. All items must provide an answer or include "none" or "N/A" where appropriate. Fed. Cir. R. 15(c)(1) (Form 10); Fed. Cir. R. 24(a) (Form 6); Fed. Cir. R. 24(b) (Form 6A); Fed. Cir. R. 33.1 (Form 26); Fed. Cir. R. 47.3(c)(1)-(2) (Form 8); Fed. Cir. R. 47.4(a)(1)-(5) (Form 9); Fed. Cir. R. 47.7(b)(1) (Form 20). *Clerk's Note: Statements 2 and 3 on the certificate of interest are not answered.*

- The certificate of interest, 15(c) form, and entry of appearance are not accompanied by an adequate proof of service and/or the proof of service indicates improper service. Fed. R. App. P. 25(d) (general); Fed. Cir. R. 25(e) (general); Fed. Cir. 27(j) (motion); Fed. Cir. R. 30(a)(7) (appendix).

\* \* \*

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

<u>A party's failure to timely file a corrected document curing all defects identified on this notice may result in this document being stricken.</u> An appellant or petitioner's failure to cure a defective filing may also result in the dismissal of the appeal.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court
By: M. Ames, Deputy Clerk

**FORM 8.  Entry of Appearance**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Wilson _____ v. _____ Dep't of Veterans Affairs _____

No. 2019-2283

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3.  Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

_____ Pro Se      ☑ As counsel for: _____ Dep't of Veterans Affairs _____
Name of party

I am, or the party I represent is (select one):

☐ Petitioner     ☑ Respondent     ☐ Amicus curiae     ☐ Cross Appellant

☐ Appellant     ☐ Appellee     ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant     ☐ Respondent or appellee

My address and telephone are:

| | |
|---|---|
| Name: | Margaret J. Jantzen |
| Law firm: | United States Department of Justice, Commercial Litigation Branch |
| Address: | PO Box 480, Ben Franklin Station |
| City, State and ZIP: | Washington DC 20044 |
| Telephone: | (202) 353-7994 |
| Fax #: | (202) 307-0972 |
| E-mail address: | Margaret.J.Jantzen@usdoj.gov |

Statement to be completed by counsel only (select one):

☑ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☐ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): _____

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only):

☐ Yes     ☑ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

| | |
|---|---|
| 9/5/19 | /s/Margaret J. Jantzen |
| Date | Signature of pro se or counsel |

cc: _____

Reset Fields

123

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this <u> 5th </u> day of

<u>      September      </u>, <u>   2019   </u>, a copy of the foregoing

<u>                              Entry of Appearance                              </u>

was filed electronically.

[✓] This filing was served electronically to all parties by operation of the Court's

electronic filing system.

<u>                                            </u>

[ ] I caused a copy of this filing to be served via:

[ ] hand delivery

[ ] mail

[ ] third-party commercial carrier for delivery within 3 days

[ ] electronic means, with the written consent of the party being served

To the following address:

<u>         /s/Margaret J. Jantzen         </u>



# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**
1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

19-2283

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of Lynett S. Wilson *v.* Department of Veterans Affairs, MSPB Docket No. PH-0752-17-0329-I-2, and that the administrative record is under my official custody and control on this date

on file in this Board

September 6, 2019
Date

Jennifer Everling
Acting Clerk of the Board

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated
this day to each of the following:

Counsel For Petitioner

U.S. Mail

Robert Fred Stone, Esq.
Law Office
P.O. Box 183
South Deerfield, MA, 01373

Respondent

U.S. Mail

Robert E. Kirschman, Director
Commercial Litigation Branch
Civil Division Classification Unit
U.S. Department of Justice
1100 L Street, N.W., Room 12124
Washington, DC  20530

September 6, 2019
(Date)

Jennifer Everling
Acting Clerk of the Board

INDEX

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

MSPB Docket No.  PH-0752-17-0329-I-1

IA-REFORM ACT MERIT

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | .1 | Appellant - Initial Appeal | June 28, 2017 |
| 2 | 1 | MSPB - Acknowledgment Order | June 29, 2017 |
| 3 | 1 | Agency - Agency Representative Addition | July 07, 2017 |
| 4 | 1 | Agency - Agency's Motion to Stay Discovery and Production of the Agency File | July 07, 2017 |
| 5 | 1 | MSPB - Order | July 11, 2017 |
| 6 | 1 | Appellant - Motion to Expand Time | July 26, 2017 |
| 7 | 1 | MSPB - Time Extension Request Order | July 27, 2017 |
| 8 | 1 | MSPB - Time Extension Request Order | August 02, 2017 |
| 9 | 1 | Appellant - Board Jurisdiction Argument and Evidence | August 10, 2017 |
| 10 | 1 | Agency - Agency's Jurisdictional Brief and Motion to Dismiss Appeal | August 15, 2017 |
| 11 | 1 | MSPB - Order | August 17, 2017 |
| 12 | 1 | MSPB - Preliminary Status Order | September 18, 2017 |
| 13 | 1 | MSPB - Order Suspending Case Processing | October 16, 2017 |
| 14 | 1 | MSPB - Order Scheduling Status Conference | November 21, 2017 |
| 15 | 1 | Agency - Agency Motion to Continue Status Conference | December 08, 2017 |
| 16 | 1 | MSPB - Hearing Order | December 18, 2017 |
| 17 | 1 | MSPB - Order | February 07, 2018 |
| 18 | 1 | Appellant - MSPB MAP Form for Appellant | February 07, 2018 |

Page 1 of 3

| 19 | 1 | Agency - Agency's MAP Agreement | February 13, 2018 |
| 20 | 1 | MSPB - Notice of Termination from Mediation Appeals Program | June 04, 2018 |
| 21 | 1 | MSPB - Hearing Order | June 29, 2018 |
| 22 | 1 | Agency - Agency File | July 16, 2018 |
| 23 | 1 | Agency - Agency's Motion to Continue Hearing | July 18, 2018 |
| 24 | 1 | MSPB - Hearing Order | July 26, 2018 |
| 25 | 1 | MSPB - Initial Decision | July 26, 2018 |
| 26 | 1 | MSPB - Certificate of Service | July 26, 2018 |

INDEX

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

MSPB Docket No.  PH-0752-17-0329-I-2

IA-REFORM ACT MERIT

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | 1 | Appellant - Initial Appeal | September 06, 2018 |
| 2 | 1 | MSPB - Acknowledgment Order | September 06, 2018 |
| 3 | 1 | Agency - Agency's Pre-Hearing Submission | September 18, 2018 |
| 4 | 1 | MSPB - Order and Summary of Telephonic Prehearing Conference | September 21, 2018 |
| 5 | 1 | MSPB - Order Rescheduling | October 03, 2018 |
| 6 | 1 | Agency - Agency's Motion to Reschedule Hearing | October 04, 2018 |
| 7 | 1 | MSPB - Order Rescheduling Hearing | October 18, 2018 |
| 8 | 1 | MSPB - Hearing | November 27, 2018 |
| 9 | 1 | MSPB - Order | December 07, 2018 |
| 10 | 1 | MSPB - Order | February 14, 2019 |
| 11 | 1 | Appellant - Appellant's Closing Argument | March 01, 2019 |
| 12 | 1 | Agency - Agency's Written Summation | March 01, 2019 |
| 13 | 1 | MSPB - Initial Decision | May 16, 2019 |
| 14 | 1 | MSPB - Certificate of Service | May 16, 2019 |

Page 3 of 3

# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD
# NORTHEASTERN REGIONAL OFFICE

| | |
|---|---|
| LYNETT S. WILSON,<br>　　　　　Appellant,<br><br>　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>PH-0752-17-0329-I-1<br><br><br><br>DATE: July 26, 2018 |

Robert Fred Stone, Esquire, South Deerfield, Massachusetts, for the appellant.

Joshua R. Carver, Augusta, Maine, for the agency.

## BEFORE
Craig A. Berg
Administrative Judge

## INITIAL DECISION

On June 28, 2017, the appellant filed an appeal alleging that the agency had constructively suspended her from the position of Radiologic Technologist at the agency's Department of Veterans Affairs, Maine Healthcare System in Augusta, Maine. Initial Appeal File (IAF), Tab 1. I found that she has made a nonfrivolous allegation of Board jurisdiction and is therefore entitled to the hearing she requested. For the reasons discussed below, this appeal is DISMISSED WITHOUT PREJUDICE to refiling, under the terms set forth herein.

## DISMISSAL WITHOUT PREJUDICE

On June 29, 2018, I issued a hearing order in this appeal.  Subsequently, the agency filed a motion to continue the hearing due to the unavailability of a witness.  In the motion, the agency notified me that the appellant also planned to request a postponement.

On this date, I held a conference call with the parties, and after discussing schedules and other issues it became apparent that it will not be possible to hold a hearing for an extended period.  Accordingly, it was agreed that I would reschedule the hearing and stay action on the appeal by dismissal without prejudice, subject to automatic refiling.

Board regulations and precedent state that a dismissal without prejudice to refile is left to the sound discretion of the Administrative Judge and such a dismissal is appropriate where it is in the interests of fairness, due process, and conservation of the resources of the parties.  *See* 5 C.F.R. § 1201.29(b); *Gidwani v. Department of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997).  Further, a dismissal without prejudice is appropriate in order to avoid a lengthy or indefinite continuance.  *See Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001).

I find that dismissal of this appeal without prejudice is appropriate to avoid a lengthy delay while the appeal is on my active docket and to conserve the resources of the parties.  <u>The appeal will be automatically refiled on September 4, 2018</u>.

## DECISION

The appeal is DISMISSED WITHOUT PREJUDICE.


FOR THE BOARD:                    _____

                                 Craig A. Berg
                                 Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **August 30, 2018**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently only one member is in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least one additional member is appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to

warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the

pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for

review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

Electronic Mail          Lynett S. Wilson
                         18628 Williams Street
                         Goodyear, AZ 85338

Appellant Representative

Electronic Mail          Robert Fred Stone, Esq.
                         P.O. Box 183
                         South Deerfield, MA, MA 01373

Agency Representative

Electronic Mail          Joshua R. Carver
                         Department of Veterans Affairs
                         Office of General Counsel (02)
                         1 VA Center
                         Augusta, ME 04330


July 26, 2018                                  _____
(Date)                                         Jennifer A. Nehring
                                               Paralegal Specialist

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## NORTHEASTERN REGIONAL OFFICE

LYNETT S. WILSON,                     DOCKET NUMBER
               Appellant,             PH-0752-17-0329-I-2

        v.

DEPARTMENT OF VETERANS                DATE: May 16, 2019
     AFFAIRS,
               Agency.


Robert Fred Stone, Esquire, South Deerfield, MA, Massachusetts, for the
     appellant.

Joshua R. Carver, Augusta, Maine, for the agency.


### BEFORE
Craig A. Berg
Administrative Judge


## INITIAL DECISION

## INTRODUCTION

On June 28, 2017, the appellant filed a petition for appeal alleging that the agency had constructively suspended her from her position of Radiologic Technologist, GS-10, Togus VA Medical Center, Augusta, Maine, when it failed to accommodate her disability, forcing her to into unpaid status from September 28, 2016 to June 12, 2017.  Initial Appeal File (IAF), Tab 1.  I found that the appellant made a nonfrivolous allegation that she had been constructively suspended for more than 14 days, and a hearing was therefore held on November 27, 2018.  *Id.*, Tab 11; Hearing Transcript (HT).

For the reasons discussed below, this appeal is DISMISSED for lack of Board jurisdiction.

## ANALYSIS AND FINDINGS

Burden of Proof and Applicable Law

The agency did not officially suspend the appellant from duty, in writing, in accordance with applicable law, and argues that it did not take an action that is appealable to the Board. The appellant contends that she was constructively suspended, because the agency's failure to accommodate her known disability caused her to be in unpaid status for an extended period.

The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service,* 67 M.S.P.R. 300, 302 (1995), *aff'd,* 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, employee-initiated actions that appear voluntary on their face are not always so. *Spiegel v. Department of the Army,* 2 M.S.P.R. 140, 141 (1980). The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions, and involuntary leaves of absence may be appealable to the Board under chapter 75 as constructive suspensions if they exceed 14 days. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013).

Although various fact patterns may give rise to an appealable constructive suspension, all constructive suspensions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things by preponderant evidence is sufficient to establish Board jurisdiction.[1] *Bean*, 120 M.S.P.R. 397, ¶ 8; 5 C.F.R. § 1201.56(a)(2)(i).

---

[1] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). The

An agency must provide reasonable accommodation to the known limitations of a qualified individual with a disability unless to do so would create an undue hardship. 42 U.S.C. §§ 12112(a), (b)(5)(A); *Paris v. Department of the Treasury,* 104 M.S.P.R. 331, ¶ 11 (2006); 29 C.F.R. § 1630.9.

Pursuant to the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et. seq* (2008) (ADAAA), the appellant may prove that he has a disability by showing that he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1), 29 C.F.R. § 1630.2(g)(1),(2),(3). The definition of disability is construed in favor of broad coverage. 42 U.S.C. § 12102(4)(A).

A physical or mental impairment is any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, or any mental or psychological disorder. 29 C.F.R. § 1630.2(h). The test for whether a disability substantially limits the ability of an individual to perform a major life activity is applied as compared to most people in the general population. 29 C.F.R. § 1630.2(j). Major life activities include but are not limited to activities such as caring for oneself, performing manual tasks, eating, lifting, bending, concentrating, communicating, and working, including the operation of a major bodily function. 42 U.S.C. § 12102(2).

An impairment that substantially limits one major life activity need not limit others. One that is episodic or in remission is a disability if it would substantially limit a major life activity when active. The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures other than ordinary eyeglasses or contact lenses. 42 U.S.C. § 12102(4).

---

agency does not dispute that the appellant is an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A).

In the second method of proving a disability, an individual "has a record of" a disability if he has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities. This may include individuals who were treated for a disease but no longer have it as well as individuals who were misdiagnosed with a substantially limiting impairment even though they did not actually have that impairment. S. Rep. No. 116, 101st Cong., 2d Sess. 23. The impairment indicated in the record must be an impairment that would substantially limit one or more of the individual's major life activities. *Id*. Whether an individual has such a record is to be broadly construed. If the individual has such a record, the agency need not have relied on that record for the individual to be covered under this test.

With regard to the third method of proving disability, an individual meets the requirement of being "regarded as having such an impairment" if he establishes that he has been subjected to a prohibited action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. However, the "regarded as" test shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of six months or less. 42 U.S.C. § 12102(3).

A qualified individual with a disability is a person with the skills, training and experience to perform the essential functions of a position, with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Paris,* 104 M.S.P.R. 331, ¶ 11; 29 C.F.R. § 1630.2(m). Reasonable accommodation may entail modifications to the individual's current position or reassignment to a vacant position. 42 U.S.C. § 12111(9); *Aka v. Washington Hospital Center,* 156 F.3d 1284, 1301–05 (D.C.Cir.1998) (en banc); 29 C.F.R. § 1630.2(*o*).

Evidence

 The appellant performed the duties of her position in Building 200, Room 146 on the Togus campus.  She testified that she was born with asthma but the symptoms of the condition had abated for over 30 years until July 12, 2016.  HT at 10.  On that day, she began wheezing and was unable to breathe, got hives on her skin, and her mouth was tingling, so she left work and went to the emergency room.  She was given breathing treatment and referred to an allergy specialist. *Id.* at 10-11.

 On September 12, 2016, the specialist returned the appellant to duty, and she was again assigned to work in Building 200, Room 146, the office where her regular assigned duties were located.  HT at 17, 27.  She described the room as an old file room without ventilation, with nearby construction, auto exhaust, and a chemical spill at various times.  *Id.* at 27-28.  She again suffered the breathing-related symptoms, and was out of work until her physician indicated on a September 19, 2016 Duty Status Report, filled out in support of her Office of Workers' Compensation Programs (OWCP) claim for asthma, that she could return to duty on September 26, 2016, but not in Building 200.  *Id.* at 17-18; IAF, Tab 22 (Agency File or AF) at 65.

 The appellant returned to duty on September 26, 2016, and was assigned to work in Building 206.  HT at 18-19.  On September 28, John Gardner, then an Employee Labor Relations (ELR) Specialist in Human Resources (HR), called her to his office and presented her with a letter stating that her OWCP claim had been denied.  *Id.*at 19-20.  According to the appellant, the letter gave her several options, including returning to Building 200 and taking leave.  *Id.* at 20.  The record contains a September 27, 2016 letter from Human Resources Officer Jonathan Meserve, which appears to be the letter to which the appellant was referring.  AF at 36; HT at 53.  The appellant testified that she received this letter on September 28, 2016, and it informed her that, because her OWCP claim was denied, she was to contact her supervisor to coordinate her return to duties in the

Radiology Service.  It offered her the option to return to full duty status, use sick leave, or request reasonable accommodation.  *Id.*

The appellant testified that she returned home after meeting with Gardner, and she then telephoned him to discuss the situation.  HT at 20.  Gardner responded by emailing her documents to request leave under the Family and Medical Leave Act of 1993 (FMLA) and/or reasonable accommodation.  AF at 34.  His email provided some additional information regarding reasonable accommodation, including the fact that execution of the attached VA Form 0857A, Written Confirmation of Request for Accommodation ("RA form") was voluntary, but provides him assistance with the accommodation process.  *Id.* at 33-35.  The appellant filled out the RA form and returned it to Gardner on September 30, 2016, asking that he pass it on to Dusty Cochran, another ELR Specialist who was the local reasonable accommodation coordinator.  HT at 20, 139; AF at 32-33.

The appellant testified that she had no income for the next nine months, as the agency would continual deny her request for an accommodation.  HT at 21-22.  She spoke with Gardner, Cochran, and Meserve, including in-person visits to HR, and they never told her verbally that they had not received the paperwork, only in letters.  HT at 22.  She could not return to Building 200 because of her asthma, which was potentially life threatening.  *Id.* at 38-39.

The appellant testified that her physician submitted CA-17 forms to the agency during that period, though other than the September 19, 2016 form, the appellant did not file any of those Duty Status forms as exhibits in this appeal.  HT at 44-45.  She further testified that her provider responded to a list of questions from Rick Butler, of HR, and sent the answers to Butler.  *Id.* at 45.  Again, the record is bereft of the questions or responses.  The appellant stated that she believed all communications with HR regarding her health condition pertained to her accommodation request, as well as the OWCP claim.  *Id.* at 46-47.

Returning to the chronology of the period the appellant was off duty, she agreed that, on October 21, 2016, Meserve sent her a letter telling her she was being marked AWOL, and he asked for medical documentation in support of her accommodation request, to be received within 15 days. HT at 49-50; AF at 25. On November 2, 2016, she confirmed to Gardner that she had received the letter that day, and on November 8 she emailed Gardner and asked what documentation the agency required regarding the reasonable accommodation request. HT at 55-56; AF at 24-25. In the email, the appellant stated that she believed her specialist had submitted the documentation that she could not return to building 200 in September, and the documentation was used to place her in building 206 on September 26. HT at 56; AF at 24-25. The following day, November 9, Gardner responded, explaining that she had not submitted a reasonable accommodation request based on air quality, but rather an OWCP claim that had been denied. He contended that she was placed in building 206 in order to find her meaningful work while the OWCP claim was being processed. HT at 57-58; AF at 64.

Later on the same date, November 9, the appellant emailed Gardner and stated that, according to her doctor's office, medical documentation had been faxed to HR on October 20, 2016. HT at 59-60; AF at 64. On November 10, 2016, Cochran emailed the appellant and asked her to have her doctor fill out a Request for Medical Documentation form that he attached, and he requested she return it as soon as possible. HT at 63; AF at 24, 27. The appellant admitted that she was unsure if her provider ever returned that form. HT at 65.

Meserve, the HR Officer at the time, testified that the Workers Compensation group reported to the network office, and were not part of Togus VA. HT at 80-81. Rick Butler did not have an office in HR at Togus. Meserve stated that he was aware in the fall 2016 that the appellant's OWCP claim had been denied, and he explained that she was never approved for a reasonable accommodation for asthma/air quality while the OWCP claim was pending; rather, the agency found meaningful work for her while the claim was pending, as

required under Workers Compensation law. *Id.* at 82-83. After the claim was denied, Meserve sent the appellant the September 27, 2016 "options letter," which offered her, among other things, a chance to request an accommodation. *Id.*; AF at 36. In response, the appellant filled out the form requesting an accommodation. *Id.* at 84; AF at 33.

Meserve testified that, in a case like this, where the disability was not obvious, the information on this form was insufficient to grant the accommodation, as medical documentation was required. HT at 84. On the form, the appellant indicated she was going to send medical information, but he sent the appellant the October 21 letter when no documentation had been received. *Id.* at 84-85; AF at 31. The letter informed the appellant that she was being marked AWOL because, to his memory, she had no FMLA entitlement remaining and no leave. *Id.* at 85.

Meserve never saw the September 19, 2016 Duty Status Report in the record until these proceedings. HT at 86; AF at 65. He explained that it is a DoL form, and is protected from release to the agency by the Privacy Act. HT at 86. He testified that when the agency receives an accommodation request, in any medical documentation submitted they are looking for symptoms of the condition to determine whether the employee is a qualified individual with a disability, frequency/duration of the condition, major life function that is limited, and finally, how the accommodation would help the person perform his/her job. HT at 87-88 (Meserve), 145 (Cochran). The Duty Status form states that the appellant needed to be removed from Building 200, but not much more. *Id.* at 87-88. So, even with this form, the agency would have sent the same letter seeking more information. *Id.* at 88.

Gardner, the former ELR Specialist, and Cochran, the current ELR Specialist, also testified that they never saw the Duty Status form at the time. HT at 126, 146. All three of the agency witnesses testified that they never received

any medical documentation from the appellant in response to their requests.  *Id.* at 88-89 (Meserve); 126 (Gardner); 142, 150 (Cochran).

<u>Findings</u>

After careful consideration of the record evidence, for the reasons explained below, I find that the appellant has failed to show, by preponderant evidence, that the agency constructively suspended her during the period at issue. Although she has shown that she had no meaningful choice except to take leave and stay out of the workplace when informed, on September 28, 2016, that her relocation to Building 206 would not continue because her OWCP claim had been denied, she has not shown that the agency's wrongful actions deprived her of that choice.

As noted above, the appellant is alleging that she was constructively suspended when the agency failed to accommodate her known disability-asthma-when it removed her from a previously-granted alternate work location and required her to either return to a her previous "toxic" office or be charged with absence without leave (AWOL), on or about September 28, 2016.  IAF, Tab 9; IAF-2, Tab 11.  She asserts that the suspension lasted until she began employment at the Phoenix VA Medical Center, on June 12, 2017.

It is well settled, and the agency does not appear to dispute, that a request for accommodation of a disability may be made verbally.  *See, e.g., White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, 414 n.6 (2013) (citing Equal Employment Opportunity Commission (EEOC) Notice No. 915.002, *Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act* (2002) (hereafter referred to as "EEOC Enforcement Guidance") (General Principles section and Q & A item 3)).  Here, based on the testimonies of the appellant and Gardner, and the September 28, 2016 email Gardner sent the appellant, I find that the appellant requested an accommodation of her asthma condition on September 28, 2016.  Moreover,

based on the appellant's testimony regarding the severity of her condition and the Duty Status Report she submitted, I find that she has shown that she had a substantial impairment in a major life activity in 2016, and she therefore established that she suffered from a disability.

It is undisputed that Gardner sent the appellant the Written Confirmation of Request for Accommodation form on September 28, 2016, and she returned it to him after filling it out on September 30, 2016 to pass on to Cochran.  On the form, the appellant requested the following accommodations:

> Provide High efficiency air filters (HEPA)
> Provide air purification
> Provide different work environment with HVAC ventilation system
> Different workspace with windows
> Alternative work arrangement (telework)
> Alternative work arrangement while construction is taking place
> Alternative means of communication telephone, email, IM, Fax or memos.
> Flexible leave policy.

AF at 33.  The appellant explained the reason for her request, and stated that medical documentation was to follow.  *Id.*

Once the appellant had made her request for accommodation of her condition, the agency was required to engage in an interactive process to determine an appropriate accommodation. *Paris,* 104 M.S.P.R. 331, ¶ 17; 29 C.F.R. § 1630.2(*o*)(3); EEOC Enforcement Guidance at 6.  The appellant, however, was also required to cooperate in the interactive process. "Both parties ... have an obligation to assist in the search for an appropriate accommodation, and both have an obligation to act in good faith in doing so." *Collins,* 100 M.S.P.R. 332, ¶ 11 (citing *Taylor v. Phoenixville School District,* 184 F.3d 296, 312 (3rd Cir.1999)).

I find that the agency was within its rights to request additional information from the appellant before making a decision on her accommodation request,

especially considering the number of accommodation options she suggested.  To the extent the appellant is arguing that the agency was required to accommodate her by allowing her to work in Building 206, the Board has stated that an employee is not entitled to the accommodation of her choice.  *See, e.g., Miller v. Department of Army*, 121 M.S.P.R. 189, ¶ 21 (2014).  A request for a specific accommodation does not necessarily mean that the employer is required to accede to the request. The request is the first step in an informal, interactive process between the individual and the employer. *Id.* ¶ 15.  If more than one accommodation will enable an individual to perform the essential functions of her position, the preference of the individual with the disability should be given primary consideration, but the employer providing the accommodation has the ultimate discretion to choose between effective accommodations. Appendix to 29 C.F.R. Part 1630, § 1630.9.  Thus, here, the agency was within its discretion to seek more information in order to determine which of the accommodations the appellant requested might be most effective.

Even assuming the HR/ELR employees who considered the appellant's accommodation request should have known about and considered the September 19, 2016 Duty Status Report as medical evidence in making a decision, I agree with the agency that the Report provided insufficient information.[2]  In this regard,

---

[2] The appellant cites case law for the proposition that the Duty Status Report can "constitute compelling prima facie evidence that the employee in question has a disability as defined by the Rehabilitation Act."  IAF-2 at 11 (citing *Velva B. v Brennan*, 2017 WL 4466898, at *13).  I agree with her argument on this point, but, the above holding does not state that an agency may not request additional medical documentation once a Duty Status Report has been received.  As explained herein, the Duty Status Report at issue in the instant case contained insufficient information to allow the agency to assess the appellant's accommodation request.  Therefore even if the HR/ELR employees involved in considering the request had seen and taken the Report into consideration, I would find that the agency was entitled to continue the interactive process to determine a proper accommodation.

12

other than identifying the appellant's condition and certain restrictions, the Report stated only that the appellant "needs to be removed from building 200." I find that, even with this document, it would have been reasonable for the agency to request further medical documentation, if nothing else in order to determine whether some of the other accommodations the appellant requested might have allowed her to work in Building 200, where she would normally have performed the essential functions of her position.[3]

Despite a number of communications from the agency to the appellant reiterating the need for medical documentation in support of the accommodation request, the appellant admitted, HT at 60-62, 65-66, 68, and I find, that the record contains no evidence that additional documentation was provided. All of the agency witnesses testified that they received no documentation from the appellant in response to their messages/letters, and while the appellant asserted variously that she or her provider submitted further medical documentation, she failed to file copies of such documentation in this appeal, nor did she submit any evidence from her medical provider(s) that the documentation had ever been sent. Further weighing against a finding that appellant's doctor sent more documentation after appellant submitted the Written Confirmation of Request for Accommodation on September 30, 2016 is her November 8, 2016 email asserting that the specialist had sent the information requested stating that she was unable to return to

---

[3] If, as the appellant argues, the September 19 Duty Status Report is considered to be a request for a reasonable accommodation, instead of just an update that pertained to the appellant's OWCP claim or medical evidence that should have been used to assess her later accommodation request, I would still find it reasonable for the agency to have requested additional information to process the request. The physician who filled out the Report did not release the appellant to return to duty at a work location other than Building 200 until September 26, 2016, and the agency began to engage in the interactive process within days of that date. Accordingly, I would still find that the agency was within its rights to ask for information that would allow it to determine the most effective way to accommodate the appellant that would allow her to perform the essential functions of her position; thus, my holding that wrongful actions by the agency did not cause the appellant's absence from duty would remain unchanged.

13

Building 200 "back in September." AF at 24. The email continues, declaring that the information to which the appellant is referring was used to place her in Building 206 on September 26. I find that it is highly likely the appellant was referring to the September 19 Duty Status Report in this email, rather than other medical documentation she claims was later submitted that might have been responsive to the agency's requirements.

For the reasons stated above, I find that the agency engaged in the required interactive process in good faith in order to assess the appellant's medical condition and determine an appropriate accommodation, but the appellant has not shown she was sufficiently responsive to the agency's requests for medical information.[4] *See Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 18 (2010). As such, I find that the appellant has not shown that it was the agency's wrongful actions that prevented her from continuing to work. *Id.*; *see also Taylor,* 184 F.3d at 317 ("an employer cannot be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs"); *Beck v. University of Wisconsin, Board of Regents,* 75 F.3d 1130, 1137 (7th Cir.1996) ("where, as here, the employer makes multiple attempts to acquire the needed information, it is the employee who appears not to have made reasonable efforts"); *Conaway v. U.S. Postal Service,* 93 M.S.P.R. 6, ¶ 37 (2002) (the agency was not liable for failure to provide a reasonable accommodation where it participated in good faith in the interactive process and

---

[4] I did not find credible the appellant's testimony that she went in-person and spoke with the HR/ELR employees about her accommodation request and they never mentioned that the medical evidence she had provided was insufficient. There is no reference in any of the written communications to any in-person meetings, and the appellant has provided no other corroboration for her testimony on this point. Moreover, I found the agency witnesses to be credible, as their testimony was consistent, both internally with each other's testimony, and with the documentary evidence, and none of them testified that the appellant met with them in-person after she was out of the workplace in late September 2016. In fact, appellant's counsel made no attempt to elicit testimony on this issue.

the appellant did not respond to the agency's repeated requests for clear and objective medical evidence), *review dismissed,* 55 Fed.Appx. 565 (Fed. Cir. 2003).

In conclusion, the appellant has not proven that she was constructively suspended during the period at issue, and as a result, her appeal must be dismissed for lack of Board jurisdiction.[5]

## DECISION

The appeal is DISMISSED for lack of Board jurisdiction.

FOR THE BOARD:

_____

Craig A. Berg
Administrative Judge

### NOTICE TO APPELLANT

This initial decision will become final on **June 20, 2019**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The

_____

[5] In light of this disposition, I need not make a finding as to the timeliness of the appeal. And, the Board lacks authority to adjudicate the appellant's disability discrimination defense. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross

petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

### Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the

documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record.  A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first.  If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt.  You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5

C.F.R. Part 1201, Appendix 4) to support your claim.  The date of filing by mail is determined by the postmark date.  The date of filing by fax or by electronic filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R. § 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

Electronic Mail          Lynett S. Wilson
                         18628 Williams Street
                         Goodyear, AZ 85338

Appellant Representative

Electronic Mail          Robert Fred Stone, Esq.
                         P.O. Box 183
                         South Deerfield, MA, MA 01373

Agency Representative

Electronic Mail          Joshua R. Carver
                         Department of Veterans Affairs
                         Office of General Counsel (02)
                         1 VA Center
                         Augusta, ME 04330

_____          _____
May 16, 2019                                    Kaitlin M. Reilly
(Date)                                          Paralegal Specialist

FORM 26. Docketing Statement

Form 26
Rev. 10/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 2019 -2283

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

## DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent  Lynett S. Wilson

Party is (select one)

☒ Appellant/Petitioner      ☐ Cross-Appellant

☐ Appellee/Respondent      ☐ Intervenor

Tribunal appealed from and Case No.

Date of Judgment/Order  June 20, 2019      Type of Case  Constructive suspension denial of due process.

Relief sought on appeal  Lost pay and Benefits, Compensatory damages, relocation expenses, attorney feed and costs.

Relief awarded below (if damages, specify)  None

Briefly describe the judgment/order appealed from  Final Decision of U.S. Merit Systems Protection Board.

MSPB lack of Jurisdiction.

Nature of judgment (select one)

☒ Final Judgment, 28 USC 1295

☐ Rule 54(b)

☐ Interlocutory Order (specify type)

☐ Other (explain; *see* Fed. Cir. R. 28(a)(5))

**FORM 26. Docketing Statement**

Form 26
Rev. 10/16

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued.
If none, please state none.

None

Brief statement of the issues to be raised on appeal

The Final Decision denied Petitioner due process, was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. The Final Decision was obtained without procedures required by law, rule, and regulation (5 CFR 1201.111) not having been followed; and was unsupported by the evidence and should be overturned pursuant to 5 U.S.C.S. § 7703(c) (2019).

Have there been discussions with other parties relating to settlement of this case? ☒ Yes ☐ No  If "yes," when were the last such discussions?

☒ Before the case was filed below?

☐ During the pendency of the case below?

☐ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated? ☐ Yes ☒ No

If they were mediated, by whom?

Do you believe that this case may be amenable to mediation? ☒ Yes ☐ No

Please explain why you believe the case is or is not amenable to mediation.

The evidence (testimony) of record proves the Agency did not comply with its own regualtions in this matter and did not   understand its role in this matter and related issues.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

This case can be mediated based on the relevant and material evidence not addressed by the MSPB Administrative Law Judge.  This case was not allowed to be properly mediated due to the Agency's standing order not to exceed $5,000.00 in settlement payments without approval from the Agency Secretary's Office.  The Petitioner's lost wages for approximately 10 months exceed the Agency's authority and its New England Resion General Counsel's Office was not willing to exceed the impossed $5,000.00.  However, if placed in the Court's mediation program Petitioner believes it can be fairly mediated by the Court without further expense to the parties, and not uneccessarily use judicial resources.

**FORM 26. Docketing Statement**

Form 26
Rev. 10/16

I certify that I filed this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this

2 nd.       **day of** September                                     2019

**by:**    U.S. Court of Appeals for the Federal Circuit CM/ECF Electronic service.

(manner of service)

Robert F. Stone

Name of Counsel                                      Signature of Counsel

**Law Firm**        Law Office of Robert F. Stone, Esq.

**Address**         P.O. Box 183

**City, State, ZIP**    South Deerfield,  Massachusetts  01373

**Telephone Number**    (413) 269-4421

**FAX Number**      (413) 208-0215

**E-mail Address**     rfstoneesq@comcast.net

## CERTIFICATE OF SERVICE

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 26 – Docketing Statement) was served electronically to the parties by operation

of the Court's electronic filing system indicated this 10th day of September 2019 to each of the

following:

Clerk's office

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
Madison Place, N.W.
Washington, DC 20439

Respondent

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014

Petitioner

Lynett S. Wilson
18628 Williams Street
Goodyear, AZ 85338

Date: September 10, 2019                              Signed: _____
                                                                Robert F. Stone
                                                                Respondent's Attorney

FORM 8. **Entry of Appearance**

Form 8
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON _____ v. _____ DEPARTMENT OF VETERSNS AFFAIRS

No. _____ 2019-2283 _____

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3. Counsel must immediately file an updated Entry of Appearance if representation changes, including a change in contact information. Electronic filers must also report a change in contact information to the PACER Service Center. Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

☐ Pro Se        ☒ As counsel for:    Lynett S. Wilson

Name of party

I am, or the party I represent is (select one):

☒ Petitioner        ☐ Respondent        ☐ Amicus curiae        ☐ Cross Appellant

☐ Appellant        ☐ Appellee        ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant        ☐ Respondent or appellee

| | |
|---|---|
| Name: | Robert F. Stone |
| Law Firm: | Robert F. Stone, Esq. |
| Address: | Law Office, P.O. Box 183 |
| City, State and Zip: | South Deerfield, Massachusetts 01373 |
| Telephone: | (413) 369-4421 |
| Fax #: | (413) 208-0215 |
| E-mail address: | rfstoneesq@comcast.net |

Statement to be completed by counsel only (select one):

☒ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☐ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): 02/08/2008

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only): ☐ Yes    ☒ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

Date September 2, 2019 _____ Signature of pro se or counsel _____

cc: Agency (DVA) Counsel, Joshua R. Carver, Esq.

Reset Fields

## **CERTIFICATE OF SERVICE**

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 8 – Entry of Appearance) was served electronically to the parties by operation

of the Court's electronic filing system indicated this 10th day of September 2019 to each of the

following:

> Clerk's office
>
> UNITED STATES COURT OF APPEALS
> FOR THE FEDERAL CIRCUIT
> Madison Place, N.W.
> Washington, DC 20439
>
> Respondent
>
> Margaret Jantzen
> Department of Justice
> Commercial Litigation Branch, Civil Division
> P.O. Box 480
> Ben Franklin Station
> Washington, DC 20014
>
> Petitioner
>
> Lynett S. Wilson
> 18628 Williams Street
> Goodyear, AZ 85338

Date: September 10, 2019                    Signed: _Robert F. Stone_

                                                 Robert F. Stone
                                                 Respondent's Attorney

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON                    DEPARTMENT OF VETERANS AFFAIRS
                          **v.**

Case No. 2019-2283

### CERTIFICATE OF INTEREST

Counsel for the:
☒ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Lynett S. Wilson | None | None |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:
Robert F. Stone, Esq.

**FORM 9. Certificate of Interest**

Form 9
Rev. 10/17

5.   The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b).  (The parties should attach continuation pages as necessary).

NONE

| | |
|---|---|
| September 02, 2019 | |
| **Date** | **Signature of counsel** |
| | Robert F. Stone |
| Please Note: All questions must be answered | **Printed name of counsel** |

cc:   Respondent, USDOJ, Margaret J. Jantzen

## <u>CERTIFICATE OF SERVICE</u>

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 9 – Certificate of Interest) was served electronically to the parties by operation

of the Court's electronic filing system indicated this 10th day of September 2019 to each of the

following:

<u>Clerk's office</u>

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
Madison Place, N.W.
Washington, DC 20439

<u>Respondent</u>

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014

<u>Petitioner</u>

Lynett S. Wilson
18628 Williams Street
Goodyear, AZ 85338

Date: <u>September 10, 2019</u>                    Signed:

Robert F. Stone
Respondent's Attorney

FORM 10.  **Statement Concerning Discrimination**

Form 10
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT  S. WILSON    v.    DEPARTMENT OF VETERANS AFFAIRS

No.    2019-2283

## PETITIONER'S FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION
### Please complete sections A, B, and C.

**Section A:**

Check the statements below that apply to your case.  Usually, it is one statement, but it may be more. Do not alter or add to any of the statements.

☐ (1) No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case.

☐ (2) Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court.

☒ (3) The petition seeks review only of the Board's or arbitrator's dismissal of the case for lack of jurisdiction or for untimeliness.

☐ (4) The case involves an application to the Office of Personnel Management for benefits.

☐ (5) The case was transferred to this court from a district court and I continue to contest the transfer.

**Section B:**

Answer the following: Have you filed a discrimination case in a United States district court from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

**Section C:**

Answer the following: Have you filed a discrimination case in the Equal Employment Opportunity Commission from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

Sep 2, 2019

Date

Petitioner's signature

Mail this form with the petition for review or within 14 days of the date of docketing of the petition for review to:

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

cc:    Agency (DVA) Counsel, Joshua R. Carver

Reset Fields

# CERTIFICATE OF SERVICE

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 10 – Statement Concerning Discrimination) was served electronically to the

parties by operation of the Court's electronic filing system indicated this 10th day of September

2019 to each of the following:

Clerk's office

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
Madison Place, N.W.
Washington, DC 20439

Respondent

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014

Petitioner

Lynett S. Wilson
18628 Williams Street
Goodyear, AZ 85338

Date: September 10, 2019                         Signed: _____

                                                         Robert F. Stone
                                                         Respondent's Attorney

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 2019-2283

Wilson

v.

Dep't of Veterans Affairs

## DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent    Dep't of Veterans Affairs

Party is (select one)    ☐ Appellant/Petitioner    ☐ Cross-Appellant

☒ Appellee/Respondent    ☐ Intervenor

Tribunal appealed from and Case No.    MSPB PH-0752-17-0329-I-2

Date of Judgment/Order    May 16, 2019    Type of Case    MSPB appeal from adverse employment action

Relief sought on appeal    Affirm the decision of the MSPB

Relief awarded below (if damages, specify)    None

Briefly describe the judgment/order appealed from    Final judgment of MSPB

Nature of judgment (select one)

☒ Final Judgment, 28 USC 1295

☐ Rule 54(b)

☐ Interlocutory Order (specify type)

☐ Other (explain; *see* Fed. Cir. R. 28(a)(5))

**FORM 26.  Docketing Statement**

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued.
If none, please state none.

None

Brief statement of the issues to be raised on appeal    Whether the Court has jurisdiction to entertain this

"mixed" appeal which raises discrimination claims

Have there been discussions with other parties relating to settlement of this case? ☐ Yes ☒ No  If "yes," when were the last such discussions?

☐ Before the case was filed below?

☐ During the pendency of the case below?

☐ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated? ☐ Yes ☐ No

If they were mediated, by whom?

Do you believe that this case may be amenable to mediation?    ☐ Yes    ☒ No

Please explain why you believe the case is or is not amenable to mediation.
The Court's jurisdiction is not subject to compromise or agreement between the parties.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

None

I certify that I filed this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this

7th     day of     October     , 2019

by:     operation of the Court's electronic filing system

(manner of service)

Margaret J. Jantzen                    /s Margaret J. Jantzen

Name of Counsel                         Signature of Counsel

Law Firm          U.S. Dep't of Justice

Address           1100 L St NW

City, State, ZIP   Washington, D.C. 20530

Telephone Number   202-353-7994

FAX Number        202-307-0972

E-mail Address     margaret.j.jantzen@usdoj.gov

Reset Fields

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**LYNETT S. WILSON**

**Petitioner,**

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

**Respondent.**

**DOCKET NO. 2019-2283**

## UNOPPOSED MOTION EXTENSION OF TIME TO FILE BRIEF FOR PETITIONER

1.      NOW COMES the Plaintiff, Lynett S. Wilson, by and through her undersigned attorney and requests a 60 day expansion of time up to and including December 31, 2019 to submit her brief in this case.  On October 7, 2019 Defendant and Plaintiff's counsel conferred concerning this motion and it is unopposed by the Defendant and its approval will permit the parties to file their motions, oppositions, and briefs.

2.      On October 7, 2029 Defendant notified Plaintiff it planned to file a motion to remove this case to a U. S. District and agreed to an expansion of time to accommodate service and responses to motions and briefs.  However, the Defendant has not yet filed its proposed motion or brief, therefore, the Plaintiff requests a 60 day extension to file her Appellant Brief which was put on hold pending Defendant's proposed motion.

3.      As further grounds expansion of time the undersigned attorney states he is unable to meet the current deadline for filing of the brief in this case due to necessary and unavoidable medical issues that should be resolved within 60 days.  Approval of this unopposed Motion for Expansion of Time will permit the parties to complete required briefs, motions, and responses.

Date: <u>November 1, 2019</u>                    Respectfully submitted for Plaintiff
                                                By her attorney,

Robert F. Stone, Esq.
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone (413) 369-4421
rfstoneesq@comcast.net

# United States Court of Appeals
## for the Federal Circuit

-------------------------------------------------------------)

LYNETT S. WILSON,
             Petitioner,

             v.                                         No. 19-2283

DEPARTMENT OF VETERANS AFFAIRS,
             Respondent.

-------------------------------------------------------------)

### DECLARATION OF ROBERT F. STONE IN SUPPORT OF
### PETITIONER'S UNOPPOSED MOTION FOR
### EXTENSION OF TIME

I, Robert F. Stone, Counsel for Petitioner, Lynette S. Wilson, hereby declare as follows:

1.   I am counsel for Petitioner, Lynette S. Wilson, in the above matter, and I am primarily responsible for preparing petitioner's brief.

2.   The preparation of the petitioner's brief has been delayed because of discussions with Respondent's counsel regarding a motion to remove that they plan to file.   As of yet, that motion has not been filed.

3.   Any motion may impact the content of the brief and so additional time is needed to review any motion that Respondent may yet file before finalizing and filing the brief.

4.   Additionally, unavoidable medical issues have also delayed finalizing the brief.

5.   This is the first request for an extension of time on this brief. Respondent's counsel has been contacted and will not oppose this request.

1

6.    Petitioner's request for sixty additional days to file her brief is brought in good faith and not merely for purposes of delay.

I further declare, under penalty of perjury, that all statements made herein of my own knowledge are true and that all statements made herein on information and belief are believed to be true.

/s/ Robert F. Stone
ROBERT F. STONE

Dated: November 1, 2019

I HAVE READ AND STATE THE ATTACHED
STATEMENT IS TRUE AND COMPLETE TO THE
BEST OF MY KNOWLEDGE.

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON                         DEPARTMENT OF VETERANS AFFAIRS
                                    v.

Case No. 2019-2283

## CERTIFICATE OF INTEREST

Counsel for the:
☒ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Lynett S. Wilson | None | None |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4.   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:
Robert F. Stone, Esq.

**FORM 9. Certificate of Interest**

Form 9<br>Rev. 10/17

5.   The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b).  (The parties should attach continuation pages as necessary).

NONE

September 02, 2019
_____
Date

Signature of counsel

Robert F. Stone
_____
Printed name of counsel

Please Note: All questions must be answered

cc:   Respondent, USDOJ, Margaret J. Jantzen

## CERTIFICATE OF SERVICE

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔦𝔯𝔠𝔲𝔦𝔱
-------------------------------------------------------------)
LYNETT S. WILSON,
       Petitioner,
     v.                              No. 19-2283
DEPARTMENT OF VETERANS AFFAIRS,
       Respondent.
-------------------------------------------------------------)

## <u>CERTIFICATE OF SERVICE</u>

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that

Counsel Press was retained by ROBERT F. STONE, attorney for Petitioner to print this document.  I am an employee of Counsel Press.

On **November 1, 2019**, counsel authorized me to electronically file the foregoing **Motion** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing on all counsel registered as CM/ECF users. All principal counsel for the parties are registered users.


November 1, 2019               /s/ Robyn Cocho
                             Robyn Cocho
                             Counsel Press

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)

     X    The motion contains <u>215</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(d)(2) and Fed. Cir. R. 27(d).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

     X    The motion has been prepared in a proportionally spaced typeface using <u>MS Word 2013</u> in a <u>14</u> point <u>Times New Roman</u> font or

    _____   The motion has been prepared in a monospaced typeface using _____in a ____ characters per inch_____ font.

<u>November 1, 2019</u>                    (s) <u>/s/ Robert F. Stone</u>
Date                                      Robert F. Stone
                                          Counsel for Petitioner

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| LYNETT S. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 19-2283 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO DISMISS OR TRANSFER FOR LACK OF JURISDICTION

Pursuant to 5 U.S.C. §§ 7702 and 7703, respondent, the United States, respectfully requests that the Court dismiss this case or transfer it to the appropriate United States District Court. This Court lacks jurisdiction to consider the claims raised in Petitioner Lynett S. Wilson's petition for review of proceedings before the Merit Systems Protection Board ("MSPB" or "board"). Petitioner's appeal contains allegations of discrimination, and such "mixed claims" must be resolved by a district court, not the Federal Circuit. 5 U.S.C. § 7703(b)(2); *Daniels v. United States Postal Serv.*, 726 F.2d 723, 724 (Fed. Cir. 1984).

## NATURE OF THE CASE

Ms. Wilson seeks review of an MSPB decision in which the board held that it had no jurisdiction to consider petitioner's appeal alleging that the Department of Veteran's Affairs (VA or agency) constructively suspended her by failing to accommodate her disability. In reaching its decision, the board held that Ms.

Wilson had not shown, by a preponderance of evidence, that the lack of accommodation could be attributed to any wrongful actions of the agency. This Court lacks jurisdiction to hear the appeal because it presents a mixed claim involving discrimination.

BACKGROUND

Ms. Wilson worked as a Radiologic Technologist, GS-10, at Togus VA Medical Center, in Augusta, Maine. ECF 5, Board Decision at 17. On July 12, 2016, while at work, Ms. Wilson experienced breathing-related symptoms and got hives. *Id.* at 21. She went to the emergency room, was treated, and then referred to an allergy specialist. *Id.* When she returned to work on September 12, 2016, she experienced similar symptoms. *Id.* On September 28, 2016, Ms. Wilson requested an accommodation of her asthma condition. *Id.* at 25.

Despite a number of communications from the agency requesting further information supporting her request, including medical documentation, Ms. Wilson never furnished additional information. *Id.* at 28. As a result, Ms. Wilson's request could not be accommodated, and she was unable to work and on unpaid status from September 28, 2016 to June 12, 2017. *Id.* at 17.

The board concluded that Ms. Wilson had not been officially or constructively suspended from duty during the time that she was unable to work. *Id.* at 25. Rather, the board found that VA "was within its rights to request

2

additional information from the appellant before making a decision on her accommodation request, especially considering the number of accommodation options she suggested." *Id.* at 26-27. Further, the board held that the agency "engaged in the required interactive process in good faith in order to assess the appellant's medical condition and determine an appropriate accommodation," but Ms. Wilson was not "sufficiently responsive to the agency's requests for medical information." Board Decision, at 29. Because she was not suspended – either officially or constructively – the board was without jurisdiction to review Ms. Wilson's claim, and it dismissed the case. Board Decision, at 30. Ms. Wilson appeals to this Court.

ARGUMENT

I.     Legal Standards

A Federal employee may contest an agency's adverse employment actions, such as suspension of more than 14 days, before the Merit Systems Protection Board. 5 U.S.C. §§ 7701, 7512(2); 5 C.F.R. Part 1201. Although the board has jurisdiction over cases arising from involuntary leaves of absence, such as suspensions, it lacks jurisdiction over the voluntary actions of employees. *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996); 5 C.F.R. § 752.401(b)(9); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶7-8 (2013). In between voluntary and involuntary actions, however, are

3

constructive adverse actions. *See Garcia v. Dep't of Homeland Security,* 437 F.3d 1322, 1324 (Fed. Cir. 2006). These arise when an agency's conduct leaves an employee no alternative but to impose the adverse action on herself. *Id.* (For example, the coerced resignation of any employee is a constructive adverse action). The board has jurisdiction over a constructive adverse action, but the petitioner must prove by a preponderance of the evidence that the action was involuntary. *Id.* at 1325 citing *Cruz v. Dep't of the Navy,* 934 F.2d 1240, 1251-53 (Fed. Cir. 1991) (en banc); 5 C.F.R. § 1201.56. When the voluntariness of a petitioner's resignation is raised, and the petitioner makes a non-frivolous allegation of involuntariness, as in this case, an evidentiary hearing is required to determine whether the resignation or retirement was in fact involuntary. *See Shoaf v. Dep't of Agriculture,* 260 F.3d 1336, 1341 fn2 (Fed. Cir. 2001) (citing *Braun v. Dep't of Beternas Affairs,* 50 F.3d 1005, 1008 (Fed. Cir. 1995)).

The board's final decision may be reviewed by the Federal courts. *Id.* Typically, final board decisions are reviewed by the Court. 5 U.S.C. §§ 7701, 7703; s*ee also* 5 C.F.R. § 1201.205; *Kloeckner v. Solis,* 568 U.S. 41, 44 (2012); *Perry v. M.S.P.B.,* 137 S. Ct. 1975, 1980 (2017). But when an employee alleges that the personnel action was motivated by discrimination, this Court is without jurisdiction to review on appeal. *See Perry,* 137 S. Ct. at 1982; 5 U.S.C. § 7703(b)(1)(A), b(2); 5 C.F.R. § 1201.205. These "mixed cases" may be

4

judicially reviewed only by a Federal district court.  *See* 5 U.S.C. § 7702(a)(1);

*Kloeckner,* 568 U.S. at 56; *and see Diggs v. Dep't of Hous. and Urban Dev.,* 670

F.3d 1353, 1357 (Fed. Cir. 2011) (claims of retaliation are also subject to review in

district court and not in the Federal Circuit).  There is a comprehensive statutory

framework for the processing of mixed case appeals, which has been supplemented

and elaborated by regulation.  *Butler v. West,* 164 F.3d 634, 637 (1999) (D.C. Cir.

1999).

II.    This Court Does Not Possess Jurisdiction Over Ms. Wilson's Petition For
       Review

       This Court lacks jurisdiction to review Ms. Wilson's petition for review of

her mixed case and should dismiss her claims, or transfer this appeal to the

appropriate district court.

       Although Ms. Wilson represents that her petition seeks review of only the

board's dismissal of the case for lack of jurisdiction, the Court cannot decide the

jurisdictional issue without considering her discrimination claims, a task that it

does not have jurisdiction to undertake.  ECF No. 9, Pet. Statement Concerning

Discrimination.  Ms. Wilson claims that she was constructively suspended because

the agency failed to accommodate her disability.  Board Decision, at 18.  This

required her to demonstrate, by a preponderance of the evidence, that the agency's

wrongful actions deprived Ms. Wilson of a meaningful choice to return to work.

*Garcia,* 437 F.3d at 1325.  The board held that Ms. Wilson was not constructively

5

suspended but, rather, acted voluntarily in failing to report to work because she failed to submit the requisite medical documentation to her employer demonstrating that she qualified for a disability accommodation.  Board Decision, at 24.  In other words, the board held that there was no failure to accommodate on the part of the agency.

Therefore, when Ms. Wilson challenges the board's jurisdictional finding, she is challenging the board's determination that there was no failure by the agency to accommodate her disability.  In order for this Court to review that decision, it would need to review Ms. Wilson's discrimination claim – namely, whether it was the agency's wrongful actions that deprived Ms. Wilson of a meaningful choice to return to work.  This makes Ms. Wilson's appeal a mixed case, which is beyond the jurisdiction of the Court.  *See Perry,* 137 S. Ct. at 1977 (any appeal that attributes the agency action, in whole or in part, to discrimination brings a "mixed case") (citing *Kloeckner,* 568 U.S. at 46).

Exclusive jurisdiction to review such actions lies in district court, not with the Federal Circuit.  *Id*.  Both the United States Supreme Court and this Court have considered cases when resolution of the question of jurisdiction would also resolve the case on the merits.  *See, e.g., Perry*, 137 S. Ct. at 1987 ("In essence, the MSPB ruled that it lacked jurisdiction because Perry's claims fail on the merits"); *Shoaf*, 260 F.3d at 1341 (Fed. Cir. 2001) (merits determinations on involuntariness and

jurisdiction determinations are "inextricably intertwined"). In cases where the merits question is one of discrimination, the Federal Circuit does not have jurisdiction to hear an appeal. *See Perry*, 137 S. Ct. at 1979 ("when a federal employee complains of a serious adverse employment action […] and attributes the action […] to bias based on race, gender, age or disability in violation of federal anti-discrimination laws. We refer to complaints of that order, descriptively, as 'mixed cases.'") As in *Perry,* Ms. Wilson's appeal arises from an adverse employment action – her alleged constructive suspension – that she attributes to her disability, all in violation of the Americans with Disabilities Act. This removes Ms. Wilson's case from the jurisdiction of this Court and puts it properly in district court. *See* 5 U.S.C. § 7703(b)(2).

Pursuant to 28 U.S.C. § 1631, this Court may, if it is in the "interest of justice," transfer an action or appeal to another court in which the action or appeal could have been brought. Here, Ms. Wilson could have brought this appeal in the United States District Court for the District of Maine – the site of her employment giving rise to this action.

<u>CONCLUSION</u>

For these reasons, we respectfully request that this Court dismiss Ms. Wilson's appeal or transfer it to the appropriate district court.

Respectfully submitted,

7

JOSEPH A. HUNT
Assistant Attorney General


ROBERT E. KIRSCHMAN, JR.
Director


/s Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director


/s Margaret J. Jantzen
MARGARET J. JANTZEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 307-0972

November 4, 2019                    *Attorneys for Respondent*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, counsel for Defendant-Appellee certifies that this Brief complies with the Court's type-volume limitation rules.  This Brief was printed in Times New Roman font at 14 points.  According to the word-count calculated by Microsoft Word, this brief contains 1,492 words, which is within the 14,000 word limit.

/s Margaret J. Jantzen
MARGARET J. JANTZEN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 4th day of November, 2019, a copy of the foregoing Brief for Respondent-Appellee, was filed electronically.  This filing was served electronically to all parties by operation of the Court's electronic filing system.


<u>/s/Margaret J. Jantzen</u>

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-2283

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

---

**ON MOTION**

---

**O R D E R**

---

Upon consideration of Lynett S. Wilson's unopposed motion to extend the time to file her initial brief,

IT IS ORDERED THAT:

The motion is granted to the extent that the briefing schedule is stayed per Fed. Cir. R. 31(c) pending disposition

2                                          WILSON v. DVA

of the Department of Veterans Affairs' motion to dismiss or
transfer the case.

                              FOR THE COURT

November 07, 2019            /s/ Peter R. Marksteiner
       Date                  Peter R. Marksteiner
                             Clerk of Court

    s29

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| **LYNETT S. WILSON** | |
| **Plaintiff,** | |
| **v.** | **DOCKET NO.  2019-2283** |
| **ROBERT WILKIE, SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | |
| **Defendant.** | |

## PETITIONER'S OBJECTION TO
## RESPONDENT'S MOTION TO DISMISS OR TRANSFER

NOW COMES the Petitioner, Lynett S. Wilson, by and through her undersigned attorney and objects to Respondent's Motion to Dismiss or Transfer her Petition for Review (PFR) for Lack of Jurisdiction as the this Court does have jurisdiction because the Petitioner is not seeking a decision on the merits of a mixed case and "a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed"[1] as in the instant case. Therefore, Petitioner's Petition for Review (PFR) is properly before this Court as it is a PFR of the Board's Final Decision (FD) to dismiss her appeal based on the Civil Service issues noted in the Statement of Discrimination (Form 10)[2] filed with this Court on September 10, 2019.

---

[1] Thus, a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

[2] The petition seeks review of only of the Board's or Arbitrator's dismissal of the case for lack. of jurisdiction or untimeliness.  Case Summary Docket No. 9

## NATURE OF PETITION FOR REVIEW

As allowed by 5 U.S.C. § 7703[3] Petitioner's instant PFR challenges the Board's Final Decision (FD) to dismiss her appeal for lack of jurisdiction. The Petitioner challenges the Board's dismissal because it was issued without the Board addressing relevant non-discriminatory Civil Service issues raised by Plaintiff in her appeal, and "a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed."[4]  Plaintiff's is challenging the Board's dismissal of her appeal as it was issued due to improper application of law, is unsupported by the evidence, and was arbitrary and capricious.[5] Additionally, Petitioner incorrectly cited the holding of *Daniels v. United States Postal Service,* 726 F.2d 723, 724 (Fed. Cir. 1984) as its main support for its motion to transfer or dismiss as explained herein.

### *Daniels v. United States Postal Service,* 726 F.2d 723, 724 (Fed. Cir. 1984).

Respondent incorrectly claims *Daniels* states "'mixed claims' must be resolved by a

---

[3] Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.  5 U.S.C.S. § 7703 (a)(1) (2019).

[4] Thus, a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

Thus, a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent.

[5] **(c)** In any case filed in the Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
**(1)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
**(2)** obtained without procedures required by law, rule, or regulation having been followed; or
**(3)** unsupported by substantial evidence; 5 U.S.C.S. § 7703(c) (LexisNexis, Lexis Advance through Public Law 116-68, approved November 8, 2019).

district court."[6]   That is not what *Daniels* held, it held this Court will retain jurisdiction if an express written statement is made by counsel that the issue of racial discrimination has not been and will not be pursued and "If no such statement is made then the case may be transferred to a U.S. District Court pursuant to 28 U.S.C. § 1631."  The Petitioner's Statement of Discrimination (From 10) did waive her discrimination claim to the extent required for this Court to exercise jurisdiction and transfer or dismissal is inappropriate.

Furthermore, District Courts hold that "when a complaint presents a mixed case, and the MSPB dismisses it, the employee must resort to the Federal Circuit for review of any civil-service issue, but reserves claims under federal antidiscrimination law for adjudication in district court."[7]   The Petitioner's PFR raised only Civil Service issues as confirmed in her September 10, 2019 Statement of Discrimination requesting this Court to address the Civil Services issues concerning the dismissal of her appeal.

<u>CONCLUSION</u>

Petitioner is not seeking a decision on the merits of a mixed case, she is seeking review of the Board's decision to dismiss and "a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed."[8]   Therefore, for the reasons herein the Petitioner respectfully requests the Respondent's Motion to Dismiss or Transfer be denied.

---

[6] *Respondent's Motion to Dismiss or Transfer, Supra* at footnote 2, Docket Number13.

[7] *Perry v. MSPB*, 137 S. Ct. 1975, 1979, 198 L. Ed. 2d 527 (2017)."  *Fuerst* v. *Wilson*, No. 3:18-cv-316, 2019 U.S. Dist. LEXIS 163894, at *15 (S.D. Ohio Sep. 25, 2019).held that

[8] *Supra,* at footnote 4.

3

Date: <u>November 19, 2019</u>                    Respectfully submitted for Plaintiff
                                                 By her attorney,

                                                 */s/Robert F. Stone*
                                                 Robert F. Stone, Esq.
                                                 Law Office
                                                 P.O. Box 183
                                                 South Deerfield, MA 01373
                                                 Phone (413) 369-4421
                                                 rfstoneesq@comcast.net


**CERTIFICATE OF SERVICE**

I, Robert F. Stone, Esq., hereby certify that on November 1, 2019 I caused the foregoing to

be served on the Clerk of the U.S. Court of Appeals for the Federal Circuit electronically via

its CM/CFM system, and Petitioner's Representative via E-mail follows:

    Clerk of the Court
    U.S. Court of Appeals for
    the Federal Circuit
    717 Madison Place, N.W.
    Washington, DC 20239

    Margaret J. Jantzen
    Trial Attorney
    U.S. Department of Justice
    Civil Division, Commercial Litigation Branch
    National Courts Section
    P.O. Box 480
    Ben Franklin Station
    Washington, DC 20044
    mjantzen@CIV.USDOJ.GOV>


Date: <u>November 19, 2019</u>                 Signed: */s/Robert F. Stone*
                                                        Robert F. Stone

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-2283

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

---

**ON MOTION**

---

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

**O R D E R**

The Department of Veterans Affairs (DVA) moves to dismiss or transfer this case to federal district court. Lynett S. Wilson opposes.

Ms. Wilson filed an appeal at the Merit Systems Protection Board alleging, among other things, that the DVA discriminated against her when she was construc-

tively suspended from work due to the DVA's failure to accommodate her disability.  After the Board dismissed her appeal for lack of jurisdiction, Ms. Wilson petitioned this court for review.

Although this court reviews certain decisions of the Board, *see* 5 U.S.C. § 7703(b)(1)(A), this court's jurisdiction does not extend to cases in which the petitioner pursues a disability discrimination claim, *see* 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1985 (2017).  While Ms. Wilson claims that she only seeks review of the Board's dismissal for lack of jurisdiction, as the DVA notes, disposition of the jurisdictional question in this case would require the court to consider the merits of her discrimination claim, which is beyond our jurisdiction.   Instead, review of such cases must be sought in federal district court.  *See Perry*, 137 S. Ct. at 1985.  This court may transfer cases to another court in which they could have been brought.  Here, that court would be the United States District Court for the District of Maine.

Accordingly,

IT IS ORDERED THAT:

(1)  The stay of the briefing schedule is lifted.

(2) The motion is granted to the extent that the petition and all filings are transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1631.

FOR THE COURT

January 17, 2020                    /s/ Peter R. Marksteiner
         Date                         Peter R. Marksteiner
                                         Clerk of Court

s29

ISSUED AS A MANDATE: January 17, 2020



**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
717 MADISON PLACE, N.W.
WASHINGTON, D.C.  20439

PETER R. MARKSTEINER
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

January 17, 2020

Clerk of Court
United States District Court for the District of Maine
156 Federal Street
Portland, ME 04101

Re:   **Merit Systems Protection Board, PH-0752-17-0329-I-2**
      **Wilson v. DVA, 2019-2283**

Dear Clerk:

On January 17, 2020, the United States Court of Appeals for the Federal Circuit issued an order transferring this case to your court. Attached is a copy of the order, public docket sheet, and publicly available documents.

　　Please contact the Clerk's Office at the number above if you need further information regarding this case.

Very truly yours,

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

By: M. Ames, Deputy Clerk

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

————————————

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

————————————

2019-2283

————————————

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

————————————

**ON MOTION**

————————————

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

The Department of Veterans Affairs (DVA) moves to dismiss or transfer this case to federal district court. Lynett S. Wilson opposes.

Ms. Wilson filed an appeal at the Merit Systems Protection Board alleging, among other things, that the DVA discriminated against her when she was construc-

2                                           WILSON v. DVA

tively suspended from work due to the DVA's failure to accommodate her disability.  After the Board dismissed her appeal for lack of jurisdiction, Ms. Wilson petitioned this court for review.

Although this court reviews certain decisions of the Board, *see* 5 U.S.C. § 7703(b)(1)(A), this court's jurisdiction does not extend to cases in which the petitioner pursues a disability discrimination claim, *see* 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1985 (2017).  While Ms. Wilson claims that she only seeks review of the Board's dismissal for lack of jurisdiction, as the DVA notes, disposition of the jurisdictional question in this case would require the court to consider the merits of her discrimination claim, which is beyond our jurisdiction.  Instead, review of such cases must be sought in federal district court.  *See Perry*, 137 S. Ct. at 1985.  This court may transfer cases to another court in which they could have been brought.  Here, that court would be the United States District Court for the District of Maine.

Accordingly,

IT IS ORDERED THAT:

(1)  The stay of the briefing schedule is lifted.

(2)  The motion is granted to the extent that the petition and all filings are transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1631.

FOR THE COURT

January 17, 2020                    /s/ Peter R. Marksteiner
        Date                           Peter R. Marksteiner
                                        Clerk of Court

s29

ISSUED AS A MANDATE: January 17, 2020

**General Docket**
**United States Court of Appeals for the Federal Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 19–2283 | **Docketed:** 08/19/2019 |

Wilson v. DVA
**Appeal From:** Merit Systems Protection Board
**Fee Status:** fee paid

**Case Type Information:**
   **1)** Agency
   **2)** Board
   **3)** –

**Originating Court Information:**
   **District:** MSPB–1 : PH–0752–17–0329–I–2
   **Date Rec'd COA:**
   08/19/2019

**Prior Cases:**
   None

**Current Cases:**
   None

LYNETT S. WILSON
       Petitioner

v.

DEPARTMENT OF VETERANS AFFAIRS
       Respondent

Robert Fred Stone, Esq., Attorney General
Direct: 413–369–4421
Email: rfstoneesq@comcast.net
[LD NTC Retained]
Law Office of Robert F. Stone
PO Box 401
Conway, MA 01341

Margaret Jantzen
Direct: (202) 353–7994
Email: margaret.j.jantzen@usdoj.gov
[LD NTC Government]
Department of Justice
Commercial Litigation Branch, Civil Division
PO Box 480
Ben Franklin Station
Washington, DC 20044

LYNETT S. WILSON,

      Petitioner

v.

DEPARTMENT OF VETERANS AFFAIRS,

      Respondent

| 08/19/2019 | 1 | Appeal docketed. Received: 08/19/2019. [629160] 15(c) due on 09/03/2019. Entry of Appearance due 09/03/2019. Certificate of Interest is due on 09/03/2019. Docketing Statement due 09/18/2019. Certified List due on 09/30/2019. [MMA] [Entered: 08/19/2019 10:11 AM] |
|---|---|---|
| 09/03/2019 | 2 | Docketing Statement for the Petitioner Lynett S. Wilson. Service: 09/03/2019 by email. [632823] [19–2283] This document is non–compliant. See Doc. No. [3] [Robert Stone] [Entered: 09/03/2019 03:45 PM] |
| 09/04/2019 | 3 | NOTICE OF NON–COMPLIANCE: The submission of Petitioner Lynett S. Wilson, Docketing Statement [2], is not in compliance with the rules of this court (see attached). Compliant documents due on 09/11/2019. Service as of this date by the Clerk of Court. [632959] [MMA] [Entered: 09/04/2019 09:58 AM] |
| 09/05/2019 | 4 | Entry of appearance for Margaret J. Jantzen as principal counsel for Respondent DVA. Service: 09/05/2019 by email. [633447] [19–2283] [Margaret Jantzen] [Entered: 09/05/2019 02:31 PM] |
| 09/09/2019 | 5 | Certified list received. Service: 09/06/2019 by US mail. Refer to Fed. Cir. R. 31 for calculating brief deadlines from service of the certified list. [633930] [MMA] [Entered: 09/09/2019 09:57 AM] |
| 09/10/2019 | 6 | Docketing Statement for the Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634495] [19–2283] [Robert Stone] [Entered: 09/10/2019 06:50 PM] |
| 09/10/2019 | 7 | Corrected Entry of appearance for Robert Fred Stone, aty as principal counsel for Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634496] [19–2283] [Robert Stone] [Entered: 09/10/2019 06:56 PM] |
| 09/10/2019 | 8 | Corrected Certificate of Interest for Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634497] [19–2283] [Robert Stone] [Entered: 09/10/2019 06:59 PM] |
| 09/10/2019 | 9 | Statement Concerning Discrimination pursuant to Fed. Cir. R. 15(c) for Petitioner Lynett S. Wilson. Service: 09/10/2019 by email. [634498] [19–2283] [Robert Stone] [Entered: 09/10/2019 07:06 PM] |
| 09/27/2019 | 10 | Notice to counsel for Respondent DVA: The record of this case indicates that the Docketing Statement has not been filed.. Service as of this date by the Clerk of Court. [638891] [MMA] [Entered: 09/27/2019 04:37 PM] |
| 10/07/2019 | 11 | Docketing Statement for the Respondent DVA. Service: 10/07/2019 by email. [640566] [19–2283] [Margaret Jantzen] [Entered: 10/07/2019 10:48 AM] |
| 11/01/2019 | 12 | MOTION of Petitioner Lynett S. Wilson to extend the time to 12/31/2019 to file the Brief for Petitioner. [Consent: unopposed]. Service: 11/01/2019 by email. [646545] [19–2283] [Robert Stone] [Entered: 11/01/2019 06:24 PM] |
| 11/04/2019 | 13 | MOTION of Respondent DVA to dismiss or transfer [Consent: not addressed]. Service: 11/04/2019 by email. [646749] [19–2283]––[Edited 11/04/2019 by CAB to add correct relief] [Margaret Jantzen] [Entered: 11/04/2019 03:17 PM] |
| 11/07/2019 | 14 | ORDER granting motion to extend time to file brief [12] filed by Petitioner Lynett S. Wilson to the extent that the briefing schedule is stayed per Fed. Cir. R. 31(c) pending disposition of the Department of Veterans Affairs' motion to dismiss or transfer the case. Service as of this date by the Clerk of Court. [647830] [LMS] [Entered: 11/07/2019 03:02 PM] |
| 11/19/2019 | 15 | RESPONSE of Petitioner Lynett S. Wilson to the motion to terminate appeal [13] filed by Respondent DVA in 19–2283. Service: 11/19/2019 by email. [650663]––[Edited 11/20/2019 by MMA – Reason: to correct party filer] [Robert Stone] [Entered: 11/19/2019 04:40 PM] |

| 01/17/2020 | 16 | ORDER filed lifting the stay of the briefing schedule. The motion [13] is granted to the extent that the petition and all filings are transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1631. ISSUED AS A MANDATE: January 17, 2020. Service as of this date by the Clerk of Court. [664084] [LMS] [Entered: 01/17/2020 10:29 AM] |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF DOCKETING

### 19-2283 - Wilson v. DVA

**Date of docketing:** August 19, 2019

**Petition for review of:** Merit Systems Protection Board case no. PH-0752-17-0329-I-2

**Petitioner:** Lynett S. Wilson

**Critical dates include:**

- Date of docketing. See Fed. Cir. R. 12 and 15.
- Filing fee due. (*Due within 14 days of the date of docketing*.) See Fed. R. App. P. 15(e) and Fed. Cir. R. 52.
- Certified list. See Fed. Cir. R. 17.
- Statement concerning discrimination. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 15(c).
- Entry of appearance. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 47.3.
- Certificate of interest. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 47.4.
- Docketing Statement. (*Due within 30 days of the date of docketing*.) [Only in cases where all parties are represented by counsel. See Fed. Cir. R. 33.1 and the mediation guidelines available at www.cafc.uscourts.gov.]
- Requests for extensions of time. See Fed. Cir. R. 26 and 27. **N.B. Delayed requests are not favored by the court**.
- Briefs. See Fed. Cir. R. 31. [A pro se party must not file his or her informal brief until after the certified list has been filed and served.] **N.B. You will not receive a separate briefing schedule from the Clerk's Office**.
- **ORAL ARGUMENT SCHEDULE CONFLICTS:** See Practice Note following Fed. Cir. R. 34.

The official caption is reflected on the electronic docket under the listing of the parties and counsel. The Rules of Practice and required forms are available at www.cafc.uscourts.gov.

Peter R. Marksteiner
Clerk of Court

cc: Clerk, Merit Systems Protection Board
Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice
Robert Fred Stone

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
### Washington, DC

| | |
|---|---|
| **LYNETT S. WILSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | **PETITION FOR REVIEW** |
| ) | |
| ) | |
| **UNITED STATES MERIT SYSTEMS** ) | |
| **PROTECTION BOARD,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, **Lynett S. Wilson**, hereby submits this Petition for Review/Notice of Appeal for Order or Decision of an AGENCY ORDER by and thought her undersigned attorney as required containing the information required by this Court's Form 5.

Petitioner, Lynett S. Wilson, hereby petitions/appeals the Court for the review of the **Final Order of the Merit Systems Protection (MSPB),** Docket Number: **PH-0752-0329-I-1** entered on June 26, 2019.

The Attached Proposed MSPB Order was received via its e-appeal system on May 16, 2019. The MSPB Order became final on June 20, 2019 and as stated in its Notice of Appeal Rights to Petitioner this Petition/Appeal is submitted within 60 days after the MSPB Notice became its final order pursuant to 5 U.S.C. § 7703 (2019).

Date: <u>August 19, 2015</u>

Robert F. Stone, Esq.
Petitioner's Attorney
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone: (413) 369-4421
FAX: (413) 208-0215

# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD
# NORTHEASTERN REGIONAL OFFICE

LYNETT S. WILSON,

        Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
PH-0752-17-0329-I-2

DATE: May 16, 2019

 

Robert Fred Stone, Esquire, South Deerfield, MA, Massachusetts, for the
  appellant.

Joshua R. Carver, Augusta, Maine, for the agency.

## BEFORE
Craig A. Berg
Administrative Judge

## INITIAL DECISION

introduction

    On June 28, 2017, the appellant filed a petition for appeal alleging that the
agency had constructively suspended her from her position of Radiologic
Technologist, GS-10, Togus VA Medical Center, Augusta, Maine, when it failed to
accommodate her disability, forcing her to into unpaid status from September 28,
2016 to June 12, 2017. Initial Appeal File (IAF), Tab 1. I found that the
appellant made a nonfrivolous allegation that she had been constructively
suspended for more than 14 days, and a hearing was therefore held on November
27, 2018. *Id.*, Tab 11; Hearing Transcript (HT).

    For the reasons discussed below, this appeal is DISMISSED for lack of
Board jurisdiction.

Analysis and findings

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT


Lynett Wilson, Petitioner,

v.             **PETITION FOR REVIEW**

Final Order of Merit Systems Protection Board.


    Petitioner Lynett Wilson hereby petitions the Court for review of the of the Merit Systems Board Decision (MSPB) decision denying her appeal against the, Robert Wilkie, Secretary, U.S. Department of Veterans Affairs, Initial Decision of May 15, 2019 that became final on June 20, 2019.  This Petition is filed as the MSPB did not address all relevant issues, allowed the VA to deny Petitioner due process, violated its own regulations, and did not properly apply the governing rules, regulations, and law. The Initial Decision was received on May 15, 2019 and became final on June 20, 2019.

    This Petition for Review is submitted to the Court this date of August 20, 2019 prior to the filing deadline of August 20, 2019 in the attached MSPB Final Decision Notice of Appeal Right pursuant to 5 U.S.C. § 7703(b)(1)(B) (2019).


Date:  August 15, 2019


Robert F. Stone, Esq.
Petitioner's Attorney
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone: (413) 369-4421
FAX: (413) 369-4244

2

Burden of Proof and Applicable Law

The agency did not officially suspend the appellant from duty, in writing, in accordance with applicable law, and argues that it did not take an action that is appealable to the Board.  The appellant contends that she was constructively suspended, because the agency's failure to accommodate her known disability caused her to be in unpaid status for an extended period.

The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service,* 67 M.S.P.R. 300, 302 (1995), *aff'd,* 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, employee-initiated actions that appear voluntary on their face are not always so.  *Spiegel v. Department of the Army,* 2 M.S.P.R. 140, 141 (1980).  The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions, and involuntary leaves of absence may be appealable to the Board under chapter 75 as constructive suspensions if they exceed 14 days.  *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013).

Although various fact patterns may give rise to an appealable constructive suspension, all constructive suspensions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice.  Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things by preponderant evidence is sufficient to establish Board jurisdiction.[1]  *Bean*, 120 M.S.P.R. 397, ¶ 8; 5 C.F.R. § 1201.56(a)(2)(i).

An agency must provide reasonable accommodation to the known limitations of a qualified individual with a disability unless to do so would create

---

[1] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).  The agency does not dispute that the appellant is an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A).

3

an undue hardship. 42 U.S.C. §§ 12112(a), (b)(5)(A); *Paris v. Department of the Treasury,* 104 M.S.P.R. 331, ¶ 11 (2006); 29 C.F.R. § 1630.9.

Pursuant to the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et. seq* (2008) (ADAAA), the appellant may prove that he has a disability by showing that he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment.    42 U.S.C. § 12102(1), 29 C.F.R. § 1630.2(g)(1),(2),(3). The definition of disability is construed in favor of broad coverage.  42 U.S.C. § 12102(4)(A).

A physical or mental impairment is any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, or any mental or psychological disorder.  29 C.F.R. § 1630.2(h).  The test for whether a disability substantially limits the ability of an individual to perform a major life activity is applied as compared to most people in the general population.  29 C.F.R. § 1630.2(j).  Major life activities include but are not limited to activities such as caring for oneself, performing manual tasks, eating, lifting, bending, concentrating, communicating, and working, including the operation of a major bodily function. 42 U.S.C. § 12102(2).

An impairment that substantially limits one major life activity need not limit others.  One that is episodic or in remission is a disability if it would substantially limit a major life activity when active.  The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures other than ordinary eyeglasses or contact lenses. 42 U.S.C. § 12102(4).

In the second method of proving a disability, an individual "has a record of" a disability if he has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.  This may include individuals who were treated for a disease but no longer have it as well as individuals who were misdiagnosed with a substantially

4

limiting impairment even though they did not actually have that impairment. S. Rep. No. 116, 101st Cong., 2d Sess. 23. The impairment indicated in the record must be an impairment that would substantially limit one or more of the individual's major life activities. *Id*. Whether an individual has such a record is to be broadly construed. If the individual has such a record, the agency need not have relied on that record for the individual to be covered under this test.

With regard to the third method of proving disability, an individual meets the requirement of being "regarded as having such an impairment" if he establishes that he has been subjected to a prohibited action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. However, the "regarded as" test shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of six months or less. 42 U.S.C. § 12102(3).

A qualified individual with a disability is a person with the skills, training and experience to perform the essential functions of a position, with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Paris,* 104 M.S.P.R. 331, ¶ 11; 29 C.F.R. § 1630.2(m). Reasonable accommodation may entail modifications to the individual's current position or reassignment to a vacant position. 42 U.S.C. § 12111(9); *Aka v. Washington Hospital Center,* 156 F.3d 1284, 1301–05 (D.C.Cir.1998) (en banc); 29 C.F.R. § 1630.2(*o*).

Evidence

The appellant performed the duties of her position in Building 200, Room 146 on the Togus campus. She testified that she was born with asthma but the symptoms of the condition had abated for over 30 years until July 12, 2016. HT at 10. On that day, she began wheezing and was unable to breathe, got hives on her skin, and her mouth was tingling, so she left work and went to the emergency

5

room. She was given breathing treatment and referred to an allergy specialist. *Id.* at 10-11.

On September 12, 2016, the specialist returned the appellant to duty, and she was again assigned to work in Building 200, Room 146, the office where her regular assigned duties were located. HT at 17, 27. She described the room as an old file room without ventilation, with nearby construction, auto exhaust, and a chemical spill at various times. *Id.* at 27-28. She again suffered the breathing-related symptoms, and was out of work until her physician indicated on a September 19, 2016 Duty Status Report, filled out in support of her Office of Workers' Compensation Programs (OWCP) claim for asthma, that she could return to duty on September 26, 2016, but not in Building 200. *Id.* at 17-18; IAF, Tab 22 (Agency File or AF) at 65.

The appellant returned to duty on September 26, 2016, and was assigned to work in Building 206. HT at 18-19. On September 28, John Gardner, then an Employee Labor Relations (ELR) Specialist in Human Resources (HR), called her to his office and presented her with a letter stating that her OWCP claim had been denied. *Id.* at 19-20. According to the appellant, the letter gave her several options, including returning to Building 200 and taking leave. *Id.* at 20. The record contains a September 27, 2016 letter from Human Resources Officer Jonathan Meserve, which appears to be the letter to which the appellant was referring. AF at 36; HT at 53. The appellant testified that she received this letter on September 28, 2016, and it informed her that, because her OWCP claim was denied, she was to contact her supervisor to coordinate her return to duties in the Radiology Service. It offered her the option to return to full duty status, use sick leave, or request reasonable accommodation. *Id.*

The appellant testified that she returned home after meeting with Gardner, and she then telephoned him to discuss the situation. HT at 20. Gardner responded by emailing her documents to request leave under the Family and Medical Leave Act of 1993 (FMLA) and/or reasonable accommodation. AF at 34.

6

His email provided some additional information regarding reasonable accommodation, including the fact that execution of the attached VA Form 0857A, Written Confirmation of Request for Accommodation ("RA form") was voluntary, but provides him assistance with the accommodation process. *Id.* at 33-35. The appellant filled out the RA form and returned it to Gardner on September 30, 2016, asking that he pass it on to Dusty Cochran, another ELR Specialist who was the local reasonable accommodation coordinator. HT at 20, 139; AF at 32-33.

The appellant testified that she had no income for the next nine months, as the agency would continual deny her request for an accommodation. HT at 21-22. She spoke with Gardner, Cochran, and Meserve, including in-person visits to HR, and they never told her verbally that they had not received the paperwork, only in letters. HT at 22. She could not return to Building 200 because of her asthma, which was potentially life threatening. *Id.* at 38-39.

The appellant testified that her physician submitted CA-17 forms to the agency during that period, though other than the September 19, 2016 form, the appellant did not file any of those Duty Status forms as exhibits in this appeal. HT at 44-45. She further testified that her provider responded to a list of questions from Rick Butler, of HR, and sent the answers to Butler. *Id.* at 45. Again, the record is bereft of the questions or responses. The appellant stated that she believed all communications with HR regarding her health condition pertained to her accommodation request, as well as the OWCP claim. *Id.* at 46-47.

Returning to the chronology of the period the appellant was off duty, she agreed that, on October 21, 2016, Meserve sent her a letter telling her she was being marked AWOL, and he asked for medical documentation in support of her accommodation request, to be received within 15 days. HT at 49-50; AF at 25. On November 2, 2016, she confirmed to Gardner that she had received the letter that day, and on November 8 she emailed Gardner and asked what documentation

7

the agency required regarding the reasonable accommodation request. HT at 55-56; AF at 24-25.  In the email, the appellant stated that she believed her specialist had submitted the documentation that she could not return to building 200 in September, and the documentation was used to place her in building 206 on September 26.  HT at 56; AF at 24-25.  The following day, November 9, Gardner responded, explaining that she had not submitted a reasonable accommodation request based on air quality, but rather an OWCP claim that had been denied.  He contended that she was placed in building 206 in order to find her meaningful work while the OWCP claim was being processed.  HT at 57-58; AF at 64.

Later on the same date, November 9, the appellant emailed Gardner and stated that, according to her doctor's office, medical documentation had been faxed to HR on October 20, 2016.  HT at 59-60; AF at 64.  On November 10, 2016, Cochran emailed the appellant and asked her to have her doctor fill out a Request for Medical Documentation form that he attached, and he requested she return it as soon as possible.  HT at 63; AF at 24, 27.  The appellant admitted that she was unsure if her provider ever returned that form.  HT at 65.

Meserve, the HR Officer at the time, testified that the Workers Compensation group reported to the network office, and were not part of Togus VA.  HT at 80-81.  Rick Butler did not have an office in HR at Togus.  Meserve stated that he was aware in the fall 2016 that the appellant's OWCP claim had been denied, and he explained that she was never approved for a reasonable accommodation for asthma/air quality while the OWCP claim was pending; rather, the agency found meaningful work for her while the claim was pending, as required under Workers Compensation law.  *Id.* at 82-83.  After the claim was denied, Meserve sent the appellant the September 27, 2016 "options letter," which offered her, among other things, a chance to request an accommodation.  *Id.*; AF at 36.  In response, the appellant filled out the form requesting an accommodation.  *Id.* at 84; AF at 33.

8

Meserve testified that, in a case like this, where the disability was not obvious, the information on this form was insufficient to grant the accommodation, as medical documentation was required. HT at 84. On the form, the appellant indicated she was going to send medical information, but he sent the appellant the October 21 letter when no documentation had been received. *Id.* at 84-85; AF at 31. The letter informed the appellant that she was being marked AWOL because, to his memory, she had no FMLA entitlement remaining and no leave. *Id.* at 85.

Meserve never saw the September 19, 2016 Duty Status Report in the record until these proceedings. HT at 86; AF at 65. He explained that it is a DoL form, and is protected from release to the agency by the Privacy Act. HT at 86. He testified that when the agency receives an accommodation request, in any medical documentation submitted they are looking for symptoms of the condition to determine whether the employee is a qualified individual with a disability, frequency/duration of the condition, major life function that is limited, and finally, how the accommodation would help the person perform his/her job. HT at 87-88 (Meserve), 145 (Cochran). The Duty Status form states that the appellant needed to be removed from Building 200, but not much more. *Id.* at 87-88. So, even with this form, the agency would have sent the same letter seeking more information. *Id.* at 88.

Gardner, the former ELR Specialist, and Cochran, the current ELR Specialist, also testified that they never saw the Duty Status form at the time. HT at 126, 146. All three of the agency witnesses testified that they never received any medical documentation from the appellant in response to their requests. *Id.* at 88-89 (Meserve); 126 (Gardner); 142, 150 (Cochran).

Findings

After careful consideration of the record evidence, for the reasons explained below, I find that the appellant has failed to show, by preponderant

9

evidence, that the agency constructively suspended her during the period at issue. Although she has shown that she had no meaningful choice except to take leave and stay out of the workplace when informed, on September 28, 2016, that her relocation to Building 206 would not continue because her OWCP claim had been denied, she has not shown that the agency's wrongful actions deprived her of that choice.

As noted above, the appellant is alleging that she was constructively suspended when the agency failed to accommodate her known disability-asthma-when it removed her from a previously-granted alternate work location and required her to either return to a her previous "toxic" office or be charged with absence without leave (AWOL), on or about September 28, 2016.  IAF, Tab 9; IAF-2, Tab 11.  She asserts that the suspension lasted until she began employment at the Phoenix VA Medical Center, on June 12, 2017.

It is well settled, and the agency does not appear to dispute, that a request for accommodation of a disability may be made verbally.  *See, e.g., White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, 414 n.6 (2013) (citing Equal Employment Opportunity Commission (EEOC) Notice No. 915.002, *Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act* (2002) (hereafter referred to as "EEOC Enforcement Guidance") (General Principles section and Q & A item 3)).  Here, based on the testimonies of the appellant and Gardner, and the September 28, 2016 email Gardner sent the appellant, I find that the appellant requested an accommodation of her asthma condition on September 28, 2016.  Moreover, based on the appellant's testimony regarding the severity of her condition and the Duty Status Report she submitted, I find that she has shown that she had a substantial impairment in a major life activity in 2016, and she therefore established that she suffered from a disability.

It is undisputed that Gardner sent the appellant the Written Confirmation of Request for Accommodation form on September 28, 2016, and she returned it to

10

him after filling it out on September 30, 2016 to pass on to Cochran.   On the
form, the appellant requested the following accommodations:

> Provide High efficiency air filters (HEPA)
>
> Provide air purification
>
> Provide different work environment with HVAC ventilation system
>
> Different workspace with windows
>
> Alternative work arrangement (telework)
>
> Alternative work arrangement while construction is taking place
>
> Alternative means of communication telephone, email, IM, Fax or
> memos.
>
> Flexible leave policy.

AF at 33.  The appellant explained the reason for her request, and stated that
medical documentation was to follow.  *Id.*

Once the appellant had made her request for accommodation of her
condition, the agency was required to engage in an interactive process to
determine an appropriate accommodation. *Paris,* 104 M.S.P.R. 331, ¶ 17; 29
C.F.R. § 1630.2(*o*)(3); EEOC Enforcement Guidance at 6.   The appellant,
however, was also required to cooperate in the interactive process. "Both
parties ... have an obligation to assist in the search for an appropriate
accommodation, and both have an obligation to act in good faith in doing so."
*Collins,* 100 M.S.P.R. 332, ¶ 11 (citing *Taylor v. Phoenixville School District,* 184
F.3d 296, 312 (3rd Cir.1999)).

I find that the agency was within its rights to request additional information
from the appellant before making a decision on her accommodation request,
especially considering the number of accommodation options she suggested.  To
the extent the appellant is arguing that the agency was required to accommodate
her by allowing her to work in Building 206, the Board has stated that an
employee is not entitled to the accommodation of her choice. *See, e.g., Miller v.
Department of Army*, 121 M.S.P.R. 189, ¶ 21 (2014).  A request for a specific
accommodation does not necessarily mean that the employer is required to accede

11

to the request. The request is the first step in an informal, interactive process between the individual and the employer. *Id.* ¶ 15.   If more than one accommodation will enable an individual to perform the essential functions of her position, the preference of the individual with the disability should be given primary consideration, but the employer providing the accommodation has the ultimate discretion to choose between effective accommodations. Appendix to 29 C.F.R. Part 1630, § 1630.9.   Thus, here, the agency was within its discretion to seek more information in order to determine which of the accommodations the appellant requested might be most effective.

Even assuming the HR/ELR employees who considered the appellant's accommodation request should have known about and considered the September 19, 2016 Duty Status Report as medical evidence in making a decision, I agree with the agency that the Report provided insufficient information.[2]  In this regard, other than identifying the appellant's condition and certain restrictions, the Report stated only that the appellant "needs to be removed from building 200."  I find that, even with this document, it would have been reasonable for the agency to request further medical documentation, if nothing else in order to determine whether some of the other accommodations the appellant requested might have

---

2 The appellant cites case law for the proposition that the Duty Status Report can "constitute compelling prima facie evidence that the employee in question has a disability as defined by the Rehabilitation Act." IAF-2 at 11 (citing *Velva B. v Brennan*, 2017 WL 4466898, at *13).  I agree with her argument on this point, but, the above holding does not state that an agency may not request additional medical documentation once a Duty Status Report has been received.  As explained herein, the Duty Status Report at issue in the instant case contained insufficient information to allow the agency to assess the appellant's accommodation request.  Therefore even if the HR/ELR employees involved in considering the request had seen and taken the Report into consideration, I would find that the agency was entitled to continue the interactive process to determine a proper accommodation.

12

allowed her to work in Building 200, where she would normally have performed the essential functions of her position.[3]

Despite a number of communications from the agency to the appellant reiterating the need for medical documentation in support of the accommodation request, the appellant admitted, HT at 60-62, 65-66, 68, and I find, that the record contains no evidence that additional documentation was provided. All of the agency witnesses testified that they received no documentation from the appellant in response to their messages/letters, and while the appellant asserted variously that she or her provider submitted further medical documentation, she failed to file copies of such documentation in this appeal, nor did she submit any evidence from her medical provider(s) that the documentation had ever been sent. Further weighing against a finding that appellant's doctor sent more documentation after appellant submitted the Written Confirmation of Request for Accommodation on September 30, 2016 is her November 8, 2016 email asserting that the specialist had sent the information requested stating that she was unable to return to Building 200 "back in September." AF at 24. The email continues, declaring that the information to which the appellant is referring was used to place her in Building 206 on September 26. I find that it is highly likely the appellant was referring to the September 19 Duty Status Report in this email, rather than other

---

3 If, as the appellant argues, the September 19 Duty Status Report is considered to be a request for a reasonable accommodation, instead of just an update that pertained to the appellant's OWCP claim or medical evidence that should have been used to assess her later accommodation request, I would still find it reasonable for the agency to have requested additional information to process the request. The physician who filled out the Report did not release the appellant to return to duty at a work location other than Building 200 until September 26, 2016, and the agency began to engage in the interactive process within days of that date. Accordingly, I would still find that the agency was within its rights to ask for information that would allow it to determine the most effective way to accommodate the appellant that would allow her to perform the essential functions of her position; thus, my holding that wrongful actions by the agency did not cause the appellant's absence from duty would remain unchanged.

13

medical documentation she claims was later submitted that might have been responsive to the agency's requirements.

For the reasons stated above, I find that the agency engaged in the required interactive process in good faith in order to assess the appellant's medical condition and determine an appropriate accommodation, but the appellant has not shown she was sufficiently responsive to the agency's requests for medical information.[4] *See Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 18 (2010). As such, I find that the appellant has not shown that it was the agency's wrongful actions that prevented her from continuing to work. *Id.*; *see also Taylor,* 184 F.3d at 317 ("an employer cannot be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs"); *Beck v. University of Wisconsin, Board of Regents,* 75 F.3d 1130, 1137 (7th Cir.1996) ("where, as here, the employer makes multiple attempts to acquire the needed information, it is the employee who appears not to have made reasonable efforts"); *Conaway v. U.S. Postal Service,* 93 M.S.P.R. 6, ¶ 37 (2002) (the agency was not liable for failure to provide a reasonable accommodation where it participated in good faith in the interactive process and the appellant did not respond to the agency's repeated requests for clear and objective medical evidence), *review dismissed,* 55 Fed.Appx. 565 (Fed. Cir. 2003).

---

4 I did not find credible the appellant's testimony that she went in-person and spoke with the HR/ELR employees about her accommodation request and they never mentioned that the medical evidence she had provided was insufficient. There is no reference in any of the written communications to any in-person meetings, and the appellant has provided no other corroboration for her testimony on this point. Moreover, I found the agency witnesses to be credible, as their testimony was consistent, both internally with each other's testimony, and with the documentary evidence, and none of them testified that the appellant met with them in-person after she was out of the workplace in late September 2016. In fact, appellant's counsel made no attempt to elicit testimony on this issue.

14

In conclusion, the appellant has not proven that she was constructively suspended during the period at issue, and as a result, her appeal must be dismissed for lack of Board jurisdiction.[5]

Decision

The appeal is DISMISSED for lack of Board jurisdiction.

FOR THE BOARD:                    _____

                                  Craig A. Berg
                                  Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **June 20, 2019**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

BOARD REVIEW

5 In light of this disposition, I need not make a finding as to the timeliness of the appeal. And, the Board lacks authority to adjudicate the appellant's disability discrimination defense. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 87173 (D.C. Cir. 1982).

15

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's eAppeal website (https://eappeal.mspb.gov).

NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## **Criteria for Granting a Petition or Cross Petition for Review**

16

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than

17

12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R.

18

§ 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

### NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

notice OF APPEAL rights

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

19

within **60 calendar days** of <u>the date this decision becomes final</u>.    5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of

20

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a courtappointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review

21

with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FORM 26. Docketing Statement

Form 26
Rev. 10/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 2019 -2283

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

## DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent   Lynett S. Wilson

Party is (select one)        ☒ Appellant/Petitioner          ☐ Cross-Appellant

                             ☐ Appellee/Respondent            ☐ Intervenor

Tribunal appealed from and Case No.  _____

Date of Judgment/Order   June 20, 2019          Type of Case   Constructive suspension denial of due process.

Relief sought on appeal   Lost pay and Benefits, Compensatory damages, relocation expenses, attorney feed and costs.

Relief awarded below (if damages, specify)   None

Briefly describe the judgment/order appealed from   Final Decision of U.S. Merit Systems Protection Board.

MSPB lack of Jurisdiction.

Nature of judgment (select one)

   ☒ Final Judgment, 28 USC 1295

   ☐ Rule 54(b)

   ☐ Interlocutory Order (specify type)   _____

   ☐ Other (explain; *see* Fed. Cir. R. 28(a)(5))   _____

**FORM 26. Docketing Statement**

Form 26
Rev. 10/16

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued. If none, please state none.

None

Brief statement of the issues to be raised on appeal

The Final Decision denied Petitioner due process, was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. The Final Decision was obtained without procedures required by law, rule, and regulation (5 CFR 1201.111) not having been followed; and was unsupported by the evidence and should be overturned pursuant to 5 U.S.C.S § 7703(c) (2019).

Have there been discussions with other parties relating to settlement of this case? [X] Yes [ ] No  If "yes," when were the last such discussions?

[X] Before the case was filed below?

[ ] During the pendency of the case below?

[ ] Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated? [ ] Yes [X] No

If they were mediated, by whom?

Do you believe that this case may be amenable to mediation? [X] Yes [ ] No

Please explain why you believe the case is or is not amenable to mediation.

The evidence (testimony) of record proves the Agency did not complywith its own regualtions in this matter and did not  understand its role in this matter and related issues.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

This case can be mediated based on the relevant and material evidence not addressed by the MSPB Administrative Law Judge.  This case was not allowed to be properly mediated due to the Agency's standing order not to exceed $5,000.00 in settlement payments without approval from the Agency Secretary's Office.  The Petitioner's lost wages for approximately 10 months exceed the Agency's authority and its New England Resion General Counsel's Office was not willing to exceed the imposssed $5,000.00.  However, if placed in the Court's mediation program Petitioner believes it can be fairly mediated by the Court without further expense to the parties, and not uneccessarily use judicial resources.

FORM 26. Docketing Statement

Form 26
Rev. 10/16

I certify that I filed this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this

2 nd. _____    day of    September _____    2019 _____

by:    U.S. Court of Appeals for the Federal Circuit CM/ECF Electronic service. _____

(manner of service)

Robert F. Stone _____

Name of Counsel                                        Signature of Counsel

Law Firm          Law Office of Robert F. Stone, Esq.

Address           P.O. Box 183

City, State, ZIP  South Deerfield, Massachusetts 01373

Telephone Number  (413) 269-4421

FAX Number        (413) 208-0215

E-mail Address    rfstoneesq@comcast.net

FORM 9. Certificate of Interest                                    Form 9
                                                                  Rev. 10/17

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON _____ **v.** DEPARTMENT OF VETERANS AFFAIRS _____

Case No. __2019-2283_____

### CERTIFICATE OF INTEREST

Counsel for the:
☒ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

_____

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Lynett S. Wilson | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4.   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

Robert F. Stone, Esq.

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

5.   The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b).  (The parties should attach continuation pages as necessary).

NONE

September 02, 2019
_____
Date

_____
Signature of counsel

Robert F. Stone
_____
Printed name of counsel

Please Note: All questions must be answered

cc:    Agency (DVA) Counsel, Joshua R. Carver
       _____

FORM 10.  **Statement Concerning Discrimination**

Form 10
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON                v.        DEPARTMENT OF VETERANS AFFAIRS

No.        2019-2283

## PETITIONER'S FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION
### Please complete sections A, B, and C.

**Section A:**

Check the statements below that apply to your case.  Usually, it is one statement, but it may be more. Do not alter or add to any of the statements.

☐ (1) No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case.

☐ (2) Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court.

☒ (3) The petition seeks review only of the Board's or arbitrator's dismissal of the case for lack of jurisdiction or for untimeliness.

☐ (4) The case involves an application to the Office of Personnel Management for benefits.

☐ (5) The case was transferred to this court from a district court and I continue to contest the transfer.

**Section B:**

Answer the following: Have you filed a discrimination case in a United States district court from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

**Section C:**

Answer the following: Have you filed a discrimination case in the Equal Employment Opportunity Commission from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

Sep 2, 2019

_____                    _____, esq.
Date                                                      Petitioner's signature

Mail this form with the petition for review or within 14 days of the date of docketing of the petition for review to:

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

cc:    Agency (DVA) Counsel, Joshua R. Carver

Reset Fields

FORM 8. **Entry of Appearance**

Form 8
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON          v.          DEPARTMENT OF VETERSNS AFFAIRS

No. _____ 2019-2283 _____

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3. Counsel must immediately file an updated Entry of Appearance if representation changes, including a change in contact information. Electronic filers must also report a change in contact information to the PACER Service Center. Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

☐ Pro Se          ☒ As counsel for:     Lynett S. Wilson _____

Name of party

I am, or the party I represent is (select one):

☒ Petitioner      ☐ Respondent      ☐ Amicus curiae      ☐ Cross Appellant

☐ Appellant       ☐ Appellee        ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant          ☐ Respondent or appellee

| | |
|---|---|
| Name: | Robert F. Stone |
| Law Firm: | Robert F. Stone, Esq. |
| Address: | Law Office, P.O. Box 183 |
| City, State and Zip: | South Deerfield, Massachusetts 01373 |
| Telephone: | (413) 369-4421 |
| Fax #: | (413) 208-0215 |
| E-mail address: | rfstoneesq@comcast.net |

Statement to be completed by counsel only (select one):

☒ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☐ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): __02/08/2008__

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only): ☐ Yes   ☒ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

Date __September 2, 2019__          Signature of pro se or counsel _____

cc:     Agency (DVA) Counsel, Joshua R. Carver, Esq.

Reset Fields



# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

PETER R. MARKSTEINER
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

September 4, 2019

2019-2283 - Wilson v. DVA

## NOTICE OF NON-COMPLIANCE

Your submitted documents (Docketing Statement; Certificate of Interest; 15(c); Entry of Appearance – R. Stone) are not in compliance with the rules of this court. Within <u>five</u> business days from the date of this notice, please submit a corrected version of these documents correcting the following:

- Each document must be filed as a separate docket entry.

- The form is incomplete. All items must provide an answer or include "none" or "N/A" where appropriate. Fed. Cir. R. 15(c)(1) (Form 10); Fed. Cir. R. 24(a) (Form 6); Fed. Cir. R. 24(b) (Form 6A); Fed. Cir. R. 33.1 (Form 26); Fed. Cir. R. 47.3(c)(1)-(2) (Form 8); Fed. Cir. R. 47.4(a)(1)-(5) (Form 9); Fed. Cir. R. 47.7(b)(1) (Form 20). *Clerk's Note: Statements 2 and 3 on the certificate of interest are not answered.*

- The certificate of interest, 15(c) form, and entry of appearance are not accompanied by an adequate proof of service and/or the proof of service indicates improper service. Fed. R. App. P. 25(d) (general); Fed. Cir. R. 25(e) (general); Fed. Cir. 27(j) (motion); Fed. Cir. R. 30(a)(7) (appendix).

\* \* \*

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

<u>A party's failure to timely file a corrected document curing all defects identified on this notice may result in this document being stricken.</u> An appellant or petitioner's failure to cure a defective filing may also result in the dismissal of the appeal.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court
By: M. Ames, Deputy Clerk

**FORM 8.  Entry of Appearance**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Wilson _____ v. _____ Dep't of Veterans Affairs _____

No. 2019-2283

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3.  Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

_____ Pro Se        ☑ As counsel for: _____ Dep't of Veterans Affairs _____
                                                    Name of party

I am, or the party I represent is (select one):

☐ Petitioner    ☑ Respondent    ☐ Amicus curiae    ☐ Cross Appellant
☐ Appellant     ☐ Appellee      ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant    ☐ Respondent or appellee

My address and telephone are:

| | |
|---|---|
| Name: | Margaret J. Jantzen |
| Law firm: | United States Department of Justice, Commercial Litigation Branch |
| Address: | PO Box 480, Ben Franklin Station |
| City, State and ZIP: | Washington DC 20044 |
| Telephone: | (202) 353-7994 |
| Fax #: | (202) 307-0972 |
| E-mail address: | Margaret.J.Jantzen@usdoj.gov |

Statement to be completed by counsel only (select one):

☑ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☐ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): _____

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only):

☐ Yes    ☑ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

_____9/5/19_____                    _____/s/Margaret J. Jantzen_____
Date                                 Signature of pro se or counsel

cc: _____

Reset Fields

123

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this <u>5th</u> day of

<u>September</u>, <u>2019</u>, a copy of the foregoing

<u>Entry of Appearance</u>

was filed electronically.

[✓] This filing was served electronically to all parties by operation of the Court's

electronic filing system.

_____

[ ] I caused a copy of this filing to be served via:

    [ ] hand delivery

    [ ] mail

    [ ] third-party commercial carrier for delivery within 3 days

    [ ] electronic means, with the written consent of the party being served

To the following address:

_____ /s/Margaret J. Jantzen _____



# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**
1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

19-2283

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of Lynett S. Wilson *v.* Department of Veterans Affairs, MSPB Docket No. PH-0752-17-0329-I-2, and that the administrative record is under my official custody and control on this date

on file in this Board

_____
September 6, 2019
Date

_____
Jennifer Everling
Acting Clerk of the Board

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated
this day to each of the following:

Counsel For Petitioner

U.S. Mail
Robert Fred Stone, Esq.
Law Office
P.O. Box 183
South Deerfield, MA, 01373

Respondent

U.S. Mail
Robert E. Kirschman, Director
Commercial Litigation Branch
Civil Division Classification Unit
U.S. Department of Justice
1100 L Street, N.W., Room 12124
Washington, DC  20530

September 6, 2019
(Date)

Jennifer Everling
Acting Clerk of the Board

INDEX

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

MSPB Docket No.  PH-0752-17-0329-I-1

IA-REFORM ACT MERIT

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | .1 | Appellant - Initial Appeal | June 28, 2017 |
| 2 | 1 | MSPB - Acknowledgment Order | June 29, 2017 |
| 3 | 1 | Agency - Agency Representative Addition | July 07, 2017 |
| 4 | 1 | Agency - Agency's Motion to Stay Discovery and Production of the Agency File | July 07, 2017 |
| 5 | 1 | MSPB - Order | July 11, 2017 |
| 6 | 1 | Appellant - Motion to Expand Time | July 26, 2017 |
| 7 | 1 | MSPB - Time Extension Request Order | July 27, 2017 |
| 8 | 1 | MSPB - Time Extension Request Order | August 02, 2017 |
| 9 | 1 | Appellant - Board Jurisdiction Argument and Evidence | August 10, 2017 |
| 10 | 1 | Agency - Agency's Jurisdictional Brief and Motion to Dismiss Appeal | August 15, 2017 |
| 11 | 1 | MSPB - Order | August 17, 2017 |
| 12 | 1 | MSPB - Preliminary Status Order | September 18, 2017 |
| 13 | 1 | MSPB - Order Suspending Case Processing | October 16, 2017 |
| 14 | 1 | MSPB - Order Scheduling Status Conference | November 21, 2017 |
| 15 | 1 | Agency - Agency Motion to Continue Status Conference | December 08, 2017 |
| 16 | 1 | MSPB - Hearing Order | December 18, 2017 |
| 17 | 1 | MSPB - Order | February 07, 2018 |
| 18 | 1 | Appellant - MSPB MAP Form for Appellant | February 07, 2018 |

Page 1 of 3

| 19 | 1 | Agency - Agency's MAP Agreement | February 13, 2018 |
| 20 | 1 | MSPB - Notice of Termination from Mediation Appeals Program | June 04, 2018 |
| 21 | 1 | MSPB - Hearing Order | June 29, 2018 |
| 22 | 1 | Agency - Agency File | July 16, 2018 |
| 23 | 1 | Agency - Agency's Motion to Continue Hearing | July 18, 2018 |
| 24 | 1 | MSPB - Hearing Order | July 26, 2018 |
| 25 | 1 | MSPB - Initial Decision | July 26, 2018 |
| 26 | 1 | MSPB - Certificate of Service | July 26, 2018 |

INDEX

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

MSPB Docket No.  PH-0752-17-0329-I-2

IA-REFORM ACT MERIT

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | 1 | Appellant - Initial Appeal | September 06, 2018 |
| 2 | 1 | MSPB - Acknowledgment Order | September 06, 2018 |
| 3 | 1 | Agency - Agency's Pre-Hearing Submission | September 18, 2018 |
| 4 | 1 | MSPB - Order and Summary of Telephonic Prehearing Conference | September 21, 2018 |
| 5 | 1 | MSPB - Order Rescheduling | October 03, 2018 |
| 6 | 1 | Agency - Agency's Motion to Reschedule Hearing | October 04, 2018 |
| 7 | 1 | MSPB - Order Rescheduling Hearing | October 18, 2018 |
| 8 | 1 | MSPB - Hearing | November 27, 2018 |
| 9 | 1 | MSPB - Order | December 07, 2018 |
| 10 | 1 | MSPB - Order | February 14, 2019 |
| 11 | 1 | Appellant - Appellant's Closing Argument | March 01, 2019 |
| 12 | 1 | Agency - Agency's Written Summation | March 01, 2019 |
| 13 | 1 | MSPB - Initial Decision | May 16, 2019 |
| 14 | 1 | MSPB - Certificate of Service | May 16, 2019 |

Page 3 of 3

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## NORTHEASTERN REGIONAL OFFICE

| | |
|---|---|
| LYNETT S. WILSON,<br>　　　　　　Appellant,<br><br>　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DOCKET NUMBER<br>PH-0752-17-0329-I-1<br><br><br>DATE: July 26, 2018 |

Robert Fred Stone, Esquire, South Deerfield, Massachusetts, for the appellant.

Joshua R. Carver, Augusta, Maine, for the agency.

## BEFORE
Craig A. Berg
Administrative Judge

## INITIAL DECISION

On June 28, 2017, the appellant filed an appeal alleging that the agency had constructively suspended her from the position of Radiologic Technologist at the agency's Department of Veterans Affairs, Maine Healthcare System in Augusta, Maine.   Initial Appeal File (IAF), Tab 1.  I found that she has made a nonfrivolous allegation of Board jurisdiction and is therefore entitled to the hearing she requested.   For the reasons discussed below, this appeal is DISMISSED WITHOUT PREJUDICE to refiling, under the terms set forth herein.

## DISMISSAL WITHOUT PREJUDICE

On June 29, 2018, I issued a hearing order in this appeal.  Subsequently, the agency filed a motion to continue the hearing due to the unavailability of a witness.  In the motion, the agency notified me that the appellant also planned to request a postponement.

On this date, I held a conference call with the parties, and after discussing schedules and other issues it became apparent that it will not be possible to hold a hearing for an extended period.  Accordingly, it was agreed that I would reschedule the hearing and stay action on the appeal by dismissal without prejudice, subject to automatic refiling.

Board regulations and precedent state that a dismissal without prejudice to refile is left to the sound discretion of the Administrative Judge and such a dismissal is appropriate where it is in the interests of fairness, due process, and conservation of the resources of the parties.  *See* 5 C.F.R. § 1201.29(b); *Gidwani v. Department of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997).  Further, a dismissal without prejudice is appropriate in order to avoid a lengthy or indefinite continuance.  *See Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001).

I find that dismissal of this appeal without prejudice is appropriate to avoid a lengthy delay while the appeal is on my active docket and to conserve the resources of the parties.  <u>The appeal will be automatically refiled on September 4, 2018</u>.

## DECISION

The appeal is DISMISSED WITHOUT PREJUDICE.

FOR THE BOARD:                        _____

Craig A. Berg
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **August 30, 2018**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently only one member is in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least one additional member is appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to

warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the

pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for

review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>

CERTIFICATE OF SERVICE

    I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Mail      Lynett S. Wilson
18628 Williams Street
Goodyear, AZ 85338

<u>Appellant Representative</u>

Electronic Mail      Robert Fred Stone, Esq.
P.O. Box 183
South Deerfield, MA, MA 01373

<u>Agency Representative</u>

Electronic Mail      Joshua R. Carver
Department of Veterans Affairs
Office of General Counsel (02)
1 VA Center
Augusta, ME 04330

| July 26, 2018 | |
|---|---|
| (Date) | Jennifer A. Nehring |
| | Paralegal Specialist |

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
NORTHEASTERN REGIONAL OFFICE

| | |
|---|---|
| LYNETT S. WILSON,<br><br>           Appellant,<br><br>    v.<br><br>DEPARTMENT OF VETERANS<br>   AFFAIRS,<br><br>           Agency. | DOCKET NUMBER<br>PH-0752-17-0329-I-2<br><br><br><br>DATE: May 16, 2019 |

Robert Fred Stone, Esquire, South Deerfield, MA, Massachusetts, for the
    appellant.

Joshua R. Carver, Augusta, Maine, for the agency.

**BEFORE**
Craig A. Berg
Administrative Judge

**INITIAL DECISION**

**INTRODUCTION**

On June 28, 2017, the appellant filed a petition for appeal alleging that the
agency had constructively suspended her from her position of Radiologic
Technologist, GS-10, Togus VA Medical Center, Augusta, Maine, when it failed
to accommodate her disability, forcing her to into unpaid status from September
28, 2016 to June 12, 2017. Initial Appeal File (IAF), Tab 1. I found that the
appellant made a nonfrivolous allegation that she had been constructively
suspended for more than 14 days, and a hearing was therefore held on November
27, 2018. *Id.*, Tab 11; Hearing Transcript (HT).

For the reasons discussed below, this appeal is DISMISSED for lack of Board jurisdiction.

## ANALYSIS AND FINDINGS

Burden of Proof and Applicable Law

The agency did not officially suspend the appellant from duty, in writing, in accordance with applicable law, and argues that it did not take an action that is appealable to the Board. The appellant contends that she was constructively suspended, because the agency's failure to accommodate her known disability caused her to be in unpaid status for an extended period.

The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service,* 67 M.S.P.R. 300, 302 (1995), *aff'd,* 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, employee-initiated actions that appear voluntary on their face are not always so. *Spiegel v. Department of the Army,* 2 M.S.P.R. 140, 141 (1980). The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions, and involuntary leaves of absence may be appealable to the Board under chapter 75 as constructive suspensions if they exceed 14 days. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013).

Although various fact patterns may give rise to an appealable constructive suspension, all constructive suspensions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things by preponderant evidence is sufficient to establish Board jurisdiction.[1] *Bean*, 120 M.S.P.R. 397, ¶ 8; 5 C.F.R. § 1201.56(a)(2)(i).

---

[1] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). The

3

An agency must provide reasonable accommodation to the known limitations of a qualified individual with a disability unless to do so would create an undue hardship. 42 U.S.C. §§ 12112(a), (b)(5)(A); *Paris v. Department of the Treasury,* 104 M.S.P.R. 331, ¶ 11 (2006); 29 C.F.R. § 1630.9.

Pursuant to the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et. seq* (2008) (ADAAA), the appellant may prove that he has a disability by showing that he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1), 29 C.F.R. § 1630.2(g)(1),(2),(3). The definition of disability is construed in favor of broad coverage. 42 U.S.C. § 12102(4)(A).

A physical or mental impairment is any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, or any mental or psychological disorder. 29 C.F.R. § 1630.2(h). The test for whether a disability substantially limits the ability of an individual to perform a major life activity is applied as compared to most people in the general population. 29 C.F.R. § 1630.2(j). Major life activities include but are not limited to activities such as caring for oneself, performing manual tasks, eating, lifting, bending, concentrating, communicating, and working, including the operation of a major bodily function. 42 U.S.C. § 12102(2).

An impairment that substantially limits one major life activity need not limit others. One that is episodic or in remission is a disability if it would substantially limit a major life activity when active. The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures other than ordinary eyeglasses or contact lenses. 42 U.S.C. § 12102(4).

---

agency does not dispute that the appellant is an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A).

In the second method of proving a disability, an individual "has a record of" a disability if he has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities. This may include individuals who were treated for a disease but no longer have it as well as individuals who were misdiagnosed with a substantially limiting impairment even though they did not actually have that impairment. S. Rep. No. 116, 101st Cong., 2d Sess. 23. The impairment indicated in the record must be an impairment that would substantially limit one or more of the individual's major life activities. *Id*. Whether an individual has such a record is to be broadly construed. If the individual has such a record, the agency need not have relied on that record for the individual to be covered under this test.

With regard to the third method of proving disability, an individual meets the requirement of being "regarded as having such an impairment" if he establishes that he has been subjected to a prohibited action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. However, the "regarded as" test shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of six months or less. 42 U.S.C. § 12102(3).

A qualified individual with a disability is a person with the skills, training and experience to perform the essential functions of a position, with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Paris,* 104 M.S.P.R. 331, ¶ 11; 29 C.F.R. § 1630.2(m). Reasonable accommodation may entail modifications to the individual's current position or reassignment to a vacant position. 42 U.S.C. § 12111(9); *Aka v. Washington Hospital Center,* 156 F.3d 1284, 1301–05 (D.C.Cir.1998) (en banc); 29 C.F.R. § 1630.2(*o*).

<u>Evidence</u>

The appellant performed the duties of her position in Building 200, Room 146 on the Togus campus. She testified that she was born with asthma but the symptoms of the condition had abated for over 30 years until July 12, 2016. HT at 10. On that day, she began wheezing and was unable to breathe, got hives on her skin, and her mouth was tingling, so she left work and went to the emergency room. She was given breathing treatment and referred to an allergy specialist. *Id.* at 10-11.

On September 12, 2016, the specialist returned the appellant to duty, and she was again assigned to work in Building 200, Room 146, the office where her regular assigned duties were located. HT at 17, 27. She described the room as an old file room without ventilation, with nearby construction, auto exhaust, and a chemical spill at various times. *Id.* at 27-28. She again suffered the breathing-related symptoms, and was out of work until her physician indicated on a September 19, 2016 Duty Status Report, filled out in support of her Office of Workers' Compensation Programs (OWCP) claim for asthma, that she could return to duty on September 26, 2016, but not in Building 200. *Id.* at 17-18; IAF, Tab 22 (Agency File or AF) at 65.

The appellant returned to duty on September 26, 2016, and was assigned to work in Building 206. HT at 18-19. On September 28, John Gardner, then an Employee Labor Relations (ELR) Specialist in Human Resources (HR), called her to his office and presented her with a letter stating that her OWCP claim had been denied. *Id.*at 19-20. According to the appellant, the letter gave her several options, including returning to Building 200 and taking leave. *Id.* at 20. The record contains a September 27, 2016 letter from Human Resources Officer Jonathan Meserve, which appears to be the letter to which the appellant was referring. AF at 36; HT at 53. The appellant testified that she received this letter on September 28, 2016, and it informed her that, because her OWCP claim was denied, she was to contact her supervisor to coordinate her return to duties in the

Radiology Service.  It offered her the option to return to full duty status, use sick leave, or request reasonable accommodation.  *Id.*

The appellant testified that she returned home after meeting with Gardner, and she then telephoned him to discuss the situation.  HT at 20.  Gardner responded by emailing her documents to request leave under the Family and Medical Leave Act of 1993 (FMLA) and/or reasonable accommodation.  AF at 34.  His email provided some additional information regarding reasonable accommodation, including the fact that execution of the attached VA Form 0857A, Written Confirmation of Request for Accommodation ("RA form") was voluntary, but provides him assistance with the accommodation process.  *Id.* at 33-35.  The appellant filled out the RA form and returned it to Gardner on September 30, 2016, asking that he pass it on to Dusty Cochran, another ELR Specialist who was the local reasonable accommodation coordinator.  HT at 20, 139; AF at 32-33.

The appellant testified that she had no income for the next nine months, as the agency would continual deny her request for an accommodation.  HT at 21-22.  She spoke with Gardner, Cochran, and Meserve, including in-person visits to HR, and they never told her verbally that they had not received the paperwork, only in letters.  HT at 22.  She could not return to Building 200 because of her asthma, which was potentially life threatening.  *Id.* at 38-39.

The appellant testified that her physician submitted CA-17 forms to the agency during that period, though other than the September 19, 2016 form, the appellant did not file any of those Duty Status forms as exhibits in this appeal.  HT at 44-45.  She further testified that her provider responded to a list of questions from Rick Butler, of HR, and sent the answers to Butler.  *Id.* at 45.  Again, the record is bereft of the questions or responses.  The appellant stated that she believed all communications with HR regarding her health condition pertained to her accommodation request, as well as the OWCP claim.  *Id.* at 46-47.

Returning to the chronology of the period the appellant was off duty, she agreed that, on October 21, 2016, Meserve sent her a letter telling her she was being marked AWOL, and he asked for medical documentation in support of her accommodation request, to be received within 15 days.  HT at 49-50; AF at 25.  On November 2, 2016, she confirmed to Gardner that she had received the letter that day, and on November 8 she emailed Gardner and asked what documentation the agency required regarding the reasonable accommodation request.  HT at 55-56; AF at 24-25.  In the email, the appellant stated that she believed her specialist had submitted the documentation that she could not return to building 200 in September, and the documentation was used to place her in building 206 on September 26.  HT at 56; AF at 24-25.  The following day, November 9, Gardner responded, explaining that she had not submitted a reasonable accommodation request based on air quality, but rather an OWCP claim that had been denied.  He contended that she was placed in building 206 in order to find her meaningful work while the OWCP claim was being processed.  HT at 57-58; AF at 64.

Later on the same date, November 9, the appellant emailed Gardner and stated that, according to her doctor's office, medical documentation had been faxed to HR on October 20, 2016.  HT at 59-60; AF at 64.  On November 10, 2016, Cochran emailed the appellant and asked her to have her doctor fill out a Request for Medical Documentation form that he attached, and he requested she return it as soon as possible.  HT at 63; AF at 24, 27.  The appellant admitted that she was unsure if her provider ever returned that form.  HT at 65.

Meserve, the HR Officer at the time, testified that the Workers Compensation group reported to the network office, and were not part of Togus VA.  HT at 80-81.  Rick Butler did not have an office in HR at Togus.  Meserve stated that he was aware in the fall 2016 that the appellant's OWCP claim had been denied, and he explained that she was never approved for a reasonable accommodation for asthma/air quality while the OWCP claim was pending; rather, the agency found meaningful work for her while the claim was pending, as

required under Workers Compensation law. *Id.* at 82-83. After the claim was denied, Meserve sent the appellant the September 27, 2016 "options letter," which offered her, among other things, a chance to request an accommodation. *Id.*; AF at 36. In response, the appellant filled out the form requesting an accommodation. *Id.* at 84; AF at 33.

Meserve testified that, in a case like this, where the disability was not obvious, the information on this form was insufficient to grant the accommodation, as medical documentation was required. HT at 84. On the form, the appellant indicated she was going to send medical information, but he sent the appellant the October 21 letter when no documentation had been received. *Id.* at 84-85; AF at 31. The letter informed the appellant that she was being marked AWOL because, to his memory, she had no FMLA entitlement remaining and no leave. *Id.* at 85.

Meserve never saw the September 19, 2016 Duty Status Report in the record until these proceedings. HT at 86; AF at 65. He explained that it is a DoL form, and is protected from release to the agency by the Privacy Act. HT at 86. He testified that when the agency receives an accommodation request, in any medical documentation submitted they are looking for symptoms of the condition to determine whether the employee is a qualified individual with a disability, frequency/duration of the condition, major life function that is limited, and finally, how the accommodation would help the person perform his/her job. HT at 87-88 (Meserve), 145 (Cochran). The Duty Status form states that the appellant needed to be removed from Building 200, but not much more. *Id.* at 87-88. So, even with this form, the agency would have sent the same letter seeking more information. *Id.* at 88.

Gardner, the former ELR Specialist, and Cochran, the current ELR Specialist, also testified that they never saw the Duty Status form at the time. HT at 126, 146. All three of the agency witnesses testified that they never received

9

any medical documentation from the appellant in response to their requests.  *Id.* at 88-89 (Meserve); 126 (Gardner); 142, 150 (Cochran).

Findings

After careful consideration of the record evidence, for the reasons explained below, I find that the appellant has failed to show, by preponderant evidence, that the agency constructively suspended her during the period at issue. Although she has shown that she had no meaningful choice except to take leave and stay out of the workplace when informed, on September 28, 2016, that her relocation to Building 206 would not continue because her OWCP claim had been denied, she has not shown that the agency's wrongful actions deprived her of that choice.

As noted above, the appellant is alleging that she was constructively suspended when the agency failed to accommodate her known disability-asthma-when it removed her from a previously-granted alternate work location and required her to either return to a her previous "toxic" office or be charged with absence without leave (AWOL), on or about September 28, 2016.  IAF, Tab 9; IAF-2, Tab 11.  She asserts that the suspension lasted until she began employment at the Phoenix VA Medical Center, on June 12, 2017.

It is well settled, and the agency does not appear to dispute, that a request for accommodation of a disability may be made verbally.  *See, e.g., White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, 414 n.6 (2013) (citing Equal Employment Opportunity Commission (EEOC) Notice No. 915.002, *Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act* (2002) (hereafter referred to as "EEOC Enforcement Guidance") (General Principles section and Q & A item 3)).  Here, based on the testimonies of the appellant and Gardner, and the September 28, 2016 email Gardner sent the appellant, I find that the appellant requested an accommodation of her asthma condition on September 28, 2016.  Moreover,

based on the appellant's testimony regarding the severity of her condition and the Duty Status Report she submitted, I find that she has shown that she had a substantial impairment in a major life activity in 2016, and she therefore established that she suffered from a disability.

It is undisputed that Gardner sent the appellant the Written Confirmation of Request for Accommodation form on September 28, 2016, and she returned it to him after filling it out on September 30, 2016 to pass on to Cochran.  On the form, the appellant requested the following accommodations:

> Provide High efficiency air filters (HEPA)
>
> Provide air purification
>
> Provide different work environment with HVAC ventilation system
>
> Different workspace with windows
>
> Alternative work arrangement (telework)
>
> Alternative work arrangement while construction is taking place
>
> Alternative means of communication telephone, email, IM, Fax or memos.
>
> Flexible leave policy.

AF at 33.  The appellant explained the reason for her request, and stated that medical documentation was to follow.  *Id.*

Once the appellant had made her request for accommodation of her condition, the agency was required to engage in an interactive process to determine an appropriate accommodation. *Paris,* 104 M.S.P.R. 331, ¶ 17; 29 C.F.R. § 1630.2(*o*)(3); EEOC Enforcement Guidance at 6.  The appellant, however, was also required to cooperate in the interactive process. "Both parties ... have an obligation to assist in the search for an appropriate accommodation, and both have an obligation to act in good faith in doing so." *Collins,* 100 M.S.P.R. 332, ¶ 11 (citing *Taylor v. Phoenixville School District,* 184 F.3d 296, 312 (3rd Cir.1999)).

I find that the agency was within its rights to request additional information from the appellant before making a decision on her accommodation request,

especially considering the number of accommodation options she suggested. To the extent the appellant is arguing that the agency was required to accommodate her by allowing her to work in Building 206, the Board has stated that an employee is not entitled to the accommodation of her choice. *See, e.g., Miller v. Department of Army*, 121 M.S.P.R. 189, ¶ 21 (2014). A request for a specific accommodation does not necessarily mean that the employer is required to accede to the request. The request is the first step in an informal, interactive process between the individual and the employer. *Id.* ¶ 15. If more than one accommodation will enable an individual to perform the essential functions of her position, the preference of the individual with the disability should be given primary consideration, but the employer providing the accommodation has the ultimate discretion to choose between effective accommodations. Appendix to 29 C.F.R. Part 1630, § 1630.9. Thus, here, the agency was within its discretion to seek more information in order to determine which of the accommodations the appellant requested might be most effective.

Even assuming the HR/ELR employees who considered the appellant's accommodation request should have known about and considered the September 19, 2016 Duty Status Report as medical evidence in making a decision, I agree with the agency that the Report provided insufficient information.[2] In this regard,

---

[2] The appellant cites case law for the proposition that the Duty Status Report can "constitute compelling prima facie evidence that the employee in question has a disability as defined by the Rehabilitation Act." IAF-2 at 11 (citing *Velva B. v Brennan*, 2017 WL 4466898, at *13). I agree with her argument on this point, but, the above holding does not state that an agency may not request additional medical documentation once a Duty Status Report has been received. As explained herein, the Duty Status Report at issue in the instant case contained insufficient information to allow the agency to assess the appellant's accommodation request. Therefore even if the HR/ELR employees involved in considering the request had seen and taken the Report into consideration, I would find that the agency was entitled to continue the interactive process to determine a proper accommodation.

other than identifying the appellant's condition and certain restrictions, the Report stated only that the appellant "needs to be removed from building 200." I find that, even with this document, it would have been reasonable for the agency to request further medical documentation, if nothing else in order to determine whether some of the other accommodations the appellant requested might have allowed her to work in Building 200, where she would normally have performed the essential functions of her position.[3]

Despite a number of communications from the agency to the appellant reiterating the need for medical documentation in support of the accommodation request, the appellant admitted, HT at 60-62, 65-66, 68, and I find, that the record contains no evidence that additional documentation was provided. All of the agency witnesses testified that they received no documentation from the appellant in response to their messages/letters, and while the appellant asserted variously that she or her provider submitted further medical documentation, she failed to file copies of such documentation in this appeal, nor did she submit any evidence from her medical provider(s) that the documentation had ever been sent. Further weighing against a finding that appellant's doctor sent more documentation after appellant submitted the Written Confirmation of Request for Accommodation on September 30, 2016 is her November 8, 2016 email asserting that the specialist had sent the information requested stating that she was unable to return to

---

[3] If, as the appellant argues, the September 19 Duty Status Report is considered to be a request for a reasonable accommodation, instead of just an update that pertained to the appellant's OWCP claim or medical evidence that should have been used to assess her later accommodation request, I would still find it reasonable for the agency to have requested additional information to process the request. The physician who filled out the Report did not release the appellant to return to duty at a work location other than Building 200 until September 26, 2016, and the agency began to engage in the interactive process within days of that date. Accordingly, I would still find that the agency was within its rights to ask for information that would allow it to determine the most effective way to accommodate the appellant that would allow her to perform the essential functions of her position; thus, my holding that wrongful actions by the agency did not cause the appellant's absence from duty would remain unchanged.

Building 200 "back in September." AF at 24. The email continues, declaring that the information to which the appellant is referring was used to place her in Building 206 on September 26. I find that it is highly likely the appellant was referring to the September 19 Duty Status Report in this email, rather than other medical documentation she claims was later submitted that might have been responsive to the agency's requirements.

For the reasons stated above, I find that the agency engaged in the required interactive process in good faith in order to assess the appellant's medical condition and determine an appropriate accommodation, but the appellant has not shown she was sufficiently responsive to the agency's requests for medical information.[4] *See Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 18 (2010). As such, I find that the appellant has not shown that it was the agency's wrongful actions that prevented her from continuing to work. *Id.*; *see also Taylor,* 184 F.3d at 317 ("an employer cannot be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs"); *Beck v. University of Wisconsin, Board of Regents,* 75 F.3d 1130, 1137 (7th Cir.1996) ("where, as here, the employer makes multiple attempts to acquire the needed information, it is the employee who appears not to have made reasonable efforts"); *Conaway v. U.S. Postal Service,* 93 M.S.P.R. 6, ¶ 37 (2002) (the agency was not liable for failure to provide a reasonable accommodation where it participated in good faith in the interactive process and

---

[4] I did not find credible the appellant's testimony that she went in-person and spoke with the HR/ELR employees about her accommodation request and they never mentioned that the medical evidence she had provided was insufficient. There is no reference in any of the written communications to any in-person meetings, and the appellant has provided no other corroboration for her testimony on this point. Moreover, I found the agency witnesses to be credible, as their testimony was consistent, both internally with each other's testimony, and with the documentary evidence, and none of them testified that the appellant met with them in-person after she was out of the workplace in late September 2016. In fact, appellant's counsel made no attempt to elicit testimony on this issue.

the appellant did not respond to the agency's repeated requests for clear and objective medical evidence), *review dismissed,* 55 Fed.Appx. 565 (Fed. Cir. 2003).

In conclusion, the appellant has not proven that she was constructively suspended during the period at issue, and as a result, her appeal must be dismissed for lack of Board jurisdiction.[5]

**DECISION**

The appeal is DISMISSED for lack of Board jurisdiction.

FOR THE BOARD:          _____

                           Craig A. Berg
                           Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on **<u>June 20, 2019</u>**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below.  The

---

[5] In light of this disposition, I need not make a finding as to the timeliness of the appeal.  And, the Board lacks authority to adjudicate the appellant's disability discrimination defense. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross

petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## **Criteria for Granting a Petition or Cross Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the

documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5

C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Mail          Lynett S. Wilson
                         18628 Williams Street
                         Goodyear, AZ 85338

<u>Appellant Representative</u>

Electronic Mail          Robert Fred Stone, Esq.
                         P.O. Box 183
                         South Deerfield, MA, MA 01373

<u>Agency Representative</u>

Electronic Mail          Joshua R. Carver
                         Department of Veterans Affairs
                         Office of General Counsel (02)
                         1 VA Center
                         Augusta, ME 04330

_____          _____
      May 16, 2019
            (Date)                          Kaitlin M. Reilly
                                            Paralegal Specialist

FORM 26. Docketing Statement

Form 26
Rev. 10/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 2019-2283

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

## DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent    Lynett S. Wilson

Party is (select one)    ☒ Appellant/Petitioner    ☐ Cross-Appellant

☐ Appellee/Respondent    ☐ Intervenor

Tribunal appealed from and Case No.

Date of Judgment/Order    June 20, 2019    Type of Case    Constructive suspension denial of due process.

Relief sought on appeal    Lost pay and Benefits, Compensatory damages, relocation expenses, attorney feed and costs.

Relief awarded below (if damages, specify)    None

Briefly describe the judgment/order appealed from    Final Decision of U.S. Merit Systems Protection Board.

MSPB lack of Jurisdiction.

Nature of judgment (select one)

☒ Final Judgment, 28 USC 1295

☐ Rule 54(b)

☐ Interlocutory Order (specify type)

☐ Other (explain; *see* Fed. Cir. R. 28(a)(5))

**FORM 26. Docketing Statement**

Form 26
Rev. 10/16

Name and docket number of any related cases pending before this court plus the name of the writing judge if an opinion was issued. If none, please state none.

> None

Brief statement of the issues to be raised on appeal

The Final Decision denied Petitioner due process, was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. The Final Decision was obtained without procedures required by law, rule, and regulation (5 CFR 1201.111) not having been followed; and was unsupported by the evidence and should be overturned pursuant to 5 U.S.C.S. § 7703(c) (2019).

Have there been discussions with other parties relating to settlement of this case? ☒ Yes ☐ No  If "yes," when were the last such discussions?

☒ Before the case was filed below?

☐ During the pendency of the case below?

☐ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated? ☐ Yes ☒ No

If they were mediated, by whom?

Do you believe that this case may be amenable to mediation? ☒ Yes ☐ No

Please explain why you believe the case is or is not amenable to mediation.

The evidence (testimony) of record proves the Agency did not comply with its own regualtions in this matter and did not understand its role in this matter and related issues.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

This case can be mediated based on the relevant and material evidence not addressed by the MSPB Administrative Law Judge. This case was not allowed to be properly mediated due to the Agency's standing order not to exceed $5,000.00 in settlement payments without approval from the Agency Secretary's Office. The Petitioner's lost wages for approximately 10 months exceed the Agency's authority and its New England Resion General Counsel's Office was not willing to exceed the impossed $5,000.00. However, if placed in the Court's mediation program Petitioner believes it can be fairly mediated by the Court without further expense to the parties, and not uneccessarily use judicial resources.

FORM 26. Docketing Statement

Form 26
Rev. 10/16

I certify that I filed this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this

2 nd.     day of   September                                            2019

by:   U.S. Court of Appeals for the Federal Circuit CM/ECF Electronic service.

(manner of service)

Robert F. Stone

Name of Counsel                                    Signature of Counsel

Law Firm     Law Office of Robert F. Stone, Esq.

Address     P.O. Box 183

City, State, ZIP     South Deerfield, Massachusetts 01373

Telephone Number     (413) 269-4421

FAX Number     (413) 208-0215

E-mail Address     rfstoneesq@comcast.net

# CERTIFICATE OF SERVICE

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 26 – Docketing Statement) was served electronically to the parties by operation

of the Court's electronic filing system indicated this 10th day of September 2019 to each of the

following:

Clerk's office

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
Madison Place, N.W.
Washington, DC 20439

Respondent

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014

Petitioner

Lynett S. Wilson
18628 Williams Street
Goodyear, AZ 85338

Date: September 10, 2019                                        Signed: _____
                                                                        Robert F. Stone
                                                                        Respondent's Attorney

FORM 8. Entry of Appearance

Form 8
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON     v.     DEPARTMENT OF VETERSNS AFFAIRS

No.     2019-2283

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel should refer to Federal Circuit Rule 47.3. Counsel must immediately file an updated Entry of Appearance if representation changes, including a change in contact information. Electronic filers must also report a change in contact information to the PACER Service Center. Pro se petitioners and appellants should read paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk within 14 days of the date of docketing and serve a copy of it on the principal attorney for each party.)

Please enter my appearance (select one):

☐ Pro Se     ☒ As counsel for:     Lynett S. Wilson

Name of party

I am, or the party I represent is (select one):

☒ Petitioner     ☐ Respondent     ☐ Amicus curiae     ☐ Cross Appellant

☐ Appellant     ☐ Appellee     ☐ Intervenor

As amicus curiae or intervenor, this party supports (select one):

☐ Petitioner or appellant     ☐ Respondent or appellee

| | |
|---|---|
| Name: | Robert F. Stone |
| Law Firm: | Robert F. Stone, Esq. |
| Address: | Law Office, P.O. Box 183 |
| City, State and Zip: | South Deerfield, Massachusetts 01373 |
| Telephone: | (413) 369-4421 |
| Fax #: | (413) 208-0215 |
| E-mail address: | rfstoneesq@comcast.net |

Statement to be completed by counsel only (select one):

☒ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel in this case of the matters served upon me.

☐ I am replacing _____ as the principal attorney who will/will not remain on the case. [Government attorneys only.]

☐ I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only):     02/08/2008

This is my first appearance before the United States Court of Appeals for the Federal Circuit (counsel only): ☐ Yes     ☒ No

☐ A courtroom accessible to the handicapped is required if oral argument is scheduled.

Date     September 2, 2019          Signature of pro se or counsel

cc:     Agency (DVA) Counsel, Joshua R. Carver, Esq.

Reset Fields

# CERTIFICATE OF SERVICE

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 8 – Entry of Appearance) was served electronically to the parties by operation

of the Court's electronic filing system indicated this 10th day of September 2019 to each of the

following:

Clerk's office

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
Madison Place, N.W.
Washington, DC 20439

Respondent

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014

Petitioner

Lynett S. Wilson
18628 Williams Street
Goodyear, AZ 85338

Date: September 10, 2019                    Signed: _____

                                                      Robert F. Stone
                                                      Respondent's Attorney

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON

v.

DEPARTMENT OF VETERANS AFFAIRS

Case No. 2019-2283

## CERTIFICATE OF INTEREST

Counsel for the:

☒ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Lynett S. Wilson | None | None |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4.   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

Robert F. Stone, Esq.

**FORM 9. Certificate of Interest**

Form 9
Rev. 10/17

5.    The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b).  (The parties should attach continuation pages as necessary).

NONE

| September 02, 2019 | |
| --- | --- |
| Date | Signature of counsel |
| | Robert F. Stone |
| | Printed name of counsel |

Please Note: All questions must be answered

cc:    Respondent, USDOJ, Margaret J. Jantzen

# CERTIFICATE OF SERVICE

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 9 – Certificate of Interest) was served electronically to the parties by operation

of the Court's electronic filing system indicated this 10th day of September 2019 to each of the

following:

Clerk's office

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
Madison Place, N.W.
Washington, DC 20439

Respondent

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014

Petitioner

Lynett S. Wilson
18628 Williams Street
Goodyear, AZ 85338

Date: September 10, 2019                           Signed:

Robert F. Stone
Respondent's Attorney

FORM 10. **Statement Concerning Discrimination**

Form 10
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON          v.          DEPARTMENT OF VETERANS AFFAIRS

No.          2019-2283

## PETITIONER'S FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION
### Please complete sections A, B, and C.

**Section A:**

   Check the statements below that apply to your case.  Usually, it is one statement, but it may be more. Do not alter or add to any of the statements.

☐ (1) No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case.

☐ (2) Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court.

☒ (3) The petition seeks review only of the Board's or arbitrator's dismissal of the case for lack of jurisdiction or for untimeliness.

☐ (4) The case involves an application to the Office of Personnel Management for benefits.

☐ (5) The case was transferred to this court from a district court and I continue to contest the transfer.

**Section B:**

   Answer the following: Have you filed a discrimination case in a United States district court from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

**Section C:**

   Answer the following: Have you filed a discrimination case in the Equal Employment Opportunity Commission from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

Sep 2, 2019

Date                              Petitioner's signature

Mail this form with the petition for review or within 14 days of the date of docketing of the petition for review to:

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

cc:   Agency (DVA) Counsel, Joshua R. Carver

Reset Fields

# CERTIFICATE OF SERVICE

I certify to the best of my knowledge under the penalty of perjury that the attached

Document (Form 10 – Statement Concerning Discrimination) was served electronically to the

parties by operation of the Court's electronic filing system indicated this 10th day of September

2019 to each of the following:

    Clerk's office

    UNITED STATES COURT OF APPEALS
    FOR THE FEDERAL CIRCUIT
    Madison Place, N.W.
    Washington, DC 20439

    Respondent

    Margaret Jantzen
    Department of Justice
    Commercial Litigation Branch, Civil Division
    P.O. Box 480
    Ben Franklin Station
    Washington, DC 20014

    Petitioner

    Lynett S. Wilson
    18628 Williams Street
    Goodyear, AZ 85338

Date: September 10, 2019               Signed: _Robert F. Stone_
                                          Robert F. Stone
                                          Respondent's Attorney

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 2019-2283

Wilson

v.

Dep't of Veterans Affairs

## DOCKETING STATEMENT

This Docketing Statement must be completed by all counsel and filed with the court within 14 days of the date of docketing. When the United States or its officer or agency is a party, this Docketing Statement must be completed by all counsel and filed with the court within 30 days of docketing. All questions must be answered or the statement will be rejected.

Name of the party you represent   Dep't of Veterans Affairs

Party is (select one)   ☐ Appellant/Petitioner   ☐ Cross-Appellant

☒ Appellee/Respondent   ☐ Intervenor

Tribunal appealed from and Case No.   MSPB PH-0752-17-0329-I-2

Date of Judgment/Order   May 16, 2019   Type of Case   MSPB appeal from adverse employment action

Relief sought on appeal   Affirm the decision of the MSPB

Relief awarded below (if damages, specify)   None

Briefly describe the judgment/order appealed from   Final judgment of MSPB

Nature of judgment (select one)

☒ Final Judgment, 28 USC 1295

☐ Rule 54(b)

☐ Interlocutory Order (specify type)

☐ Other (explain; *see* Fed. Cir. R. 28(a)(5))

**FORM 26.  Docketing Statement**

Name and docket number of any related cases pending before this court plus the name of the writing judge
if an opinion was issued.
If none, please state none.

| None |
| --- |

Brief statement of the issues to be raised on appeal   Whether the Court has jurisdiction to entertain this

"mixed" appeal which raises discrimination claims

Have there been discussions with other parties relating to settlement of this case? ☐ Yes ☒ No  If "yes," when
were the last such discussions?

☐ Before the case was filed below?

☐ During the pendency of the case below?

☐ Following the judgment/order appealed from?

If "yes," were the settlement discussions mediated? ☐ Yes  ☐ No

If they were mediated, by whom? _____

Do you believe that this case may be amenable to mediation?   ☐ Yes   ☒ No

Please explain why you believe the case is or is not amenable to mediation.
The Court's jurisdiction is not subject to compromise or agreement between the parties.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

None

I certify that I filed this Docketing Statement with the Clerk of the United States Court of Appeals for the Federal Circuit and served a copy on counsel of record, this

7th     day of     October           ,     2019

by:     operation of the Court's electronic filing system

(manner of service)

Margaret J. Jantzen                /s Margaret J. Jantzen

        Name of Counsel                   Signature of Counsel

Law Firm     U.S. Dep't of Justice

Address     1100 L St NW

City, State, ZIP     Washington, D.C. 20530

Telephone Number     202-353-7994

FAX Number     202-307-0972

E-mail Address     margaret.j.jantzen@usdoj.gov

Reset Fields

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**LYNETT S. WILSON**

**Petitioner,**

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

**Respondent.**

**DOCKET NO. 2019-2283**

# UNOPPOSED MOTION EXTENSION OF TIME TO FILE BRIEF FOR PETITIONER

1.      NOW COMES the Plaintiff, Lynett S. Wilson, by and through her undersigned attorney and requests a 60 day expansion of time up to and including December 31, 2019 to submit her brief in this case.  On October 7, 2019 Defendant and Plaintiff's counsel conferred concerning this motion and it is unopposed by the Defendant and its approval will permit the parties to file their motions, oppositions, and briefs.

2.      On October 7, 2029 Defendant notified Plaintiff it planned to file a motion to remove this case to a U. S. District and agreed to an expansion of time to accommodate service and responses to motions and briefs.  However, the Defendant has not yet filed its proposed motion or brief, therefore, the Plaintiff requests a 60 day extension to file her Appellant Brief which was put on hold pending Defendant's proposed motion.

3.      As further grounds expansion of time the undersigned attorney states he is unable to meet the current deadline for filing of the brief in this case due to necessary and unavoidable medical issues that should be resolved within 60 days.  Approval of this unopposed Motion for Expansion of Time will permit the parties to complete required briefs, motions, and responses.

Date: <u>November 1, 2019</u>                          Respectfully submitted for Plaintiff
                                                        By her attorney,

Robert F. Stone, Esq.
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone (413) 369-4421
rfstoneesq@comcast.net

2

# United States Court of Appeals
## for the Federal Circuit

-------------------------------------------------------------)

LYNETT S. WILSON,
           Petitioner,

      v.                                                              No. 19-2283

DEPARTMENT OF VETERANS AFFAIRS,
           Respondent.

-------------------------------------------------------------)

## DECLARATION OF ROBERT F. STONE IN SUPPORT OF PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME

I, Robert F. Stone, Counsel for Petitioner, Lynette S. Wilson, hereby declare as follows:

1.  I am counsel for Petitioner, Lynette S. Wilson, in the above matter, and I am primarily responsible for preparing petitioner's brief.

2.  The preparation of the petitioner's brief has been delayed because of discussions with Respondent's counsel regarding a motion to remove that they plan to file.   As of yet, that motion has not been filed.

3.  Any motion may impact the content of the brief and so additional time is needed to review any motion that Respondent may yet file before finalizing and filing the brief.

4.  Additionally, unavoidable medical issues have also delayed finalizing the brief.

5.  This is the first request for an extension of time on this brief. Respondent's counsel has been contacted and will not oppose this request.

6.    Petitioner's request for sixty additional days to file her brief is brought in good faith and not merely for purposes of delay.

I further declare, under penalty of perjury, that all statements made herein of my own knowledge are true and that all statements made herein on information and belief are believed to be true.

/s/ Robert F. Stone
ROBERT F. STONE

Dated: November 1, 2019

I HAVE READ AND STATE THE ATTACHED
STATEMENT IS TRUE AND COMPLETE TO THE
BEST OF MY KNOWLEDGE.

2

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON _____ **v.** DEPARTMENT OF VETERANS AFFAIRS _____

Case No. 2019-2283 _____

## CERTIFICATE OF INTEREST

Counsel for the:

☒ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Lynett S. Wilson | None | None |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4.   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

Robert F. Stone, Esq.

5.  The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b).  (The parties should attach continuation pages as necessary).

NONE

| September 02, 2019 | |
| --- | --- |
| Date | Signature of counsel |

Robert F. Stone

Printed name of counsel

Please Note: All questions must be answered

cc:  Respondent, USDOJ, Margaret J. Jantzen

# CERTIFICATE OF SERVICE

**United States Court of Appeals
for the Federal Circuit**

---------------------------------------------------------------)
LYNETT S. WILSON,
        Petitioner,

    v.                                     No. 19-2283

DEPARTMENT OF VETERANS AFFAIRS,
        Respondent.
---------------------------------------------------------------)

## <u>CERTIFICATE OF SERVICE</u>

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that

Counsel Press was retained by ROBERT F. STONE, attorney for Petitioner to print this document.  I am an employee of Counsel Press.

On **November 1, 2019**, counsel authorized me to electronically file the foregoing **Motion** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing on all counsel registered as CM/ECF users. All principal counsel for the parties are registered users.

November 1, 2019                 /s/ Robyn Cocho
                                    Robyn Cocho
                                    Counsel Press

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)

   X   The motion contains <u>215</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(d)(2) and Fed. Cir. R. 27(d).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

   X   The motion has been prepared in a proportionally spaced typeface using <u>MS Word 2013</u> in a <u>14</u> point <u>Times New Roman</u> font or

      The motion has been prepared in a monospaced typeface using _____ in a ___ characters per inch_____ font.

<u>November 1, 2019</u>            (s) <u>/s/ Robert F. Stone</u>

Date                       Robert F. Stone

                             Counsel for Petitioner

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| LYNETT S. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 19-2283 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO DISMISS OR TRANSFER FOR LACK OF JURISDICTION

Pursuant to 5 U.S.C. §§ 7702 and 7703, respondent, the United States, respectfully requests that the Court dismiss this case or transfer it to the appropriate United States District Court. This Court lacks jurisdiction to consider the claims raised in Petitioner Lynett S. Wilson's petition for review of proceedings before the Merit Systems Protection Board ("MSPB" or "board"). Petitioner's appeal contains allegations of discrimination, and such "mixed claims" must be resolved by a district court, not the Federal Circuit. 5 U.S.C. § 7703(b)(2); *Daniels v. United States Postal Serv.*, 726 F.2d 723, 724 (Fed. Cir. 1984).

## NATURE OF THE CASE

Ms. Wilson seeks review of an MSPB decision in which the board held that it had no jurisdiction to consider petitioner's appeal alleging that the Department of Veteran's Affairs (VA or agency) constructively suspended her by failing to accommodate her disability. In reaching its decision, the board held that Ms.

Wilson had not shown, by a preponderance of evidence, that the lack of

accommodation could be attributed to any wrongful actions of the agency.  This

Court lacks jurisdiction to hear the appeal because it presents a mixed claim

involving discrimination.

<u>BACKGROUND</u>

Ms. Wilson worked as a Radiologic Technologist, GS-10, at Togus VA

Medical Center, in Augusta, Maine.  ECF 5, Board Decision at 17.  On July 12,

2016, while at work, Ms. Wilson experienced breathing-related symptoms and got

hives.  *Id.* at 21.  She went to the emergency room, was treated, and then referred

to an allergy specialist.  *Id.*  When she returned to work on September 12, 2016,

she experienced similar symptoms.  *Id.*  On September 28, 2016, Ms. Wilson

requested an accommodation of her asthma condition.  *Id.* at 25.

Despite a number of communications from the agency requesting further

information supporting her request, including medical documentation, Ms. Wilson

never furnished additional information.  *Id.* at 28.  As a result, Ms. Wilson's

request could not be accommodated, and she was unable to work and on unpaid

status from September 28, 2016 to June 12, 2017.  *Id.* at 17.

The board concluded that Ms. Wilson had not been officially or

constructively suspended from duty during the time that she was unable to work.

*Id.* at 25.  Rather, the board found that VA "was within its rights to request

2

additional information from the appellant before making a decision on her

accommodation request, especially considering the number of accommodation

options she suggested." *Id.* at 26-27.  Further, the board held that the agency

"engaged in the required interactive process in good faith in order to assess the

appellant's medical condition and determine an appropriate accommodation," but

Ms. Wilson was not "sufficiently responsive to the agency's requests for medical

information." Board Decision, at 29.  Because she was not suspended – either

officially or constructively – the board was without jurisdiction to review Ms.

Wilson's claim, and it dismissed the case.  Board Decision, at 30.  Ms. Wilson

appeals to this Court.

ARGUMENT

I.    Legal Standards

A Federal employee may contest an agency's adverse employment actions,

such as suspension of more than 14 days, before the Merit Systems Protection

Board. 5 U.S.C. §§ 7701, 7512(2); 5 C.F.R. Part 1201. Although the board has

jurisdiction over cases arising from involuntary leaves of absence, such as

suspensions, it lacks jurisdiction over the voluntary actions of employees.  *O'Clery*

*v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir.

1996); 5 C.F.R. § 752.401(b)(9); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397,

¶¶7-8 (2013).  In between voluntary and involuntary actions, however, are

3

constructive adverse actions. *See Garcia v. Dep't of Homeland Security,* 437 F.3d 1322, 1324 (Fed. Cir. 2006). These arise when an agency's conduct leaves an employee no alternative but to impose the adverse action on herself. *Id.* (For example, the coerced resignation of any employee is a constructive adverse action). The board has jurisdiction over a constructive adverse action, but the petitioner must prove by a preponderance of the evidence that the action was involuntary. *Id.* at 1325 citing *Cruz v. Dep't of the Navy,* 934 F.2d 1240, 1251-53 (Fed. Cir. 1991) (en banc); 5 C.F.R. § 1201.56. When the voluntariness of a petitioner's resignation is raised, and the petitioner makes a non-frivolous allegation of involuntariness, as in this case, an evidentiary hearing is required to determine whether the resignation or retirement was in fact involuntary. *See Shoaf v. Dep't of Agriculture,* 260 F.3d 1336, 1341 fn2 (Fed. Cir. 2001) (citing *Braun v. Dep't of Beternas Affairs,* 50 F.3d 1005, 1008 (Fed. Cir. 1995)).

The board's final decision may be reviewed by the Federal courts. *Id.* Typically, final board decisions are reviewed by the Court. 5 U.S.C. §§ 7701, 7703; s*ee also* 5 C.F.R. § 1201.205; *Kloeckner v. Solis,* 568 U.S. 41, 44 (2012); *Perry v. M.S.P.B.,* 137 S. Ct. 1975, 1980 (2017). But when an employee alleges that the personnel action was motivated by discrimination, this Court is without jurisdiction to review on appeal. *See Perry,* 137 S. Ct. at 1982; 5 U.S.C. § 7703(b)(1)(A), b(2); 5 C.F.R. § 1201.205. These "mixed cases" may be

4

judicially reviewed only by a Federal district court.  *See* 5 U.S.C. § 7702(a)(1);

*Kloeckner,* 568 U.S. at 56; *and see Diggs v. Dep't of Hous. and Urban Dev.,* 670

F.3d 1353, 1357 (Fed. Cir. 2011) (claims of retaliation are also subject to review in

district court and not in the Federal Circuit).  There is a comprehensive statutory

framework for the processing of mixed case appeals, which has been supplemented

and elaborated by regulation.  *Butler v. West,* 164 F.3d 634, 637 (1999) (D.C. Cir.

1999).

## II.  This Court Does Not Possess Jurisdiction Over Ms. Wilson's Petition For Review

This Court lacks jurisdiction to review Ms. Wilson's petition for review of

her mixed case and should dismiss her claims, or transfer this appeal to the

appropriate district court.

Although Ms. Wilson represents that her petition seeks review of only the

board's dismissal of the case for lack of jurisdiction, the Court cannot decide the

jurisdictional issue without considering her discrimination claims, a task that it

does not have jurisdiction to undertake.  ECF No. 9, Pet. Statement Concerning

Discrimination.  Ms. Wilson claims that she was constructively suspended because

the agency failed to accommodate her disability.  Board Decision, at 18.  This

required her to demonstrate, by a preponderance of the evidence, that the agency's

wrongful actions deprived Ms. Wilson of a meaningful choice to return to work.

*Garcia,* 437 F.3d at 1325.  The board held that Ms. Wilson was not constructively

suspended but, rather, acted voluntarily in failing to report to work because she failed to submit the requisite medical documentation to her employer demonstrating that she qualified for a disability accommodation. Board Decision, at 24. In other words, the board held that there was no failure to accommodate on the part of the agency.

Therefore, when Ms. Wilson challenges the board's jurisdictional finding, she is challenging the board's determination that there was no failure by the agency to accommodate her disability. In order for this Court to review that decision, it would need to review Ms. Wilson's discrimination claim – namely, whether it was the agency's wrongful actions that deprived Ms. Wilson of a meaningful choice to return to work. This makes Ms. Wilson's appeal a mixed case, which is beyond the jurisdiction of the Court. *See Perry,* 137 S. Ct. at 1977 (any appeal that attributes the agency action, in whole or in part, to discrimination brings a "mixed case") (citing *Kloeckner,* 568 U.S. at 46).

Exclusive jurisdiction to review such actions lies in district court, not with the Federal Circuit. *Id*. Both the United States Supreme Court and this Court have considered cases when resolution of the question of jurisdiction would also resolve the case on the merits. *See, e.g., Perry*, 137 S. Ct. at 1987 ("In essence, the MSPB ruled that it lacked jurisdiction because Perry's claims fail on the merits"); *Shoaf*, 260 F.3d at 1341 (Fed. Cir. 2001) (merits determinations on involuntariness and

6

jurisdiction determinations are "inextricably intertwined"). In cases where the merits question is one of discrimination, the Federal Circuit does not have jurisdiction to hear an appeal. *See Perry*, 137 S. Ct. at 1979 ("when a federal employee complains of a serious adverse employment action [...] and attributes the action [...] to bias based on race, gender, age or disability in violation of federal anti-discrimination laws. We refer to complaints of that order, descriptively, as 'mixed cases.'") As in *Perry,* Ms. Wilson's appeal arises from an adverse employment action – her alleged constructive suspension – that she attributes to her disability, all in violation of the Americans with Disabilities Act. This removes Ms. Wilson's case from the jurisdiction of this Court and puts it properly in district court. *See* 5 U.S.C. § 7703(b)(2).

Pursuant to 28 U.S.C. § 1631, this Court may, if it is in the "interest of justice," transfer an action or appeal to another court in which the action or appeal could have been brought. Here, Ms. Wilson could have brought this appeal in the United States District Court for the District of Maine – the site of her employment giving rise to this action.

CONCLUSION

For these reasons, we respectfully request that this Court dismiss Ms. Wilson's appeal or transfer it to the appropriate district court.

Respectfully submitted,

7

JOSEPH A. HUNT
Assistant Attorney General


ROBERT E. KIRSCHMAN, JR.
Director


/s Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director


/s Margaret J. Jantzen
MARGARET J. JANTZEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 307-0972

November 4, 2019                    *Attorneys for Respondent*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, counsel for Defendant-Appellee certifies that this Brief complies with the Court's type-volume limitation rules.  This Brief was printed in Times New Roman font at 14 points.  According to the word-count calculated by Microsoft Word, this brief contains 1,492 words, which is within the 14,000 word limit.


/s Margaret J. Jantzen
MARGARET J. JANTZEN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 4th day of November,

2019, a copy of the foregoing Brief for Respondent-Appellee, was filed

electronically.  This filing was served electronically to all parties by operation of

the Court's electronic filing system.


<u>/s/Margaret J. Jantzen</u>

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

———————————

2019-2283

———————————

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

———————————

## ON MOTION

———————————

## O R D E R

Upon consideration of Lynett S. Wilson's unopposed motion to extend the time to file her initial brief,

IT IS ORDERED THAT:

The motion is granted to the extent that the briefing schedule is stayed per Fed. Cir. R. 31(c) pending disposition

2                                                    WILSON v. DVA

of the Department of Veterans Affairs' motion to dismiss or
transfer the case.

FOR THE COURT

November 07, 2019          /s/ Peter R. Marksteiner
       Date                Peter R. Marksteiner
                           Clerk of Court

s29

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON

       **Plaintiff,**

       **v.**

ROBERT WILKIE, SECRETARY,
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

       **Defendant.**

**DOCKET NO.  2019-2283**

## PETITIONER'S OBJECTION TO
## RESPONDENT'S MOTION TO DISMISS OR TRANSFER

NOW COMES the Petitioner, Lynett S. Wilson, by and through her undersigned attorney and objects to Respondent's Motion to Dismiss or Transfer her Petition for Review (PFR) for Lack of Jurisdiction as the this Court does have jurisdiction because the Petitioner is not seeking a decision on the merits of a mixed case and "a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed"[1] as in the instant case. Therefore, Petitioner's Petition for Review (PFR) is properly before this Court as it is a PFR of the Board's Final Decision (FD) to dismiss her appeal based on the Civil Service issues noted in the Statement of Discrimination (Form 10)[2] filed with this Court on September 10, 2019.

---

[1] Thus, a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

[2] The petition seeks review of only of the Board's or Arbitrator's dismissal of the case for lack. of jurisdiction or untimeliness.  Case Summary Docket No. 9

1

## NATURE OF PETITION FOR REVIEW

As allowed by 5 U.S.C. § 7703[3] Petitioner's instant PFR challenges the Board's Final Decision (FD) to dismiss her appeal for lack of jurisdiction. The Petitioner challenges the Board's dismissal because it was issued without the Board addressing relevant non-discriminatory Civil Service issues raised by Plaintiff in her appeal, and "a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed."[4] Plaintiff's is challenging the Board's dismissal of her appeal as it was issued due to improper application of law, is unsupported by the evidence, and was arbitrary and capricious.[5] Additionally, Petitioner incorrectly cited the holding of *Daniels v. United States Postal Service,* 726 F.2d 723, 724 (Fed. Cir. 1984) as its main support for its motion to transfer or dismiss as explained herein.

### *Daniels v. United States Postal Service,* **726 F.2d 723, 724 (Fed. Cir. 1984).**

Respondent incorrectly claims *Daniels* states "'mixed claims' must be resolved by a

---

[3] Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision. 5 U.S.C.S. § 7703 (a)(1) (2019).

[4] Thus, a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

Thus, a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent.

[5] **(c)** In any case filed in the Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
**(1)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
**(2)** obtained without procedures required by law, rule, or regulation having been followed; or
**(3)** unsupported by substantial evidence; 5 U.S.C.S. § 7703(c) (LexisNexis, Lexis Advance through Public Law 116-68, approved November 8, 2019).

2

district court."[6]  That is not what *Daniels* held, it held this Court will retain jurisdiction if an express written statement is made by counsel that the issue of racial discrimination has not been and will not be pursued and "If no such statement is made then the case may be transferred to a U.S. District Court pursuant to 28 U.S.C. § 1631."  The Petitioner's Statement of Discrimination (From 10) did waive her discrimination claim to the extent required for this Court to exercise jurisdiction and transfer or dismissal is inappropriate.

Furthermore, District Courts hold that "when a complaint presents a mixed case, and the MSPB dismisses it, the employee must resort to the Federal Circuit for review of any civil-service issue, but reserves claims under federal antidiscrimination law for adjudication in district court."[7]  The Petitioner's PFR raised only Civil Service issues as confirmed in her September 10, 2019 Statement of Discrimination requesting this Court to address the Civil Services issues concerning the dismissal of her appeal.

## CONCLUSION

Petitioner is not seeking a decision on the merits of a mixed case, she is seeking review of the Board's decision to dismiss and "a district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed."[8]  Therefore, for the reasons herein the Petitioner respectfully requests the Respondent's Motion to Dismiss or Transfer be denied.

---

[6] *Respondent's Motion to Dismiss or Transfer, Supra* at footnote 2, Docket Number13.

[7] *Perry* v. *MSPB*, 137 S. Ct. 1975, 1979, 198 L. Ed. 2d 527 (2017)."  *Fuerst* v. *Wilson*, No. 3:18-cv-316, 2019 U.S. Dist. LEXIS 163894, at *15 (S.D. Ohio Sep. 25, 2019).held that

[8] *Supra,* at footnote 4.

Date: <u>November 19, 2019</u>                    Respectfully submitted for Plaintiff
                                                 By her attorney,

                                                 */s/Robert F. Stone*
                                                 Robert F. Stone, Esq.
                                                 Law Office
                                                 P.O. Box 183
                                                 South Deerfield, MA 01373
                                                 Phone (413) 369-4421
                                                 rfstoneesq@comcast.net

### CERTIFICATE OF SERVICE

I, Robert F. Stone, Esq., hereby certify that on November 1, 2019 I caused the foregoing to

be served on the Clerk of the U.S. Court of Appeals for the Federal Circuit electronically via

its CM/CFM system, and Petitioner's Representative via E-mail follows:

        Clerk of the Court
        U.S. Court of Appeals for
        the Federal Circuit
        717 Madison Place, N.W.
        Washington, DC 20239

        Margaret J. Jantzen
        Trial Attorney
        U.S. Department of Justice
        Civil Division, Commercial Litigation Branch
        National Courts Section
        P.O. Box 480
        Ben Franklin Station
        Washington, DC 20044
        mjantzen@CIV.USDOJ.GOV>

Date: <u>November 19, 2019</u>                    Signed: */s/Robert F. Stone*
                                                             Robert F. Stone

4

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**Christa K. Berry, Clerk**

Edward T. Gignoux U.S.
Courthouse
156 Federal Street
Portland, Maine 04101
(207) 780-3356



Margaret Chase Smith Federal
Building and U.S. Courthouse
202 Harlow Street
Bangor, Maine 04401
(207) 945-0575

June 10, 2020

Peter R. Marksteiner, Clerk
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

RE:    LYNETT S. WILSON v. DEPARTMENT OF VETERANS AFFAIRS
       DISTRICT OF MAINE CIVIL NO. 2:20-cv-00019-NT
       U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT NO. 2019-2283

Dear Mr. Marksteiner,

On June 8, 2020, U.S. District Judge Nancy Torresen entered an order retransferring
this case to the Federal Circuit. Enclosed please find a copy of the retransfer order, docket
sheet and copies of the documents filed with this court following receipt of the transfer.

Sincerely,

CHRISTA K. BERRY, CLERK

By:

/s/ Melody Dalphonse
Deputy Clerk

RECEIVED

JUN 1 7 2020

United States Court of Appeals
For The Federal Circuit

# U.S. District Court

## District of Maine

**Notice of Electronic Filing**

The following transaction was entered on 6/8/2020 at 4:27 PM EST and filed on 6/8/2020

**Case Name:**  WILSON v. DEPARTMENT OF VETERANS AFFAIRS
**Case Number:**  2:20-cv-00019-NT
**Filer:**
**Document Number:** 22(No document attached)

**Docket Text:**
**ORDER - terminating [10] Order to Show Cause; No Action Necessary on [15] Motion to Remand to U.S. Court of Appeals for the Federal Circuit ; granting [21] Unopposed Motion to Remand to U.S. Court of Appeals for the Federal Circuit. The Plaintiff has clearly indicated that he is bringing no claim of discrimination to this court and, therefore, I lack jurisdiction of this case. Without objection of the Department of Veterans Affairs, I hereby retransfer this case to the Federal Circuit. By JUDGE NANCY TORRESEN. (mnd)**


**2:20-cv-00019-NT Notice has been electronically mailed to:**

BRUCE M. MERRILL    mainelaw@maine.rr.com

JOHN G. OSBORN    john.osborn2@usdoj.gov, caseview.ecf@usdoj.gov, melissa.bubar@usdoj.gov, usame.ecf@usdoj.gov

ROBERT F. STONE    rfstoneesq@comcast.net

**2:20-cv-00019-NT Notice has been delivered by other means to:**

RECEIVED

JUN 1 7 2020

United States Court of Appeals
For The Federal Circuit

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

LYNETT S. WILSON                                     )
                                                     )
        Plaintiff,                           )
                                                     )
    v.                                          )   Case No.: 2:20-cv-00019-NT
                                                     )
DEPARTMENT OF VETERANS AFFAIRS,                      )
                                                     )
        Defendant.                           )
                                                     )

## NOTICE OF APPEARANCE

Please enter my appearance as counsel for the Defendant in the above-captioned case. All future filings and notices should also be sent to the undersigned.

Dated:  January 31, 2020               Respectfully submitted,

                                        HALSEY B. FRANK
                                        UNITED STATES ATTORNEY


                                        /s/ John G. Osborn
                                        John G. Osborn
                                        Chief, Civil Division
                                        Assistant United States Attorney
                                        U.S. Attorney's Office
                                        100 Middle Street Plaza, East Tower
                                        Portland, ME  04101
                                        (207) 780-3257
                                        john.osborn2@usdoj.gov

RECEIVED

JUN 1 7 2020

United States Court of Appeals
For The Federal Circuit

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I electronically filed the foregoing using the CM/ECF system which will send notifications of such filing(s) to all attorneys of record.

Dated:  January 31, 2020

HALSEY B. FRANK
UNITED STATES ATTORNEY


/s/ John G. Osborn
John G. Osborn
Chief, Civil Division
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
john.osborn2@usdoj.gov

2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| LYNETT S. WILSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:20-cv-00019-NT |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO WITHDRAW AS LEAD COUNSEL

Defendant, Department of Veterans Affairs, requests that Attorney Margaret Jantzen,

with the United States Department of Justice, be allowed to withdraw as lead counsel of record

for Defendant in the above-captioned case and that Assistant United States Attorney John G.

Osborn be substituted as lead counsel for Defendant.

Assistant United States Attorney John G. Osborn has entered an appearance for

Defendant in this case.

WHEREFORE, Defendant respectfully request that the Court grant this Motion to

Withdraw as Lead Counsel.

Dated:  February 3, 2020

Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY

*/s/ John G. Osborn*
John G. Osborn
Chief, Civil Division
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
john.osborn2@usdoj.gov

1

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020, I electronically filed the foregoing using the CM/ECF system which will send notifications of such filing(s) to all attorneys of record.


HALSEY B. FRANK
UNITED STATES ATTORNEY


*/s/ John G. Osborn*
John G. Osborn
Chief, Civil Division
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
john.osborn2@usdoj.gov

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **LYNET S. W WILSON,** ) | **CIVIL ACTION NO: 2:**20-CV-00019-NT |
| ) | |
| **Appellant,** ) | **APPELLANT'S MOTION TO** |
| ) | **PARTICIPATE IN FEBRUARY 25, 2020** |
| **PARTICIPATE** ) | **TELPHONE PENDING PRO HAC VICE** |
| ) | **APPLICATION** |
| ) | |
| **v.** ) | |
| ) | |
| **ROBERT WILKIE, SECRETARY,** ) | |
| **U.S DEPARTMENT OF VETERANS** ) | |
| **AFFAIRS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

NOW COMES comes the Appellant, Lynett S. Wilson (hereinafter "Ms. Wilson"), and respectfully requests this Court allow her Massachusetts Attorney, Robert F. Stone, Esq. (hereinafter, "Attorney Stone") to particiapte in the telephone conference schedulrd for 4:00 P.M., February 25, 2020 to determine the matters now before this Court and permit Ms. Wilson and her attorney to meaningfull select a Maine attorney who is a member of this Court to enable this case to submit his pro hac vice appearance and proceed accordingly. This motion was discsused with the Assistant U.S. Attorney, John Osborn, on February 19, 2020 and he as does not object the the relief requested.

Additionally, this request is made following a hearing before the U.S. Merit Syrtems Board (hereinafter "the Board") for improper discharge forced, involuntary leave in excess of 14 day, and discrimination. Ms.Wilson had the right to appeal the Board's unfavorable decision to the Board with a forum able to hear her appeal and overturn the final decision if appropriate but

1

the Board does not have any members. Therefore, Ms. Wilson filed her appeal with the Federal Court of Appeals as the final Decion did not properly apply the law, was arbitrary and capicious, and misinetpreted the facts to ensure he appealwas heard in a tmely manner whichwas transferred to this Court.

Submitted for Appellant by her attorney,

*/s/Robert F. Stone. Esq.*
Robert F. Stone (BBO # 644258)
Law Office
P.O. Box 183
South Deerfield, MA 01373
(413) 369-4421
rfstonecsq@comcast.net

## CERTIFICATE OF SERVICE

I, Robert F. Stone, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participant.

Asst. U. S. Attorney John Osborn
U, S. Department of Justice
Civil Division
100 Middle Street, East Tower
6th Floor
Portland, ME 04101

Dated:  February 23, 2020                    Signed: */s/Robert F. Stone*
                                             Robert F. Stone
                                             Appellant's Attorney
                                             Law Office
                                             P.O. Box 183
                                             South Deerfield, MA 01373
                                             Phone (413) 369-0303

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

~~LYNETT S. WILSON,~~        )    CIVIL ACTION NO: 2:20-CV-00019-NT

                               )

                               )    APPELLANT'S RESPONSE TO SHOW

             **Appellant,**      )    CAUSE ORDER AND MOTION TO

                               )    REMAND TO THE FEDERAL CIRCUIT

                               )

**ROBERT WILKIE, SECRETARY,**     )

**U.S DEPARTMENT OF VETERANS**     )

**AFFAIRS,**                             )

                               )

             **Defendant.**      )

                               )

NOW COMES the Appellant, Lynett S. Wilson (hereinafter "Ms. Wilson"), and respectfully states the U.S. District Court for the District of Maine (hererinafter "this Court") lacks appellate jurisdiction to hear and adjudicate her termination appeal to the Merit System Protection Board (MSPB)[1] absent discrimination matters.[2] Accordling, Ms. Wilson contends she has been unable to properly prosecute this case as it was erroneously removed to this Court and could not file a brief arguing this Court should accept jurisdiction and adjudicate her appeal. Consequently, Ms. Wilson's appeal should be remanded to the U.S. Court of Appeals for the

---

[1] **(c)** In any case filed in the Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
**(1)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
**(2)** obtained without procedures required by law, rule, or regulation having been followed; or
**(3)** unsupported by substantial evidence; 5 U.S.C.S. § 7703(c) (LexisNexis, Lexis Advance through Public Law 116-68, approved November 8, 2019).

[2] The district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *As true*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

1

Federal Circuit (hereinafter "Federal Circuit"). Indeed, statue and precedent confirms Ms. Wilson's appeal should not have been removed to from the Federal Circuit to this Court which lacks subject jurisdiction.[3]

## HISTORY

On June 20, 2018 Ms. Wilson timely appealed for an unfavorable determination of her termination with the Federal Circuit in accordance with statute,[4] and the appeal rights given to her in the MSPB Final Decision. Accordingly, this Court lacks subject matter jurisdiction[5] as Ms. Wilson's appeal is absent a claim of discrimination and was properly before the Federal Circuit when it was removed to this Court.

## MS. WILSON'S APPEAL WAS MISTAKENLY REMOVED FROM THE FEDERAL CIRCUIT.

Absent a question of discrimination in Ms. Wilson's appeal she could only appeal the MSPB Final Decision regarding her termination to the Federal Circuit or MSPB. Ms. Wilson chose to appeal her termination to the Federal Circuit[6] as the MSPB currently lacks the forum necessary to decide her appeal. If Ms. Wilson had appealed directly to the MSPB a decision on her appeal would be delayed for years due to the appeal backlog caused by the MSPB lack of a forum. Hence, since Ms. Wilson's appeal did not contain a matter of discrimination she filed with the Federal Circuit. However, the Agency managed to have Ms. Wilson's appeal removed

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6]*Supra,* at note 1.

to this Court even though it lacks a matter of discrimination. In fact Ms. Wilson's filings contained a mandatory *Fed. Cir. R.15(c), "Statement Concerning Discrimination."*[7] The statement informed the Federal Circuit and Agency Ms. Wilson' was absent discrimination matters making it clear the U.S. District Courts lack subject matter jurisdiction and this case should have remained in the Federal Circuit.

## MS. WILSON PROPERLY FILED HER APPEAL WITH THE FEDERAL CIRCUIT.

District courts hold that "when a Federal employee presents an appeal of a mixed-case the employee must resort to the Federal Circuit for review of any civil-service issue, but reserves claims under federal antidiscrimination law for adjudication in district court."[8] Termination is a civil-service issue over which this Court lacks jurisdiction. and when Ms. Wilson filed her appeal she abandoned the discrimination matters, and informed the Federal Circuit she had abandoned her discrimination claims in the required in the *Statement Concerning Discrimination*[9] of *Petitioner* required by *Fed. Cir. R.15(c).*[10] In short, Ms. Wilson's appeal only raises denial of due process, improper application of law, and violation of Agency rules and regulations. Ms. Wilson did not raise any discrimination matters when she filed her appeal in the Federal Circuit; she only raised Civil Service matters. Accordingly, Ms. Wilson's appeal should be remanded to the Federal Circuit without action by this Court as explained herein.

---

[7]*Supra,* at note 4.

[8] *Supra,* at note 3.

[9]*Petitioner' Fed. Cir. R.15(c) Concerning Discrimination*[9] attached and incorporated herein as Appellant's **Exhibit A.**

[10] *Id.*

3

## REMOVING MS. WILSON'S APPEAL TO THIS COURT
## VIOLATED STATUE AND PRECEDENT

It is undisputed that when a Federal employee pursues a mixed-case complaint in the Federal Circuit, they abandon their discrimination claims;[11] "Congress did not direct or contemplate bifurcated review"[12] of mixed-cases under 5 U.S.C.] § 7702.[13] Simply put, an employee cannot in mid-course abandon a mixed-case appeal when they choose to file in the Federal Circuit. Consequently, federal employees abandon their discrimination claims when they file their appeal with the Federal Circuit absent discrimination. Therefore, since there is no claim of discrimination before this Court it lacks subject matter jurisdiction.[14] Accordingly, Ms. Wilson's appeal should be returned to the Federal Circuit to ensure she receives a constitutionally protected fair hearing. Indeed, returning this case to the Federal Circuit will preserve Ms. Wilson's right to a fair hearing before a forum of competent jurisdiction, failure to remand Ms. Wilson's appeal to the Federal Circuit and deny her due process.

## MS. WILSON'S TERMINATION APPEAL WAS PROPERLY FILED WITH
## FEDERAL CIRCUIT AND THE AGENCY ERROUNESLY HAD IT
## TRANSFERED TO THIS COURT.

The Agency mistakenly argues Ms. Wilson's case is properly before this Court even though it is absent discrimination, and discrimination must be present for this Court to have

---

[11] ("If the employee pursues the mixed case in the Federal Circuit, then she abandons her discrimination claims . . . ."). *Powell* v. *Department of Defense*, 158 F. 3d 597, 598, 332 U.S. App. D.C. 353 (1998).

[12] *Id.*

[13] *Id.* ("Congress did not direct or contemplate bifurcated review" of mixed cases under [5 U.S.C.] § 7702."); *cf. Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990).

[14] *Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983).

jurisdiction, Ms. Wilson's appeal lacks a discrimination matter abd this Court lacks jurisdiction.[15] Additiomally, in being absent a discrimination matter the MSPB's Final Decision was dismissed on procedural and threshold grounds and the Federal Circuit is the proper forum[16] as "this Court lacks appellate jurisdiction and the Federal Circuit was the proper forum for judicial review."[17] In short, the Federal Circuit is bound by statue and precedent to exercise jurisdiction in Ms. Wilson's appeal because the MSPB's Final Decision is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and unsupported by substantial evidence; hence, this Court lacks jurisdiction;[18] Ms. Wilson" appeal should be returned to the Federal Circuit.

## CONCLUSION

The Agency knew, or should have known, this Court lacks subject matter jurisdiction when it had this appeal removed to this Court. However, instead of defending the Agency's termination before a forum of competent jurisdiction it managed to have Ms. Wilson's appeal removed to this Court. The removal complicates the issues, waste judicial time and resources, and unreasonably increase the costs for Ms. Wilson and the government. The erroneous removal to this Court also prevents the Agency's mistakes and violation of its own rules and regulations from coming to light. Therefore, Ms. Wilson's appeal should be returned to the Federal Circuit for adjudication as it is the Court with appellate jurisdiction.

---

[15] *Supra,* at note 3.

[16] *Supra,* at note 2.

[17] *Powell* v. *Department of Defense*, 158 F. 3d 597, 598, 332 U.S. App. D.C. 353 (1998).

[18] 5 U.S.C.S. § 7703(c) (LexisNexis, Lexis Advance through Public Law 116-68, approved November 8, 2019).

5

Date: <u>March 19, 2020</u>

Submitted for Appellant by her
attorney,

*/s/Robert F. Stone. Esq.*
Robert F. Stone (BBO # 644258)
Law Office
P.O. Box 183
South Deerfield, MA 01373
(413) 369-4421
rfstoneesq@comcast.net

### CERTIFICATE OF SERVICE

I, Robert F. Stone, hereby certify that this document filed through the ECF system will be

sent electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) and paper copies will be sent to those indicated as non-registered participant.

Asst. U. S. Attorney John Osborn
U, S. Department of Justice
Civil Division
100 Middle Street, East Tower
6th Floor
Portland, ME 04101

Dated: <u>March 19, 2020</u>

Signed: */s/Robert F. Stone*

# APPELLANT'S EXHIBIT

# "A"

FORM 10. Statement Concerning Discrimination

Form 10
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LYNETT S. WILSON     v.     DEPARTMENT OF VETERANS AFFAIRS

No.     2019-2283

## PETITIONER'S FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION
### Please complete sections A, B, and C.

**Section A:**

Check the statements below that apply to your case. Usually, it is one statement, but it may be more. Do not alter or add to any of the statements.

☐ (1) No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case.

☐ (2) Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court.

☒ (3) The petition seeks review only of the Board's or arbitrator's dismissal of the case for lack of jurisdiction or for untimeliness.

☐ (4) The case involves an application to the Office of Personnel Management for benefits.

☐ (5) The case was transferred to this court from a district court and I continue to contest the transfer.

**Section B:**

Answer the following: Have you filed a discrimination case in a United States district court from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

**Section C:**

Answer the following: Have you filed a discrimination case in the Equal Employment Opportunity Commission from the Board's or arbitrator's decision? ☐ Yes ☒ No  If yes, identify any case.

Sep 2, 2019
_____
Date

_____ eas
Petitioner's signature

Mail this form with the petition for review or within 14 days of the date of docketing of the petition for review to:

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

cc:    Agency (DVA) Counsel, Joshua R. Carver

Reset Fields

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| LYNETT S. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:20-cv-00019-NT |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AND MOTION TO REMAND TO THE FEDERAL CIRCUIT

Defendant, the United States Department of Veterans Affairs (the "VA"), by and through undersigned counsel for the United States of America (the "United States"), hereby responds in opposition to the Response to the Court's Show Cause Order (ECF No. 11; "Response") filed by Plaintiff, Lynett S. Wilson ("Wilson"), which Response incorporates a motion to remand to the United States Court of Appeals for the Federal Circuit (the "Federal Circuit"). For the reasons set forth below, Wilson's case should be dismissed for failure to prosecute her claim as she has declined to show cause for failing to file a pro hac vice certification or brief regarding a pathway forward and because she has conceded that she does not wish to pursue her claim in this Court. The United States does not take a position regarding Wilson's motion to remand.

## I.   BACKGROUND

### a.  Wilson's MSPB Petition

On June 28, 2017, Wilson filed a petition for appeal to the Merit Systems Protection Board ("MSPB"), alleging that the VA had constructively suspended her from her position as a radiologic technologist at the Togus VA Medical Center ("Togus VAMC") when it allegedly failed to accommodate her disability, thereby forcing her into unpaid status from September 28,

1

2016 to June 12, 2017. See MSPB Initial Decision, dated May 16, 2019, at 1, <u>ECF No. 1-3</u>;

PageID #10 ("Initial Decision")]. Because the act underlying the alleged constructive

suspension was an alleged failure to accommodate her disability, Wilson's case before the MSPB

was a "mixed case" under the Civil Service Reform Act of 1978 ("CSRA"), <u>5 U.S.C. § 1101</u> *et*

*seq. See Kloeckner v. Solis*, <u>568 U.S. 41, 44</u> (2012) ("When an employee complains of a

personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on

discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'") (emphasis

in original).

### b. *The Administrative Judge's Initial Decision*

On May 16, 2019, the MSPB Administrative Judge issued an Initial Decision in Wilson's

case, dismissing her appeal for lack of MSPB jurisdiction because she "has not proven that she

was constructively suspended during the period at issue." Initial Decision at 1, 14. The

Administrative Judge reached that conclusion based on the findings that (1) the VA had engaged

in the required interactive process that follows a request for accommodation and (2) Wilson had

not shown that she had been sufficiently responsive to the VA's requests for medical

information. *Id.* at 13.

The Initial Decision provided detailed instructions to Wilson regarding her appeal

options. First, the following notice was provided to Wilson:

### NOTICE TO APPELLANT

This initial decision will become final on **June 20, 2019**, unless a petition
for review is filed by that date. This is an important date because it usually is the
last day on which you can file a petition for review with the [MSPB].

*Id.* at 14 (emphasis in original). Following an explanation about time limits and process for

filing a petition for review of the Initial Decision with the MSPB (identified as the "Board" in

2

the Initial Decision), the Initial Decision explained the impact of the current MSPB vacancies,

indicating that petitions for review of an Administrative Judge's decision could still be filed with

the MSPB and that "[t]he lack of a quorum does not serve to extend the time limit for filing a

petition or cross petition." *Id.* at 15.  The Initial Decision then states "[f]or alternative review

options, please consult the section below titled 'Notice of Appeal Rights,' which sets forth other

review options." *Id.*

In the "Notice of Appeal Rights" section, the Initial Decision states:

> You may obtain review of this initial decision only after it becomes final,
> as explained in the "Notice to Appellant" section above. <u>5 U.S.C. § 7703(a)(1)</u>.
> By statute, the nature of your claims determines the time limit for seeking such
> review and the appropriate forum with which to file. <u>5 U.S.C. § 7703(b)</u>.

*Id.* at 18.  The Initial Decision then lays out guidance for "**(1) Judicial review in general**,"

indicating that, as a general rule, a petition for review of a final MSPB order must be filed with

the Federal Circuit "within **60 calendar days** of <u>the date this decision becomes final</u>." *Id.* at 18-

19 (emphasis in original).

The Initial Decision then lays out guidance for "**(2) Judicial or EEOC review of cases**

**involving a claim of discrimination**," indicating that:

> [y]ou may obtain judicial review of this decision – <u>including a disposition of your
> discrimination claims</u> – by filing a civil action with an appropriate U.S. district
> court (not the U.S. Court of Appeals for the Federal Circuit), within **30 calendar
> days** <u>after this decision becomes final</u> under the rules set out in the Notice to
> Appellant section above. <u>5 U.S.C. § 7703(b)(2)</u>; *see Perry v. Merit Systems
> Protection Board*, 582 U.S. __, <u>137 S.Ct. 1975</u> (2017).

*Id.* at 19. (emphasis in original).

### c.  *Wilson's Appeal to the U.S. Court of Appeals for the Federal Circuit*

On August 19, 2019 – 60 days after the Initial Decision became final – Wilson filed a

petition for review with the Federal Circuit, indicating "[t]he MSPB Order became final on June

20, 2019." (ECF No. 1-3; PageID #9). On about September 2, 2019, Wilson filed a "Petitioner's Fed. Cir. R. 15(c) Statement Concerning Discrimination" ("Rule 15(c) Statement"), a fillable form that must be completed by all petitioners seeking review of MSPB decisions in the Federal Circuit. (ECF No. 1-6; PageID #37); *see also* Fed. Cir. R. Prac. 15(c). In Section A of her Rule 15(c) Statement, Wilson indicated that she sought review of the MSPB's dismissal of her case for lack of jurisdiction or for untimeliness, but she did **not** indicate either (1) that no claim of discrimination "has been or will be made in this case" or (2) that any claim of discrimination "raised before and decided by the [MSPB] or arbitrator has been abandoned or will not be raised or continued in this or any other court." *Id.*

On about November 4, 2019, the VA, through the United States, moved to dismiss Wilson's case or transfer it to the appropriate United States district court. (ECF No. 1-20; PageID #103). The VA sought dismissal or transfer based on the ruling by the United States Supreme Court (the "Supreme Court") in *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975 (2017), that, in a mixed case, even where the MSPB has denied the employee's claim on jurisdictional grounds, the Federal Circuit does not have jurisdiction to hear the employee's appeal of the MSPB decision, and the proper court to hear the employee's appeal is the appropriate United States district court. ECF No. 1-20; PageID ##107-09. On about November 19, 2019, Wilson filed her objection to the United States' motion, arguing that the Federal Circuit did have jurisdiction because "[t]he Petitioner's Statement of Discrimination (From (sic) 10) did waive her discrimination claim to the extent required for this Court to exercise jurisdiction and transfer or dismissal is inappropriate." (ECF No. 1-21; PageID #115). On January 17, 2020, the Federal Circuit, relying on *Perry*, granted the VA's motion and transferred the case to this Court pursuant to 28 U.S.C. § 1631. (ECF No. 1).

4

### d. *Progress of the Case in this Court*

On February 26, 2020, the Court conducted a telephonic conference with the parties regarding forum, venue, and jurisdictional issues relating to Wilson's appeal of the MSPB's final decision. At the conference, the Court ordered Wilson to file a brief regarding those issues and a procedural path forward, along with a *pro hac vice* certification, by March 10, 2020. (ECF No. 8). On March 16, 2020, the Court issued an Amended Order to Show Cause why the case should not be dismissed for failure to prosecute in light of Wilson's failure to file the brief and certification requested by the Court by the specified deadline. (ECF No. 10). On March 20, 2020, Wilson filed her Response, to which the VA now responds.

## II.   WILSON'S RESPONSE IS FLAWED FROM MULTIPLE PERSPECTIVES

In her Response, Wilson essentially argues that she has not failed to prosecute her case, but rather she is unable to prosecute because this Court "lacks appellate jurisdiction to hear and adjudicate her termination appeal to the [MSPB] absent discrimination matters." Response at 1. This, states Wilson, is because she abandoned her discrimination claim when she filed her appeal with the Federal Circuit, *id*. at 3-4, and thus this Court lacks subject matter jurisdiction over her case. *Id*. at 4-5. As a result, Wilson requests that the Court "remand" her case back to the Federal Circuit. *Id*. at 1. As set forth below, Wilson's position is factually inaccurate, misapplies clear Supreme Court precedent, and seeks relief that this Court may be unable to provide.

### a. *Wilson Concedes that She Has No Intention of Prosecuting Her Case in this Court*

This Court has twice ordered counsel for Wilson to file a Certification for Admission Pro Hac Vice for this case, on January 27, 2020, and on February 4, 2020. As of April 21, 2020, counsel for Wilson has not complied, a clear indication that she does not intend to prosecute her

5

Case: 19-2283    Document: 18    Page: 23    Filed: 07/13/2020

case in this Court. Wilson consistently has denied that this Court has jurisdiction over her claims, also a clear indication that she does not intend to prosecute her case in this Court. *See generally* Response. Moreover, at the February 25, 2020 telephone conference with the Court, counsel for Wilson made clear that she had no interest in moving forward in this Court. Finally, in responding to the Court's order to show cause, Wilson does not provide an excuse for failing to file either a Pro Hac Vice Certificate or a brief regarding the Court's path forward in this case, which is what she was ordered to do. Rather, Wilson reaffirms that she has no interest in prosecuting her case before the Court. *See generally* Response. In response to the Court's demand that Wilson justify her failure to file those two ordered documents, Wilson's response is not to provide justification for her failure in that regard, but instead to claim that this Court "lacks subject matter jurisdiction." Response at 2, 3, 4, 5.

### b. *Wilson's Response Rests on Inaccurate Factual Underpinnings*

Wilson argues that the Federal Circuit transferred her case to this Court in error because her Rule 15(c) Statement "informed the Federal Circuit and [the VA that] Ms. Wilson'[s appeal] was absent discrimination matters making it clear the U.S. District Courts lack subject matter jurisdiction and this case should have remained in the Federal Circuit." Response at 3. That assertion is simply factually inaccurate. Wilson's Rule 15(c) Statement – attached as Exhibit A to the Response – clearly declines to abandon her discrimination claim, such that Wilson's claim continued to be a "mixed case" on appeal to the Federal Circuit.

Section A of the Federal Circuit's Rule 15(c) Statement includes five numerical statements relating to potential discrimination claims, each with a box that may be checked, with the section's instructions stating "[c]heck the statements below that apply to your case. Usually, it is one statement, but it may be more." *See* Response, Ex. A. Statements 1 and 2 speak directly

6

to the presence or absence of any discrimination claim.[1] Statement 1 confirms that no discrimination claim "has been or will be made in this case." *See id.* Statement 2 confirms that any discrimination claim "raised before and decided by the [MSPB] or arbitrator has been abandoned or will not be raised or continued in this or any other court." See *id.* On Wilson's Rule 15(c) Statement, neither box is checked. *See id.*

It is clear from even the most cursory review of the Initial Decision that Wilson's claim before the MSPB rests entirely on an allegation of disability discrimination -- specifically, an alleged failure to accommodate a disability. *See generally* Initial Decision. Accordingly, Statement 2 of the Federal Circuit's Rule 15(c) Statement speaks directly to Wilson's circumstance: she had raised a claim of disability discrimination before the MSPB and therefore needed to inform the Federal Circuit as to whether she abandoned that claim. By declining to check the box for Statement 2, Wilson also declined to abandon her disability discrimination claim.

The impact of Wilson's failure to check the box for Statement 2 is not affected by the fact that Wilson did check the box for Statement 3, which says "[t]he petition seeks review only of the [MSPB's] or arbitrator's dismissal of the case for lack of jurisdiction or for untimeliness." Response, Ex. A. Statement 3 merely identifies the scope of the specific issue for review – *i.e.*, whether the issue is limited to one of jurisdiction or timeliness. It does not speak to whether Wilson was abandoning her discrimination claim. Thus, Wilson's entire argument rests on a factually erroneous premise – namely, that her Rule 15(c) Statement affirmatively waived or abandoned her discrimination claim. Because there was no such waiver, Wilson's discrimination

---

[1] Both statements speak to a "claim of discrimination by reason of race, sex, age, national origin, or handicapped condition." The United States views "handicapped condition" as encompassing disability discrimination. *See Smets v. Dep't of Navy*, 498 Fed. Appx. 1, 2012 WL 5503657, \*4 (Fed. Cir. Nov. 14, 2012).

claim remained alive at the time she filed her appeal with the Federal Circuit on August 19, 2019, meaning that her case continued to be a "mixed case" on appeal.

### c. *Wilson's Response Rests on Inaccurate Legal Underpinnings*

In opposing the United States' motion to transfer her appeal from the Federal Circuit to this Court, Wilson also argued that the Federal Circuit had jurisdiction over her appeal because she seeks review of only the MSPB's dismissal of the case for lack of jurisdiction. *See* ECF No. 1-21, PageID #114. However, the Supreme Court recently has provided clear guidance on this issue, holding that, even in the context of an appeal seeking judicial review of an MSPB dismissal on jurisdictional grounds, "in mixed cases, such as [the petitioner's], in which the employee (or former employee) complains of serious adverse action prompted, in whole or in part, by the employing agency's violation of federal antidiscrimination laws, the district court is the proper forum for judicial review." *Perry*, 137 S. Ct. at 1988.

In *Perry*, the petitioner had brought a mixed case to the MSPB, as Wilson did here. *Id.* at 1979. In *Perry*, the petitioner appealed a conclusion by the MSPB that it "lacked jurisdiction to entertain Perry's claims," as Wilson did here. *Id.* at 1982. In every relevant sense, Wilson's current case is squarely on all fours with *Perry*, meaning that Wilson needed to file a timely appeal in this Court.

For her part, Wilson appears to misread *Perry* in a significant way. For example, in *Perry*, the Supreme Court frames the question as such:

> When a complaint presents a mixed case, and the MSPB dismisses it, must the employee resort to the Federal Circuit for review of any civil-service issue, reserving claims under federal antidiscrimination law for discrete district court adjudication?

*Perry*, 137 S. Ct. at 1979. The Supreme Court answers that question with a clear "no." *Id.* at 1988. The Supreme Court had resolved a related issue earlier in *Kloeckner v. Solis*, holding that

8

the proper forum for review of a mixed case that the MSPB dismisses on procedural grounds is the appropriate federal district court. 568 U.S. 41, 50, 56 (2012). In *Perry*, the Supreme Court held "that the review route remains the same when the MSPB types its dismissal of a mixed case as 'jurisdictional.'" *Perry*, 137 S. Ct. at 1979.

Bizarrely, in her Response, Wilson takes the above-referenced block quote from *Perry*, and transforms it from a question that the Supreme Court clearly answered in the negative into an affirmative statement that she attributes to unnamed districts courts, claiming "[D]istrict courts hold that 'when a Federal employee presents an appeal of a mixed-case the employee must resort to the Federal Circuit for review of any civil-service issue, but reserves claims under federal antidiscrimination law for adjudication in the district court." Response at 3. That claim is 180 degrees removed from the clear holding in *Perry* and is simply a misstatement of controlling law.

The question of whether the Federal Circuit properly transferred Wilson's case to this Court begins and ends with *Perry*. If Wilson had any interest in maintaining a discrimination claim against the United States, she needed to have filed a timely appeal of the MSPB dismissal in this Court. Accordingly, her claim that "she has been unable to properly prosecute this case as it was erroneously removed to this Court," Response at 1, is flatly incorrect under controlling law. The Federal Circuit correctly relied on *Perry* to conclude that it lacked jurisdiction over Wilson's appeal of the MSPB decision.

### d. *Retransfer of this Case back to the Federal Circuit Appears to be Unjustified*

Wilson asks the Court to "remand" her appeal back to the Federal Circuit. Retransfer of a previously transferred case back to the transferor court is disfavored, except in extraordinary circumstances. *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006); *see also Christiansen v. Colt Industries Operating Corp.*, 486 U.S. 800, 818-19 (1988) (discussing general disapproval of

transferee court rejecting legal conclusions made by transferor court, and retransferring case back to transferor court).  It does not appear that any extraordinary circumstances exist here.

Here, the Federal Circuit determined that Wilson's case was a mixed case, such that her appeal should have been filed in federal district court.  Had Wilson withdrawn her discrimination claim before the MSPB, the Federal Circuit would have been in error in concluding it lacked jurisdiction and in transferring the case to this Court.  *See*, *e.g.*, *Jonson v. FDIC*, 877 F.3d 52, 57 (1st Cir. 2017) (holding that a federal employee can abandon his or her discrimination claim before the MSPB, thereby removing it from "mixed case" status).  However, there is no evidence that she did so, a conclusion reinforced by her failure to check the box for Statement 2 (abandonment of discrimination claims) in her Rule 15(c) Statement.  *See* Response, Ex. A. Accordingly, as of the date on which Wilson filed her appeal with the Federal Circuit, her case was a "mixed case," the Federal Circuit lacked jurisdiction to hear her case under *Perry*, and therefore the "extraordinary circumstances" that might support retransfer to the Federal Circuit appear to be absent.[2]

## III.  CONCLUSION

Ms. Wilson filed her MSPB appeal in the wrong court.  That court, the Federal Circuit, transferred her case, pursuant to 28 U.S.C. § 1631, to the only court "in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.  Unless this Court finds that Wilson has abandoned any discrimination claim in her filings with this Court and that such subsequent abandonment suffices to confer the Federal Circuit with jurisdiction over her MSPB appeal, then retransfer does not appear to be an option.

---

[2]  It may be that a formal and unqualified abandonment of her discrimination claim in this Court may establish the Federal Circuit's subject matter jurisdiction over her appeal of the MSPB decision.  The United States has not found case law squarely addressing the issue.

Assuming the Court does not discover an avenue by which it can properly retransfer Wilson's case to the Federal Circuit, the Court appears to be left with two paths forward: (1) dismiss Wilson's case for lack of prosecution; or (2) order Wilson to draft an operative complaint, the filing date of which, for purposes of a timeliness inquiry, would be August 19, 2019, the date on which Wilson filed her appeal with the Federal Circuit (as required by 28 U.S.C. § 1631)).

However, the United States intends to move to dismiss Wilson's case as untimely given that its operative filing date is August 19, 2019, well past the 30-day deadline set forth in the CSRA for filing an appeal in federal district court. 5 U.S.C. § 7703(b)(2). The substance of Wilson's anticipated discrimination complaint is largely irrelevant to a timeliness inquiry in which the operative dates (the initial decision and the filing of her appeal) are a matter of record. Given the high likelihood of dismissal for untimeliness (admittedly, high in the United States' view), it may be a waste of Wilson's resources to file a substantive complaint in a case that appears on its face to be untimely. It may be more efficient for the parties to stipulate to operative dates and brief the issue of timeliness prior to the filing of any formal complaint.

Dated: April 21, 2020

Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY

/s/ John G. Osborn
John G. Osborn
Chief, Civil Division
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME 04101
(207) 780-3257
john.osborn2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2020, I electronically filed the foregoing using the CM/ECF system which will send notifications of such filing(s) to all attorneys of record.

Dated:  April 21, 2020

HALSEY B. FRANK
UNITED STATES ATTORNEY


/s/ John G. Osborn
John G. Osborn
Chief, Civil Division
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
john.osborn2@usdoj.gov

12

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

LYNETT S.WILSON,           )
                           )
            Appellant,     )
                           )        CIVIL ACTION NO: 2:20-CV-00019-NT
                           )                                          )
ROBERT WILKIE, U.S DEPARTMENT )
OF VETERANS AFFAIRS,       )
                           )
            Defendant.     )
                           )

## APPELLANT'S RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO REMAND AND SHOW CAUSE ORDER

NOW COMES the Appellant, Lynett S. Wilson (hereinafter "Ms. Wilson"), in response to Defendant Robert Wilkie, U.S. Department of Veterans Affairs (hereinafter "Defendant") respone to her Motion to Remand. Ms. Wilson respectfully states the U.S. District Court for the District of Maine (hererinafter "this Court") lacks jurisdiction to review Merit Systems Protection Board (MSPB) decisions on Civil Service Reform Act (CSRA) issues in this mixed-case appeal. Also, Defendant's position Ms. Wilson" appeal is untimely because she filed with the the U.S. Appeals Court for the Federal Circuit (hereinafter "Federal Circuit") instead of this Court is time barred is flawed and inconsistent with statute. Ms Wilson's appeal of the MSPB action concerning CSRA matters are within the jurisdiction of with the Federal Circuit, and filing with that Court tolls Ms.Wilson's right to file a discrimination claim with this Court[1] until her

---

[1] In any case in which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency.

1

appeal on forced leave without pay (LWOP), and termination is decided by the Federal Circuit.

Additionally, Ms. Wilson's Federal Circuit appeal is absent claims of discrimination and was properly before that Court as it is the Court which has exclusive appellate jurisdiction in this case.[2]

Accordingly, Ms. Wilson contends she has been unable to properly prosecute this case as it was erroneously removed to this Court which prevented her from properly prosecuting her appeal.[3] Indeed, Ms. Wilson's appeal was erroneously removed from the Federal Circuit and should be remanded.

## HISTORY

Ms. Wilson incorporates herein by reference the Defendant's historical version of the

---

**5 USC § 7702(f), (2020).**

[2] **The district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed** [emphasis added], **frivolous, expressly abandoned, or entirely absent. the Federal Circuit Court of Appeals retains exclusive jurisdiction over petitions for review of MSPB decisions. (5 U.S.C. § 7703(b) and 28 U.S.C. § 1295(a)(9); Claimants must file petitions for review of** "mixed cases" **in federal district court if the petition alleges discrimination prohibited by** Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a(c)), or section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 216(b)). 5 U.S.C. § 7703(b)(2); *Coffman*, 328 F.3d at 621-22 (holding that "mixed cases" must be brought [*7] before a federal district court); *Washington*, 10 F.3d at 1428 (same); *Williams v. Dep't of the Army*, 715 F.2d 1485, 1491 (Fed. Cir. 1983) (same). *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009). (◆Small v. Astrue, 2009 U.S. Dist. LEXIS 134067.)

[3] **(c)** In any case filed in the Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
**(1)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
**(2)** obtained without procedures required by law, rule, or regulation having been followed; or
**(3)** unsupported by substantial evidence; **5 U.S.C.S. § 7703(c) (LexisNexis, Lexis Advance through Public Law 116-68, approved November 8, 2019).**

history of the instant appeal that was timely filed in the Federal Circuit on June 20, 2018[4]
pursuant to statue and case precedent which confirm Ms. Wilson's appeal should not have been
removed from the Federal Circuit to this Court.[5]   Ms. Wilson's timely appeal with the Federal
Circuit for the MSPB unfavorable determination of her termination[6] was in accordance with the
appeal rights given to her by the MSPB with its Final Decision. The appeal rights she received
were based on statute and case law and meet constitutional muster. Accordingly, Ms. Wilson's
appeal was properly before the Federal Circuit when transferred to this Court as noted by this
Court's presiding Judge during the 2/25/20 telephone conference.[7]

## ARGUMENT

The heart of Defendant's objection to Ms. Wilson's Motion to Remand (MTR)[8] is
flawed, and violates statute and based on Defendant's improper interpretations of statute and
case law clarified in *Klockner v. Solis, e.g.;* Defendant incorrectly claimed Ms. Wilson failed to
notify the Federal Circuit discrimination matters were in her appeal.   Defendant incorrectly
argued this Court has jurisdiction because Ms. Wilson did not "indicate either (1) that no claim
of discrimination 'has been or will be made' " in the appeal before the Federal District Court.[9]

---

[4] (ECF No. p. 4, para.1, lines 6-9).

[5] *Id.*

[6] *Id.*

[7] Feb. 25, 2020 telephone conference between the presiding Judge, John Osborn, Defendant's
attorney, and Robert F. Stone, Ms. Wilson's attorney pending filing and fee payment for *pro hac
vici* status.

[8] ECF No. 14.

[9] *See* Defendant's 4/21/2020 Response to *Plaintiff's Response to Show Cause Order and Motion*

3

That statement is incorrect. Ms. Wilson filed her Petition for Review with the mandatory *Fed. Cir. R.15(c), "Statement Concerning Discrimination,*[10] that discrimination matters were absent and according to statute made clear in the holding in *Klockner v. Solis,* 568 U.S. 42, 44 (2020) which holds:

> **(A) Except as provided in subparagraph (B) and paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit** [emphasis added]. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board. Two sections of the CSRA, read naturally, direct employees like *Kloeckner* to district court. Begin with § 7703, which governs judicial review of MSPB rulings. [But,] Section 7703(b)(1) provides that petitions to review the Board's final decisions should be filed in the Federal Circuit—"[e]xcept as provided in paragraph (2) of this subsection."[11]

When the statutes and case law governing mixed-case MSPB appeals are read in their entirety it will be understood that the Federal Circuit, not this Court, has exclusive jurisdiction in Ms. Wilson's appeal of the MSPB decision, and understood that:[12]

> **A petition to review a final order or final decision of the Board that raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b)** [5 USCS § 2302(b)] **other than practices described in section 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D)** [5 USCS § 2302(b)(8), (9)(A)(i), (B), (C), or (D)] **shall be filed in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction** [emphasis added]. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board.[13]

---

[10] *Supra,* at note 4.

[11] 5 U.S.C. § 7703.

[12] *Supra,* at note 4.

[13] *Supra,* at note 2. **(Explanatory Note:** 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D) [5 USCS § 2302(b)(8), (9)(A)(i), (B), (C), or (D)] are whistleblowing activities and their prosecution.)

In short, Ms. Wilson is entitled to judicial review of her mixed-case appeal in the Federal

Circuit.[14]

I.      **District Court lack appeal jurisdiction in the instant case and appeal**
        **Rights are with the Federal Circuit.**

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has exclusive

jurisdiction to review MSPB a jurisdictional dismissal by the MSPB of an employee's case

alleging both adverse employment action and discrimination, *Kloeckner v. Solis,* 133 S. Ct. 596,

184 L. Ed. 2d 433 (2012); and, **(B)** A petition to review a final order or final decision of the

Board that raises no challenge to the Board's disposition of allegations of a prohibited personnel

practice described in section 2302(b) shall be filed in the United States Court of Appeals for the

Federal Circuit or any court of appeals of competent jurisdiction.[15]

II.     **MS. WILSON PETITION FOR REVIEW WAS PROPERLY**
        **FILED WITH THE FEDERAL CIRCUIT.**

Any employee or applicant for employment adversely affected or aggrieved by a final

order or decision of the Merit Systems Protection Board may obtain judicial review of the order

---

[14] "Except as provided in subparagraph (B) and paragraph (2) of this subsection, a petition to
review a final order or final decision of the Board shall be filed in the United States Court of
Appeals for the Federal Circuit. 5 USCS § 2302 (a)(1).

[15] **(B)** A petition to review a final order or final decision of the Board that raises no challenge to
the Board's disposition of allegations of a prohibited personnel practice described in section
2302(b) [5 USCS § 2302(b)] other than practices described in section 2302(b)(8), or 2302(b)(9)
(A)(i), (B), (C), or (D) [5 USCS § 2302(b)(8), (9)(A)(i), (B), (C), or (D)] shall be filed in the
United States Court of Appeals for the Federal Circuit or any court of appeals of competent
jurisdiction. Notwithstanding any other provision of law, any petition for review shall be filed
within 60 days after the Board issues notice of the final order or decision of the Board.
*Klockner v. Solis,* 133 S. Ct. 596, 184 L. Ed. 2d 433 (2012)).

or decision,[16] and appeals not involving whistleblowing or their prosecution.

**A.**   **Ms. Wilson's appeal was removed from the Federal Circuit contrary to statute.**

Absent a question of discrimination Ms. Wilson's appeal could only appeal her unlawful discharge and forced LWOP to the MSPB, and then was informed she could only appeal the CSRA matter to the MSPB or the Federal Circuit.  Consequently, Ms. Wilson chose to appeal her termination to the Federal Circuit[17] as the MSPB currently lacks the forum necessary to decide her appeal. If Ms. Wilson had appealed directly to the MSPB a decision on her appeal would be delayed for years due to the appeal backlog caused by the MSPB's lack of a forum. Hence, Ms. Wilson's appealed her termination and LWOP to the Federal Circuit absent a discrimination issue as noted on the Federal Circuit mandatory *Fed. Cir. R.15(c), "Statement Concerning Discrimination"*[18] stating she seeks review only of the Board's dismissal of her mixed-case complaint and must put it on the *Federal Circuit R. 15(c)*. Ms. Wilson chose to file in the Federal Circuit because U.S. District Courts lacked jurisdiction; and, filing with in the Federal Circuit makes it known that Ms. Wilson did make and will not claim discrimination in that forum for discrimination.   discrimination "had been made or will be made in the instant case *R.15(c)* makes it clear the U.S. District Courts lack subject matter jurisdiction as Ms. Wilson's EEO complaint has not been adjudicated, and is preserved for the Court at a later date.

---

[16] "**(a) (1)** Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." 5 USCS § 7703(a)(1)

[17]*Supra,* at note 14.

[18]*Supra,* at note 4.

**B.      Ms. Wilson properly filed her appeal with the Federal Circuit.**

District courts hold that "when a Federal employee presents an appeal of a mixed-case the employee **must resort** [emphasis added] to the Federal Circuit for review of any Civil-Service issue, but reserves claims under federal antidiscrimination law for adjudication in district court."[19]

It is undisputed that Ms. Wilson's appeal concerned Civil Service Reform Act (CSRA) issues over which this Court lacks jurisdiction, i.e., termination and forced LWOP in excess of 14 days. When Ms. Wilson filed her appeal with the Federal Circuit she filed the required *Fed. Cir. R.15(c) Notice* that her appeal only sough review of the Civil-Service matters.[20] In short, Ms. Wilson's Federal Circuit appeal only raises denial of due process, improper application of CSRA law, and violation of Defendant's own rules and regulations.

**C.      Removing Ms. wilson's appeal to this court violated statue and precedent**

It is undisputed that when a Federal employee pursues a mixed-case complaint in the Federal Circuit, they abandon their discrimination claims in that forum[21] and "Congress did not direct or contemplate bifurcated review"[22] of mixed-cases under[23] 4 U.S.C. § 7702. Simply put,

---

[19] *Supra,* at note 3.

[20] *Id.*

[21] ("If the employee pursues the mixed case in the Federal Circuit, then she abandons her discrimination claims . . . ."). *Powell* v. *Department of Defense,* 158 F. 3d 597, 598, 332 U.S. App. D.C. 353 (1998).

[22] *Id.*

[23] *Id.* ("Congress did not direct or contemplate bifurcated review" of mixed cases under [5 U.S.C.] § 7702."); *cf. Tolbert v. United States,* 916 F.2d 245, 248 (5th Cir. 1990).

by incorrectly claiming Ms. Wilson appeal before the Federal Circuit contained discrimination matters assumes and suggests she was attempting to change course in the prosecution an employee cannot in mid-course abandon a mixed-case appeal when they choose to file in the Federal Circuit. Consequently, federal employees abandon their discrimination claims when they file their appeal with the Federal Circuit absent discrimination. Therefore, since there is no claim of discrimination before this Court it lacks subject matter jurisdiction.[24] Accordingly, Ms. Wilson's appeal should be returned to the Federal Circuit to ensure she receives a constitutionally protected fair hearing. Indeed, returning this case to the Federal Circuit will preserve Ms. Wilson's right to a fair hearing before a forum of competent jurisdiction, failure to remand Ms. Wilson's appeal to the Federal Circuit would deny her due process.

## II.   Ms. Wilson's termination appeal was properly filed with Federal circuit and the Agency erroneously had it transferred to this Court.

The Agency mistakenly argues Ms. Wilson's case is properly before this Court even though it is absent discrimination, and discrimination must be present for this Court to have jurisdiction. Ms. Wilson's appeal lacks a discrimination matter and this Court lacks jurisdiction.[25] But, in addition to the absence of discrimination the MSPB's Final Decision was dismissed on procedural and threshold grounds and the Federal Circuit is proper forum and[26] as "this Court lacks appellate jurisdiction and the Federal Circuit was the proper forum for judicial

---

[24] *Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983).

[25] *Supra*, at note 3.

[26] *Supra*, at note 2.

8

review."[27] In short, the Federal Court is bound by statue and precedent to exercise jurisdiction in Ms. Wilson's appeal because the MSPB's Final Decision is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and unsupported by substantial evidence; hence, this Court lacks jurisdiction;[28] Ms. Wilson" appeal should be returned to the Federal Circuit.

## **CONCLUSION**

The Agency knew, or should have known, this Court lacks subject matter jurisdiction when it had Ms. Wilson's case removed to this Court. However, instead defending the Agency's termination before a forum of competent jurisdiction, i.e., the Federal Circuit, the Defendant managed to have Ms. Wilson's appeal removed to this Court complicating the issues and preventing the Agency's mistakes and violation of its own rules and regulations from coming to light. Therefore, Ms. Wilson's appeal should be returned to the Federal Circuit for adjudication which is a Court with appellate jurisdiction.

Date: May 5, 2020

Submitted for Appellant by her attorney,[29]

*/s/Robert F. Stone. Esq.*
Robert F. Stone (BBO # 644258)
Law Office
P.O. Box 183
South Deerfield, MA 01373
(413) 369-4421
rfstoneesq@comcast.net

---

[27] *Powell* v. *Department of Defense*, 158 F. 3d 597, 598, 332 U.S. App. D.C. 353 (1998).

[28] 5 U.S.C.S. § 7703(c) (LexisNexis, Lexis Advance through Public Law 116-68, approved November 8, 2019).

[29] *Pro hac vici* form is pending for signature up availability of Maine counsel.

9

## CERTIFICATE OF SERVICE

I, Robert F. Stone, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participant.

Asst. U. S. Attorney John Osborn
U, S. Department of Justice
Civil Division
100 Middle Street, East Tower
6th Floor
Portland, ME 04101

Dated: May 5, 2020                    Signed: /s/Robert F. Stone

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| —————————————— | ) | CIVIL ACTION NO: 2:20-CV-00019- |
| LYNETT S.WILSON, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| ROBERT WILKIE, SECRETARY, | ) |  |
| U.S DEPARTMENT OF VETERANS | ) |  |
| AFFAIRS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| —————————————— | ) |  |

## CERTIFICATION FOR ADMISSION PRO HAC VICE

The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.gov. Note: if the E-File Registration Only link is selected instead of the Pro Hac Vice link the request will be rejected.

I hereby request admission to the Bar of this Court Pro Hae Vice, in support of which I represent that the answer to the following questions are complete, true and correct:

1. Name: Robert F. Stone

2. State bar membership number(s): **644258**

3. Firm name, address and telephone number: **Law of Robert F. Stone, Esq., P.O. Box 183, South Deerfield, MA 1373**

4. List state and federal courts r bar associations in which you are a member in good standing to practice law: **Massachusetts Supreme Judicial Court, U.S. Court of Appeals for the Federal Circuit, U.S. District Court for the District of Massaachusetts.**

5. Name, address and telephone number of associated local counsel: **Bruce M. Merrill, Esq., 225 Commercial Street, Suite 501, Portland, ME 04101.**

6. Party name(s) entering appearance for: **LYNETT S. WILSON**

7. Have you been denied admission, disbarred, suspended from practice , reprimanded, denied "in good standing" status, or otherwise disciplined by any court, bar associated, grievance committee or administrative body? **No.**

8. Have any proceedings, which could lead to any such disciplinary actions as described in question 7, been instituted against you by any such bodies? **No.**
   (You must attach a separate sheet with detailed explanations of Yes answers to Questions 7 or 8.)

9. Are you familiar with the Federal Rules of Evidence, the Federal Rules of Civil or Criminal Procedure (as applicable to this case) and the local rules of this Court? **Yes**

Dated: _____          _____
                                Signature of Local Counsel

Dated: May 8, 2020              _____
                                Signature of Applicant

## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

|  |  |
|---|---|
| _____ ) | CIVIL ACTION NO: 2:20-CV-00019- |
| LYNETT S.WILSON, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT WILKIE, SECRETARY, ) | |
| U.S DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| ) | |
| _____Defendant._____ ) | |

### CERTIFICATION FOR ADMISSION PRO HAC VICE

**The District of Maine is a CM/ECF NextGen Court. If PHVcounsel has  not  previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO RAC VICE request in this District via PACER at www.pacer.gov. Note: if the E-File Registration Only link is selected instead of the Pro Hac Vice link the request will be rejected.**

I hereby request admission to the Bar of this Court Pro Hae Vice, in support of which I represent that the answer to the following questions are complete, true and correct:

1.  Name: <u>Robert F. Stone</u>

2.  State bar membership number(s): <u>644258</u>

3.  Firm name, address and telephone number: <u>Law of Robert F. Stone, Esq., P.O. Box 183, South Deerfield, MA 1373</u>

4.  List state and federal courts r bar associations in which you are a member in good standing to practice law: <u>Massachusetts Supreme Judicial Court, U.S. Court of Appeals for the Federal Circuit, U.S. District Court for the District of Massaachusetts.</u>

5.  Name, address and telephone number of associated local counsel: <u>Bruce M. Merrill, Esq., 225 Commercial Street, Suite 501, Portland, ME 04101.</u>

6.  Party name(s) entering appearance for: <u>LYNETT S. WILSON</u>

7.  Have you been denied admission, disbarred, suspended from practice , reprimanded, denied "in good standing" status, or otherwise disciplined by any court, bar associated, grievance committee or administrative body? <u>No.</u>

8.  Have any proceedings, which could lead to any such disciplinary actions as described in question 7, been instituted against you by any such bodies? <u>No.</u>
(You must attach a separate sheet with detailed explanations of Yes answers to Questions 7 or 8.)

9.  Are you familiar with the Federal Rules of Evidence, the Federal Rules of Civil or Criminal Procedure (as applicable to this case) and the local rules of this Court? <u>Yes</u>

Dated: _5-11-20_

Signature of Local Counsel

Dated: May 8, 2020

Signature of Applicant

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| _____ )<br>LYNETT S. WILSON,    )<br>                     )<br>vs.          )<br>                     )<br>ROBERT WILKIE, SECRETARY,  )<br>U.S DEPARTMENT OF VETERANS )<br>AFFAIRS,             )<br>                     )<br>     Defendant.      ) | CIVIL ACTION NO: 2:20-CV-00019- |

## CERTIFICATION FOR ADMISSION PRO HAC VICE

**The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.gov. Note: if the E-File Registration Only link is selected instead of the Pro Hac Vice link the request will be rejected.**

I hereby request admission to the Bar of this Court Pro Hac Vice, in support of which I represent that the answer to the following questions are complete, true and correct:

1. Name: Robert F. Stone

2. State bar membership number(s): **644258**

3. Firm name, address and telephone number: **Law of Robert F. Stone, Esq., P.O. Box 183, South Deerfield, MA 1373**

4. List state and federal courts r bar associations in which you are a member in good standing to practice law: **Massachusetts Supreme Judicial Court, U.S. Court of Appeals for the Federal Circuit, U.S. District Court for the District of Massachusetts.**

5. Name, address and telephone number of associated local counsel: **Bruce M. Merrill, Esq., 225 Commercial Street, Suite 501, Portland, ME 04101.**

6. Party name(s) entering appearance for: **LYNETT S. WILSON**

7. Have you been denied admission, disbarred, suspended from practice, reprimanded, denied "in good standing" status, or otherwise disciplined by any court, bar associated, grievance committee or administrative body? **No.**

8. Have any proceedings, which could lead to any such disciplinary actions as described in question 7, been instituted against you by any such bodies? **No.**
(You must attach a separate sheet with detailed explanations of Yes answers to Questions 7 or 8.)

9. Are you familiar with the Federal Rules of Evidence, the Federal Rules of Civil or Criminal Procedure (as applicable to this case) and the local rules of this Court? **Yes**

Dated: 5-11-20

_____
Signature of Local Counsel

Dated: May 8, 2020

_____
Signature of Applicant

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **LYNETT S. W WILSON,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO: 2:20-CV-00019-NT** |
| ) | |
| **ROBERT WILKIE, SECRETARY,** ) | |
| **U.S DEPARTMENT OF VETERANS** ) | |
| **AFFAIRS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## APPELLANT'S UNOPPOSED MOTION TO REMAND
## TO U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT

NOW COMES comes the Plaintiff/Appellant, Lynett S. Wilson (hereinafter "Ms. Wilson"), and respectfully files this Motion to Remand (MTR) requesting the U.S. District Court for the District of Maine (hererin after "this Court") remand her complainat to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). Ms. Wilson's MTR is made because this Court lacks appellate jurisdiction to review and reverse her mixed-case appeal to the Merit Systems Protection Board (hereinafter "the Board") for the U.S. Department of Veterans Affairs (hereinafter refered to as the "VA" or "Defendant") termination of employment that the Board dismissed for lack of jurisdiction.

Defendant terminated Ms. Wilson's employment in violation of the Civil Service Reform Act of 1978 (CSRA), and the Board dismissed it for lack of jurisdiction. The Board's dismissal was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; and obtained without procedures required by law, rule, or regulation having been followed by the

1

Board. Also, the Board's dismissal was unsupported by substantial evidence. Accordingly, Ms.

Wilson's appeal was required to be filed in the in the Federal Circuit which has exclusive

jurisdiction in this case of constructive discharge.[1]   Indeed, the Board's dismissal of Ms.

Wilson's mixed-case appeal gave the Federal Circuit exclusive jurisdiction.[2]   Therefore, this

MTR is filed as this Court lacks jurisdiction, and in accordance with this Court's Local Rule 7 a

Memorandum of Support accompanies this MTR and response.


Date:  June 7, 2020                          Submitted for Appellant by her
                                             attorney, *pro hac vice*,

                                             Robert F. Stone, Esq.
                                             (Massachusetts BBO # 644258)
                                             Law Office
                                             P.O. Box 183
                                             South Deerfield, MA 01373
                                             (413) 369-4421
                                             rfstoneesq@comcast.net


---

[1] 5 USCS § 7703 (2020) (**Merit Systems Protection Board's determination that plaintiff's claim was frivolous and that it lacked jurisdiction gave Federal Circuit exclusive jurisdiction** [emphasis added] over plaintiff's constructive discharge claim. *Burzynski v. Cohen*, 264 F.3d 611, 2001 FED App. 0279P, 81 Empl. Prac. Dec. (CCH) ¶40761, 86 Fair Empl. Prac. Cas. (BNA) 1112 (6th Cir. 2001).)

[2] *Id.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| **LYNETT S. W WILSON,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **CIVIL ACTION NO: 2:20-CV-00019-NT** |
| **v.** | ) | |
| | ) | |
| **ROBERT WILKIE, SECRETARY,** | ) | |
| **U.S DEPARTMENT OF VETERANS** | ) | |
| **AFFAIRS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT
## OF HER MOTION TO REMAND TO FEDERAL CIRCUIT

## PRELIMINARY STATEMENT

The Plaintiff Lynett S. Wilson (hereinafter Ms. Wilson) appealed her constructive

discharge from Federal Civil Service with the U.S. Department of Veterans Affairs (VA) to the

U.S. Merit Systems Protection Board (hereinafter referred to as "the Board" or in the alternative

"Board"). Ms. Wilson filed a Petition for Review (appeal) of the Board's dismissal of her

mixed-case for lack of jurisdiction as required by statute[1] and instructed by the Board in the

Appeal Rights given to her with its Final Decision.

---

[1] **"Merit Systems Protection Board's determination that plaintiff's claim was frivolous and that it lacked jurisdiction gave Federal Circuit exclusive jurisdiction over plaintiff's constructive discharge claim [emphasis added]." 5 U.S.C. § 7703, (2020). (*Burzynski v. Cohen*, 246 F.3d 611, 2001 FED App, 0279P, 81 Empl. Prac. Dec. (CCH) ¶ 40761, 86 Fair Empl. Prac. Cas. (BNA) 1112 (6th Cir. 2000).**

1

Ms. Wilson's appeal was a mixed-case appeal for violations of the Civil Service Reform Act of 1978 (CSRA) and prohibited discrimination in violation of 5 U.S.C. § 2302 (2020) over which the Federal Circuit has exclusive jurisdiction in mixed-case appeals.[2] Nevertheless, Ms. Wilson's appeal was erroneously removed to this Court even though it lacks appellate jurisdiction to review Board Final Decisions[3] in mixed-case complaints dismissed for lack of jurisdiction as was Ms. Wilson's. Indeed, in addition to dismissing Ms. Wilson's case on jurisdictional grounds her case is absent discrimination matters as made it the clear in the Petitioner' *Fed. Cir R. 15(c) Concerning Discrimination*[4] she submitted to the Federal Circuit with the box checked stating **"The petition seeks review the Board's dismissal . . . of the case for lack of jurisdiction** [emphasis added]."[5] Consequently, this Court lacks subject matter jurisdiction to review the Board's dismissal and should be remanded to the Federal Circuit.

## HISTORY

On May 16, 2018 the Board issued its Initial Decision (ID) in Ms. Wilson's constructive discharge appeal which became final on June 20, 2018. On June 20, 2018 Ms. Wilson filed a timely Petition for Review (appealed) with the Federal Circuit as instructed in the Notice of

---

[2] *Id.*

[3] "[A]district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

[4] See *Petitioner' Fed. Cir R. 15(c) Statement Concerning Discrimination* Board Appeal File (AF).

[5] The district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

2

Appeal Rights she received from the Board with its decision. Nevertheless, Ms. Wilson's

Federal Circuit Petition for Review was erroneously removed to this Court even though it lacks

subject matter jurisdiction.[6] On May 13, 2020 this MTR was discussed with the Assistant U.S.

Attorney representing the Defendant who agreed not to oppose remand. Ms. Wilson now files

this unopposed MTR to the Federal Circuit by and through the undersigned attorney.

## ARGUMENT

## DISTRICT COURTS LACK JURISDICTION TO REVIEW
## U.S. MERIT SYSTEM BOARD FINAL DECISIONS.

The Merit Systems Protection Board (hereinafter "the Board") dismissed Ms. Wilson's

constructive discharge appeal for lack of jurisdiction, its jurisdictional decision to dismiss her

mixed-case appeal gave the Federal Circuit exclusive jurisdiction[7] in her case which was

"properly venued in the Federal Circuit Court of Appeals, not in district courts[.]"[8] The Board's

dismissal of Ms. Wilson's appeal is not reviewable by this Court because a dismissal by the

Board due to lack of jurisdiction rendered Ms. Wilson's case a non-mixed appeal which is only

reviewable by the Federal Circuit. Consequently, the instant case is improperly before this

---

[6] The district court lacks subject matter jurisdiction to review any MSPB decision where the discrimination complaint is dismissed, frivolous, expressly abandoned, or entirely absent. *Small* v. *Astrue*, Civil Action No. 08-cv-01864-LTB-KLM, 2009 U.S. Dist. LEXIS 134067, at *8 (D. Colo. June 18, 2009).

[7] *Supra*, at footnote 1.

[8] Appeals of MSPB jurisdictional decision involving mixed claims are properly venued in Federal Circuit Court of **Appeals**, not in district courts; section 7702 defines **mixed case** appealable to district court as case involving action that is both appealable to MSPB and which allegedly involved discrimination, hence if MSPB does not have jurisdiction over non-discrimination claim, case is not 'mixed case,' **and any appeal of jurisdictional determination must be filed in Federal Circuit** [emphasis added]. (5 §U.S.C. 7703, (**Note:** *Sloan v. West,* 140 F.3d 1255, 98 Cal. Daily Op. Service 2555, 98 D.A.R. 3506, 73 Empl. Prac. Dec. (CCH) ¶45302, 85 Fair Empl. Prac. Cas. (BNA) 975 (9th Cir. 1998).

3

Court,[9] and should be remanded to the Federal Circuit, since:

> A "**mixed case appeal**" is a case determined by the Board to be within its jurisdiction; namely, a case, which presents an appealable non-discrimination claim, coupled with a discrimination claim. 29 C.F.R. § 1614.302(a)(2) (1997). A "**mixed case appeal**" is not a subset of a "**mixed case** complaint." The Board must decide it has jurisdiction over a case before it becomes a "mixed case appeal.[10]

In short, when the Board dismissed Ms. Wilson appeal on jurisdictional grounds it was no longer a mixed-case appeal as the Board did not decide it had jurisdiction for it to remain a mixed case.

A.    <u>**Mixed-case appeals of Board decisions are properly before the Federal Circuit when they are dismissed on jurisdictional grounds as was this case.**</u>

The proper venue for mixed-case appeals which the Board dismisses on jurisdictional grounds is the Federal Circuit, not district courts.[11]  When mixed cases involving discrimination are dismissed by the Board for lack of jurisdiction, they are properly appealed to the Federal Circuit, not a district court.[12]

1.    <u>**The Board's jurisdictional dismissal of Ms. Wilson's case removed its mixed-case status.**</u>

When the Board dismissed Ms. Wilson's mixed-case appeal due to lack of jurisdiction it

---

[9] ". . . any appeal of jurisdictional determination must be filed in Federal Circuit." 5 U.S.C. § 7703 (2020) (Note: *Sloan v. West*, 140 F.3d 1255, 98 Cal. Daily Op. Service 2555, 98 D.A.R. 3506, 73 Empl. Prac. Dec. (CCH) ¶45302, 85 Fair Empl. Prac. Cas. (BNA) 975 (9th Cir. 1998).

[10] 29 CFR 1614.302 (*Note:* A "**mixed case** appeal" is not a **subset** of a "**mixed case** complaint." The Board must decide it has jurisdiction over a case before it becomes a "mixed case appeal.") (2020).

[11] Appeals of MSPB jurisdictional decision involving mixed claims are properly venued in Federal Circuit Court of **Appeals**, not in district courts;

[12] Appeals of MSPB jurisdictional decision involving mixed claims are properly venued in Federal Circuit Court of Appeals, not in district courts; (5 U.S.C. 7703, (**Note:** *Sloan v. West*, 140 F.3d 1255, 98 Cal. Daily Op. Service 2555, 98 D.A.R. 3506, 73 Empl. Prac. Dec. (CCH) ¶45302, 85 Fair Empl. Prac. Cas. (BNA) 975 (9th Cir. 1998).)

no longer was a mixed case [13] as defined by 5 U.S.C. 7702 (2020) which states:

> section 7702 defines **mixed case** appealable to district court as case involving action that is both appealable to MSPB and which allegedly involved discrimination, hence if MSPB does not have jurisdiction over non-discrimination claim, case is not **"mixed case,"** and any appeal of jurisdictional determination must be filed in Federal Circuit. [14]

## 2.   Even if Ms. Wilson's appeal remained a mixed-case appeal after a Board Final Decision appeal had to be filed in the Federal Circuit.

It is well settled law that Ms. Wilson was required to file her appeal (Petition for Review)

of her case in chief with the Federal Circuit which holds that:

> The Federal Circuit has held that a federal employee cannot split a mixed case into discrimination and non-discrimination claims in order to pursue two separate appeals s from an MSPB final order. *See: Williams,* 715 F.2d at 1490 (stating that "Congress did not direct or contemplate bifurcated review of [**10] any mixed case," and explaining that 5 U.S.C § 7702 which gives the MSPB jurisdiction over mixed cases, reflects the understanding that in mixed cases, claims of adverse action and discrimination "will be two sides of the same question and must be considered together"). [15]

Consequently, Ms. Wilson's case should be returned to the Federal Circuit.

## CONCLUSION

As explained herein this Court lacks jurisdiction in Ms. Wilson's case as explained

herein, the proper venue for this case is the Federal Circuit, not this Court. THEREFORE, Ms.

---

[13] section 7702 defines mixed case appealable to district court as case involving action that is both appealable to MSPB and which allegedly involved discrimination, hence if MSPB does not have jurisdiction over non-discrimination claim, case is not "mixed case," and any appeal of jurisdictional determination must be filed in Federal Circuit. *Id.* 5 U.S.C. 7703 (2020) (**Note:** *Sloan v. West,* 140 F.3d 1255, (2020).

[14] *Supra,* note 1. "Merit Systems Protection Board's determination that plaintiff's claim was frivolous and that it lacked jurisdiction gave Federal Circuit exclusive jurisdiction over plaintiff's constructive discharge claim." 5 U.S.C. § 7703, (2020) (**Note:** *Burzynski,* 264 F.3d 611.)

[15] 5 U.S.C. § 7702 (Note: *Chappell v. Chao,* 2005 U.S. App. LEXIS 13782 (11th Cir. Ga., Jan. 13, 2005), (2020).

Wilson's case is inproperly before this Court and she respectfully request this case be returned to the Federal Circuit.

Submitted for Appellant by her attorney, *pro hac vice,*

Dated: June 7, 2020

Robert F. Stone, Esq.
(Massachusetts BBO # 644258)
Law Office
P.O. Box 183
South Deerfield, MA 01373
(413) 369-4421
rfstoneesq@comcast.net

## CERTIFICATE OF SERVICE

I, Robert F. Stone, hereby certify that this document filed (Motion to Remand and Supporting Memorandum) through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participant.

Asst. U. S. Attorney John Osborn, Esq.
Department of Justice Civil Division
100 Middle Street, East Tower
6th Floor
Portland, ME 04101

Dated: June 7, 2020        Signed:

Robert F. Stone

6

# U.S. District Court
## District of Maine (Portland)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00019-NT

| | |
|---|---|
| WILSON v. DEPARTMENT OF VETERANS AFFAIRS | Date Filed: 01/17/2020 |
| Assigned to: JUDGE NANCY TORRESEN | Date Terminated: 06/08/2020 |
| Referred to: MAGISTRATE JUDGE JOHN H. RICH III | Jury Demand: None |
| Case in other court: US Court of Appeals for the Federal District, 19-02283 | Nature of Suit: 445 Civil Rights: Americans with Disabilities - Employment |
| Cause: 28:1331 Fed. Question: Employment Discrimination | Jurisdiction: U.S. Government Defendant |

**Petitioner**

**LYNETT S WILSON**                                    represented by    **BRUCE M. MERRILL**
225 COMMERCIAL STREET
SUITE 501
PORTLAND, ME 04101
775-3333
Email: mainelaw@maine.rr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT F. STONE**
LAW OFFICE OF ROBERT F.
STONE, ESQ.
P.O. BOX 401
CONWAY, MA 01373
413-369-4421
Email: rfstoneesq@comcast.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Respondent**

**DEPARTMENT OF VETERANS**                    represented by    **JOHN G. OSBORN**
**AFFAIRS**                                                          U.S. ATTORNEY'S OFFICE
DISTRICT OF MAINE
100 MIDDLE STREET PLAZA
PORTLAND, ME 04101
207-780-3257
Email: john.osborn2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MARGARET JANTZEN**
DEPARTMENT OF JUSTICE

COMMERCIAL LITIGATION
BRANCH, CIVIL DIVISION
PO BOX 480
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-353-7994
*TERMINATED: 02/04/2020*
*ATTORNEY TO BE NOTICED*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/17/2020 | 1 | Case transferred in from District of US Court of Appeals for the Federal Circuit; Case Number 19-2283. Original file certified copy of transfer order and docket sheet received., filed by DEPARTMENT OF VETERANS AFFAIRS. (Attachments: # 1 docket, # 2 notice of docketing, # 3 petition for review, # 4 petitioner's docketing statement, # 5 petitioner's certificate of interest, # 6 petitioner's 15(c) statement, # 7 Robert Stone's entry of appearance, # 8 notice of non-compliance, # 9 Margaret Jantzen's entry of appearance, # 10 attestation of index of documents of administrative record, # 11 index of documents of administrative record, # 12 initial decisions dated 7/26/18 and 5/16/19, # 13 petitioner's docketing statement, # 14 petitioner's entry of appearance, # 15 petitioner's certificate of interest, # 16 petitioner's 15(c) statement, # 17 respondent's docketing statement, # 18 petitioner's motion to extend time to file brief, # 19 petitioner's certificate of interest, # 20 respondent's motion to dismiss or transfer, # 21 petitioner's objection to motion to dismiss or transfer, # 22 petitioner's certificate of service re: compliance of motion, # 23 order on motion to extend time to file brief)(bfa) Modified on 1/22/2020 to correct filing date(bfa). (Entered: 01/22/2020) |
| 01/22/2020 |   | Set Deadlines : Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney Margaret Jantzen must register for a PACER account and/or register for e-filing rights in the District of Maine via PACER at www.pacer.gov by 1/29/2020. For more details on NextGen/Pacer go to our website at www.med.uscourts.gov. (bfa) (Entered: 01/22/2020) |
| 01/27/2020 |   | Set Deadlines : Pro Hac Vice Certificate due from Attorney ROBERT F. STONE by 2/3/2020. The Certification for Admission Pro Hac Vice form can be downloaded from our website at http://www.med.uscourts.gov/forms. (mnd) (Entered: 01/27/2020) |
| 01/29/2020 | 2 | NOTICE OF HEARING: Telephone Conference set for 2/25/2020 at 4:00 PM before JUDGE NANCY TORRESEN. Counsel shall coordinate amongst themselves who can initiate the conference call. Once all participants are on the line, counsel shall call in to 207-221-0028 for the conference. (mnd) (Entered: 01/29/2020) |
| 01/30/2020 |   | Reset Deadlines : Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process. |

|  |  | **Attorney MARGARET JANTZEN must register for a PACER account and/or register for e-filing rights in the District of Maine via PACER at www.pacer.gov by 2/6/2020.**<br><br>For more details on NextGen/Pacer go to our website at www.med.uscourts.gov. (mnd) (Entered: 01/30/2020) |
|---|---|---|
| 01/31/2020 | 3 | NOTICE of Appearance by JOHN G. OSBORN on behalf of DEPARTMENT OF VETERANS AFFAIRS (OSBORN, JOHN) (Entered: 01/31/2020) |
| 02/03/2020 | 4 | MOTION by Attorney Margaret Jantzen to Withdraw as Attorney by DEPARTMENT OF VETERANS AFFAIRS Responses due by 2/24/2020. (OSBORN, JOHN) (Entered: 02/03/2020) |
| 02/04/2020 | 5 | ORDER granting 4 Motion to Withdraw as Attorney. By JUDGE NANCY TORRESEN. (MMB) (Entered: 02/04/2020) |
| 02/04/2020 |  | Reset Deadlines : Pro Hac Vice Certificate as to Attorney ROBERT F. STONE due by 2/10/2020. The Certification for Admission Pro Hac Vice form can be downloaded from our website at http://www.med.uscourts.gov/forms. (clp) (Entered: 02/04/2020) |
| 02/24/2020 | 6 | MOTION to participate in 2/25/2020 telephone conference pending Pro Hac Vice Application by LYNETT S WILSON Responses due by 3/16/2020. (STONE, ROBERT) Modified on 2/24/2020 to clean up text (mnd). (Entered: 02/24/2020) |
| 02/25/2020 | 7 | ORDER granting 6 Motion to participate in conference with the court via telephone on February 25, 2020. By JUDGE NANCY TORRESEN. (MMB) (Entered: 02/25/2020) |
| 02/25/2020 | 8 | Minute Entry for proceedings held before JUDGE NANCY TORRESEN. Telephone Conference held. Set Deadlines: Pro Hac Vice Certification by Attorney Robert F. Stone due by 3/10/2020. Plaintiff's Brief on authority and path going forward due by 3/10/2020. Response Brief due by 3/24/2020. Reply Brief due by 3/31/2020. (Court Reporter: Tammy Martell) (mnd) (Entered: 02/26/2020) |
| 03/12/2020 | 9 | ORDER TO SHOW CAUSE why the case should be dismissed for failure to prosecute. On February 25, 2020, I held a telephone conference of counsel. At the conference I set a deadline of March 10, 2020, for Plaintiff's attorney to file his pro hac vice certification and to file a brief on his position and authority for a path going forward. As of today, no filings have been made. Show Cause Response due by 3/26/2020. By JUDGE NANCY TORRESEN. (MMB) (Entered: 03/12/2020) |
| 03/16/2020 | 10 | AMENDED ORDER TO SHOW CAUSE why the case should not be dismissed for failure to prosecute. On February 25, 2020, I held a telephone conference of counsel. At the conference I set a deadline of March 10, 2020, for Plaintiff's attorney to file his pro hac vice certification and to file a brief on his position and authority for a path going forward. As of today, no filings have been made.Show Cause Response due by 3/30/2020. By JUDGE |

| | | NANCY TORRESEN. (mnd) (Entered: 03/16/2020) |
|---|---|---|
| 03/20/2020 | 11 | RESPONSE TO 10 AMENDED ORDER TO SHOW CAUSE filed by LYNETT S WILSON. (STONE, ROBERT) (Entered: 03/20/2020) |
| 03/20/2020 | 15 | MOTION to Remand to the Federal Circuit by LYNETT S WILSON. No PDF document is attached to this docket entry. To view PDF document, see ECF No. 11 . (mnd) (Entered: 04/22/2020) |
| 03/21/2020 | | Reset Deadlines as to 10 AMENDED ORDER TO SHOW CAUSE - Per General Order 2020-2 issued by Chief Judge Jon D. Levy on 3/18/2020: Response deadline reset to 4/29/2020. (mnd) (Entered: 03/21/2020) |
| 04/21/2020 | 12 | RESPONSE TO PLAINTIFF'S RESPONSE TO 10 AMENDED ORDER TO SHOW CAUSE filed by DEPARTMENT OF VETERANS AFFAIRS. (OSBORN, JOHN) Modified on 4/21/2020 to clean up text (mnd). (Entered: 04/21/2020) |
| 04/21/2020 | 13 | **FILED IN ERROR** MOTION to Remand to the Federal Circuit by DEPARTMENT OF VETERANS AFFAIRS. Responses due by 5/12/2020. No PDF document is attached to this docket entry. To view PDF document, see ECF No. 12 . (mnd) Modified on 4/22/2020 to add filed in error notation. Counsel should disregard this entry (mnd). (Entered: 04/21/2020) |
| 04/21/2020 | 16 | RESPONSE to Motion re 15 MOTION to Remand to the Federal Circuit filed by DEPARTMENT OF VETERANS AFFAIRS. No PDF document is attached to this docket entry. To view PDF document, see ECF No. 12. Reply due by 5/5/2020. (mnd) (Entered: 04/22/2020) |
| 04/22/2020 | 14 | NOTICE of Docket Entry Modification regarding 13 MOTION to Remand to Federal Circuit : Docket entry modified by the Clerk's Office to reflect that it was filed in error by the Clerk's Office. Counsel should disregard the docket entry. (mnd) (Entered: 04/22/2020) |
| 05/06/2020 | 17 | REPLY to Response to Motion re 15 MOTION to Remand to the Federal Circuit filed by LYNETT S WILSON. (STONE, ROBERT) Modified on 5/6/2020 to clean up text (mnd). (Entered: 05/06/2020) |
| 05/12/2020 | 18 | **FILED IN ERROR** CERTIFICATION for Admission Pro Hac Vice of Robert F. Stone filed by ROBERT F. STONE on behalf of LYNETT S WILSON (Total admission fee $ 100 receipt number AMEDC-2227958.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.gov (STONE, ROBERT) Modified on 5/13/2020 to add filed in error notation - the fully executed Pro Hac Vice Certification Form has been re-filed as ECF No. 20 (mnd). (Entered: 05/12/2020) |
| 05/13/2020 | 19 | ADDITIONAL ATTACHMENTS filed by LYNETT S WILSON re 18 Certification for Admission Pro Hac Vice. Main document: Fully executed Pro Hac Vice Certification Form. (MERRILL, BRUCE) Modified on 5/13/2020 to clean up text (mnd). (Entered: 05/13/2020) |
| | | |

| | | |
|---|---|---|
| 05/13/2020 | 20 | CERTIFICATION for Admission Pro Hac Vice of Robert f. Stone filed by ROBERT F. STONE on behalf of LYNETT S WILSON The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.gov (STONE, ROBERT) (Entered: 05/13/2020) |
| 06/08/2020 | 21 | Unopposed MOTION to Remand to U.S. Court of Appeals for the Federal Circuit filed by LYNETT S WILSON. (STONE, ROBERT) Modified on 6/8/2020 to clean up text (mnd). (Entered: 06/08/2020) |
| 06/08/2020 | 22 | ORDER - terminating 10 Order to Show Cause; No Action Necessary on 15 Motion to Remand to U.S. Court of Appeals for the Federal Circuit ; granting 21 Unopposed Motion to Remand to U.S. Court of Appeals for the Federal Circuit. The Plaintiff has clearly indicated that he is bringing no claim of discrimination to this court and, therefore, I lack jurisdiction of this case. Without objection of the Department of Veterans Affairs, I hereby retransfer this case to the Federal Circuit. By JUDGE NANCY TORRESEN. (mnd) (Entered: 06/08/2020) |
| 06/10/2020 | 23 | LETTER from the Clerk's Office to the Clerk of the United States Court of Appeals for the Federal Circuit re: retransfer. (mnd) (Entered: 06/10/2020) |

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
156 FEDERAL STREET
PORTLAND, MAINE 04101

OFFICIAL BUSINESS



UNITED STATES POSTAGE
PITNEY BOWES
$ 002.80⁰
02 1P
0000919355    JUN 11 2020
MAILED FROM ZIP CODE 04101

United States Court of Appeals for the Federal Circuit
717 Madison Place N.W.
Washington, D.C. 20439



**RECEIVED**

JUN 1 7 2020

United States Court of Appeals
For The Federal Circuit

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-2283

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

---

# O R D E R

In light of the United States District Court for the District of Maine's June 8, 2020 order retransferring to this court the above-captioned petition for review, *see* ECF No. 18,

IT IS ORDERED THAT:

Within fourteen days from the date of filing of this order, the parties are directed to inform the court how they believe this case should proceed.

2                                                          WILSON v. DVA

                                    FOR THE COURT

          July 20, 2020            /s/ Peter R. Marksteiner
             Date                  Peter R. Marksteiner
                                   Clerk of Court

          s29

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| LYNETT S. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 19-2283 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>RESPONSE TO COURT ORDER</u>

Pursuant to this Court's order dated July 20, 2020, respondent, the United States, respectfully submits this response proposing how the Court should proceed with Petitioner's, Lynett S. Wilson's, petition for review of proceedings before the Merit Systems Protection Board (MSPB or board).  For the reasons set forth in our motion to dismiss or to transfer (ECF No. 13) and as more fully explained below respondent, the United States, respectfully requests that the Court transfer  this case to district court because this Court does not possess jurisdiction.

Ms. Wilson seeks review of an MSPB decision that holds that the board does not have jurisdiction to consider Ms. Wilson's appeal alleging that the Department of Veteran's Affairs (VA or agency) constructively suspended her by failing to accommodate her disability.  In reaching its decision, the board held that Ms. Wilson had not shown, by a preponderance of evidence, that the lack of accommodation could be attributed to any wrongful actions of the agency.  ECF

No. 5, Board Decision, at 25. As such, her decision not to report to work was voluntary and not a constructive or actual suspension. *Id.* Because her action was voluntary, the board has no jurisdiction over her appeal. *Id.* at 18; *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996); 5 C.F.R. § 752.401(b)(9); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶7-8 (2013). She appealed to this Court.

On November 4, 2019, we respectfully requested the Court to dismiss or to transfer the appeal because the Court does not possess jurisdiction to entertain it. ECF No. 13. We explained that this Court could not decide the board's jurisdictional issue without considering Ms. Wilson's discrimination claims, a task that the Court does not have jurisdiction to undertake. ECF No. 13 at 5-6. As such, this is a "mixed case" for which jurisdiction lies only with the district court. *Id.* at 6; *Perry v. M.S.P.B.,* 137 S. Ct. 1975*,* 1977 (1980) (any appeal that attributes the agency action, in whole or in part, to discrimination brings a "mixed case" (citing *Kloeckner v. Solis,* 568 U.S. 41, 46 (2012))). This Court agreed and transferred the case to the United States District Court for the District of Maine on January 17, 2020. ECF No. 16.

The district court entered an order on June 8, 2020, transferring the case back to this Court. ECF No. 18 at 2. The district court did not provide an opinion accompanying its decision and stated only, in the docket entry, that "[t]he Plaintiff

2

has clearly indicated that he is bringing no claim of discrimination to this court and, therefore, I lack jurisdiction of this case." *Id.*

Before the district court, and in opposing our motion to dismiss or to transfer, Ms. Wilson repeatedly claims that she is not bringing a discrimination claim but that her appeal raises only "denial of due process, improper application of law, and violation of Agency rules and regulations." ECF No. 18 at 11. Before this Court, she argues that she challenges the board's dismissal "because it was issued without the Board addressing relevant non-discriminatory Civil Service issues raised by Plaintiff in her appeal." ECF No. 15 at 2. She does not offer any further explanation of what those issues may be. Ms. Wilson appears to believe that *how* she challenges the board's decision can recast her case from "mixed" to a non-mixed civil-service case subject to exclusive review in this Court under 5 U.S.C. § 7703(b)(1). But judicial review of a board decision does not turn on which portions of that decision are being challenged or how the decision is being challenged. Rather, the allegations of the underlying agency action determine whether an MSPB appeal is "mixed" and where judicial review lies. As the Supreme Court has explained, in a "mixed case" an employee "alleges that an appealable agency action was effected, in whole or in part, because of discrimination." *See Kloeckner,* 568 U.S. at 44. And when the board dismisses such an appeal for any reason – including lack of jurisdiction, the employee must

3

proceed to the district court for review of that decision. *See Perry,* 137 S. Ct. at 1984 (rejecting distinction between procedural versus jurisdictional dismissal).

Ms. Wilson's appeal fits squarely within *Perry's* holding. In *Perry*, as in this case, the board considered whether a personnel action – retirement –was motivated by discrimination on the part of the agency. *Id.* at 1982. The board concluded that the employee's retirement was voluntary and not brought about by any improper conduct of the agency, even though Mr. Perry alleged, among other things, that discrimination motivated his decision to retire. *Id.* Because the employee's action was voluntary, the board held that it did not possess jurisdiction and dismissed the appeal. *Id.* The Supreme Court held that review of the board's decision in such a case could be heard only in district court. *Id.* at 1984.

The same result is compelled in this case. Ms. Wilson alleges that her failure to report to work was a constructive suspension motivated, at least in part, by discrimination. Board Decision at 18. The board considered whether the agency's actions deprived Ms. Wilson of a meaningful choice to return to work. *Id*; *see Garcia v. Dep't of Homeland Security,* 437 F.3d 1322, 1325 (Fed. Cir. 2006). The board held that Ms. Wilson was not constructively suspended but, rather, acted voluntarily in failing to report to work because she failed to submit to her employer the requisite medical documentation demonstrating that she qualified for a disability accommodation. Board Decision, at 24. Because her actions were

4

voluntary, the board held that it did not possess jurisdiction and dismissed the appeal. *Id.*

  Although Ms. Wilson claims that her appeal here raises only civil service issues – namely, that the board failed to address "relevant non-discriminatory Civil Service issues raised [ ] in her [MSPB] appeal," she does not appear to have abandoned any pursuit of her discrimination claim, which may allow this Court to exercise its jurisdiction. ECF No. 15 at 2-3. Her statement concerning discrimination does not reflect that "[a]ny claim of discrimination by reason of . . . handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court." ECF No. 9, Section A(2). Instead, she checked only the box reflecting that she seeks review of the board's dismissal for lack of jurisdiction. *Id.* at Section A(3). But as we explained in our motion to dismiss or to transfer, review of the board's decision to dismiss necessarily involves a review of her discrimination claim – that is, whether the agency improperly refused to accommodate her disability. ECF No. 13 at 5-6 ("The board held that Ms. Wilson was not constructively suspended but, rather, acted voluntarily in failing to report to work because she failed to submit the requisite medical documentation to her employer. Board Decision at 24. In other words, the board held that there was no failure to accommodate on the part of the agency.") And if Ms. Wilson were to

5

abandon her discrimination claims entirely, it would appear that she would have no claim remaining for this Court to review.  The board's decision makes no mention of any other civil service issue, unrelated to her discrimination claim, that could be reviewed by this Court.

Finally, despite the district court's cursory treatment of Ms. Wilson's case, it was not empowered to disregard this Court's determination that only the district court – and not this Court – has jurisdiction to hear the case.  *See Banks v. United States,* 741 F.3d 1268, 1276 (Fed. Cir. 2014) ("Once a question has been considered and decided by an appellate court, the issue may not be reconsidered at any subsequent stage of the litigation, save on appeal.")  The district court's transfer of this case back to this Court illustrates exactly what the law-of-the-case doctrine was intended to prevent: endless litigation from relitigating already-settled issues.  *Id.* citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815-16 (1988).

<u>CONCLUSION</u>

For these reasons, we respectfully request that this Court transfer Ms. Wilson's appeal back to the United States District Court for the District of Maine.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

6

ROBERT E. KIRSCHMAN, JR.
Director


/s Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s Margaret J. Jantzen
MARGARET J. JANTZEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 307-0972

August 3, 2020                    *Attorneys for Respondent*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, counsel for Defendant-Appellee certifies that this Brief complies with the Court's type-volume limitation rules. This Brief was printed in Times New Roman font at 14 points. According to the word-count calculated by Microsoft Word, this brief contains 1,603 words, which is within the 14,000 word limit.

/s Margaret J. Jantzen
MARGARET J. JANTZEN

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 3rd day of August, 2020, a copy of the foregoing Response to Court Order, was filed electronically. This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s Margaret J Jantzen
MARGARET J. JANTZEN

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

———————————————

2019-2283

———————————————

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

———————————————

## O R D E R

Upon consideration of Lynett S. Wilson's failure to timely respond to the court's July 20, 2020 order,

IT IS ORDERED THAT:

Within ten days from the date of filing of this order, Ms. Wilson is directed to inform this court as to how she believes this matter should proceed.

2                                              WILSON v. DVA

For the Court

August 20, 2020          /s/ Peter R. Marksteiner
Date                     Peter R. Marksteiner
                         Clerk of Court

s29

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| **LYNETT S. W WILSON,** ) | **CASE NO: 2019-2283** |
| ) | |
| **Petitioner,** ) | |
| ) | **PETITIONER'S STATEMENT OF** |
| **v.** ) | **OF HOW SHE BELIEVES THIS** |
| ) | **CASE SHOULD PROCEED** |
| **ROBERT WILKIE, SECRETARY,** ) | |
| **U.S DEPARTMENT OF VETERANS** ) | |
| **AFFAIRS,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## INTRODUCTION

NOW COMES comes the Appellant, Lynett S. Wilson (hereinafter "Ms. Wilson") and respectfully responds to the Court's August 20, 2020 "ORDER directing Ms. Wilson, within ten days from the date of filing of this order, to inform this court as to how she believes this matter should proceed. Service as of this date by the Clerk of Court. [716096] [LMS]."[1] The Court's order was not seen until August 31, 2020 due to the current Covid-19 shutdown and computer issues during the ten day response period. The Petitioner now responds, by and through the undersigned counsel, and respectfully asks the Court to accept her response.

## HISTORY

On June 29, 2017, the Ms. Wilson filed a mixed-case petition for appeal with the Merit Systems Protection Board (hereinafter the "Board"), through counsel, alleging that the U.S.

---

[1]

| 08/20/2020 | ORDER directing Ms. Wilson, within ten days from the date of filing of this order, to inform this court as to how she believes this matter should proceed. Service as of this date by the Clerk of Court. [716096] [LMS] |
|---|---|

Department of Veterans Affairs (hereinafter the "Respondent" or, in the alternative, the "VA") suspended her for 260 days without pay when Respondent failed to grant a reasonable accommodation for her disabilities, preventing her from reporting for duty. She contended that she was constructively discharged and forced to resign or seek employment elsewhere in retaliation for her disclosures/protected activity in violation of the Civil Service Reform Act of 1978 (CSRA), and prohibited discrimination pursuant to 29 C.F.R. § 1614.104 (2020), *et seq.* Petitioner contended that the forced LWOP was designed to force her to resign and seek employment elsewhere in retaliation for her disclosures/protected activity.

In her petition Ms. Wilson indicated that she found employment at a VA facility in Arizona, effective June 12, 2017. But, the 260 days of forced leave without pay (LWOP) caused her loss of pay and other benefits of employment for nearly 9 months, and considerable moving expenses. On June 20, 2019[2] the Board "DISMISSED [Ms. Wilson's appeal] for lack of Board jurisdiction" and she chose to appeal the Board's Final Order to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) due to its exclusive jurisdiction in accordance with 5 USCS § 7703 (2020).

## PETITIONER'S STATEMENT OF HOW
## SHE BELIEVES THIS CASE SHOULD PROCEED.

As explained herein Ms. Wilson's case[3] was erroneously transferred to the U.S. Federal Court for the District of Maine (District of Maine) which held it lacked jurisdiction in her mixed-case appeal where it was docketed and then remanded to the Federal Circuit for lack of jurisdiction.[4] The Respondent's erroneous transfer resulted in unwarranted loss of time and

---

[2] MSPB Docket No: PH-0752-17-0329-I-2 at p. 14 (June 20, 2019).

[3] *See* District of Maine Civil Action No: 1:19-CV-12303-WGY.

[4] (Letter from Christa K. Berry, Clerk of the Court for the District of Maine to

expense for Ms. Wilson, and waste of judicial resources. Hence, Ms. Wilson believes the Respondent had her mixed-case erroneously transferred to the District of Maine to dampen her desire to proceed with this case. Her belief is based on unambiguous rules, regulations, and laws giving the Federal Circuit exclusive jurisdiction in this matter.[5] Consequently, Ms. Wilson believes her PFR would be best heard by the "Federal Circuit's Appellate Mediation Program" either voluntarily with the Respondent's consent, or made mandatory by the Court if the Respondent declines mediation.

Ms. Wilson believes mediation would be advantageous to all parties, as it will assist with judicial economy, and all parties' time and expense. Additionally, mediation can provide liberties and advantages usually not available in traditional appellate court proceedings. THEREFORE, Ms. Wilson believes it would be best for all parties' for her appeal to be mediated or otherwise proceed to hearing.

Date:  September 4, 2020

Submitted for Appellant by her
*/s/Robert F. Stone, Esq.*
Robert F. Stone, Esq.
Law Office
P.O. Box 183
South Deerfield, MA 01373
(413) 369-4421
rfstoneesq@comcast.net

---

Peter R. Marksteiner, Clerk, United States Court of Appeals for the Federal Circuit of June 10, 2020 and Civil Docket for Case #: 2:20-cv-00019-NT, referencing entry # 23, attached and incorporated herein as Petitioner Exhibit "A".

[5] USCS § 7703 (2020) (**Merit Systems Protection Board's determination that plaintiff's claim was frivolous and that it lacked jurisdiction gave Federal Circuit exclusive jurisdiction** [emphasis added] over plaintiff's constructive discharge claim. *Burzynski v. Cohen,* 264 F.3d 611, 2001 FED App. 0279P, 81 Empl. Prac. Dec. (CCH) ¶40761, 86 Fair Empl. Prac. Cas. (BNA) 1112 (6th Cir. 2001).

3

## **CERTIFICATED OF SERVICE**

I hereby certify that on September 4, 2020, the undersigned electronically filed the foregoing using the CM/ECF system (https://pacer.psc.uscourts.gov/), which will send electronic notifications of such filing(s) to the Federal Circuit and all CM/ECF-registered counsel of record who have entered appearances in these matters, including:

> Melody Dalphonse, Deputy Clerk
> United States Court of Appeals for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Date:  <u>September 4, 2020</u>                    Signed:  *__/s/Robert F. Stone__*
                                                           Robert F. Stone

Respondent's Exhibit "A"



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**Christa K. Berry, Clerk**

Edward T. Gignoux U.S.
Courthouse
156 Federal Street
Portland, Maine 04101
(207) 780-3356

Margaret Chase Smith Federal
Building and U.S. Courthouse
202 Harlow Street
Bangor, Maine 04401
(207) 945-0575

June 10, 2020

Peter R. Marksteiner, Clerk
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

RE:   LYNETT S. WILSON v. DEPARTMENT OF VETERANS AFFAIRS
      <u>DISTRICT OF MAINE CIVIL NO. 2:20-cv-00019-NT</u>
      <u>U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT NO. 2019-2283</u>

Dear Mr. Marksteiner,

On June 8, 2020, U.S. District Judge Nancy Torresen entered an order retransferring this case to the Federal Circuit. Enclosed please find a copy of the retransfer order, docket sheet and copies of the documents filed with this court following receipt of the transfer.

Sincerely,

CHRISTA K. BERRY, CLERK

By:

<u>/s/ Melody Dalphonse</u>
Deputy Clerk

# U.S. District Court
## District of Maine (Portland)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00019-NT

WILSON v. DEPARTMENT OF VETERANS AFFAIRS
Assigned to: JUDGE NANCY TORRESEN
Referred to: MAGISTRATE JUDGE JOHN H. RICH III
Case in other court: US Court of Appeals for the Federal District, 19-02283
Cause: 28:1331 Fed. Question: Employment Discrimination

Date Filed: 01/17/2020
Date Terminated: 06/08/2020
Jury Demand: None
Nature of Suit: 445 Civil Rights: Americans with Disabilities - Employment
Jurisdiction: U.S. Government Defendant

**Petitioner**

**LYNETT S WILSON**                    represented by    **BRUCE M. MERRILL**
225 COMMERCIAL STREET
SUITE 501
PORTLAND, ME 04101
775-3333
Email: mainelaw@maine.rr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT F. STONE**
LAW OFFICE OF ROBERT F. STONE, ESQ.
P.O. BOX 401
CONWAY, MA 01373
413-369-4421
Email: rfstoneesq@comcast.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Respondent**

**DEPARTMENT OF VETERANS AFFAIRS**                    represented by    **JOHN G. OSBORN**
U.S. ATTORNEY'S OFFICE
DISTRICT OF MAINE
100 MIDDLE STREET PLAZA
PORTLAND, ME 04101
207-780-3257
Email: john.osborn2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MARGARET JANTZEN**
DEPARTMENT OF JUSTICE
COMMERCIAL LITIGATION BRANCH, CIVIL DIVISION
PO BOX 480
BEN FRANKLIN STATION

| 03/20/2020 | 15 | MOTION to Remand to the Federal Circuit by LYNETT S WILSON. No PDF document is attached to this docket entry. To view PDF document, see ECF No. 11 . (mnd) (Entered: 04/22/2020) |
|---|---|---|
| 03/21/2020 | | Reset Deadlines as to 10 AMENDED ORDER TO SHOW CAUSE - Per General Order 2020-2 issued by Chief Judge Jon D. Levy on 3/18/2020: Response deadline reset to 4/29/2020. (mnd) (Entered: 03/21/2020) |
| 04/21/2020 | 12 | RESPONSE TO PLAINTIFF'S RESPONSE TO 10 AMENDED ORDER TO SHOW CAUSE filed by DEPARTMENT OF VETERANS AFFAIRS. (OSBORN, JOHN) Modified on 4/21/2020 to clean up text (mnd). (Entered: 04/21/2020) |
| 04/21/2020 | 13 | **FILED IN ERROR** MOTION to Remand to the Federal Circuit by DEPARTMENT OF VETERANS AFFAIRS. Responses due by 5/12/2020. No PDF document is attached to this docket entry. To view PDF document, see ECF No. 12 . (mnd) Modified on 4/22/2020 to add filed in error notation. Counsel should disregard this entry (mnd). (Entered: 04/21/2020) |
| 04/21/2020 | 16 | RESPONSE to Motion re 15 MOTION to Remand to the Federal Circuit filed by DEPARTMENT OF VETERANS AFFAIRS. No PDF document is attached to this docket entry. To view PDF document, see ECF No. 12. Reply due by 5/5/2020. (mnd) (Entered: 04/22/2020) |
| 04/22/2020 | 14 | NOTICE of Docket Entry Modification regarding 13 MOTION to Remand to Federal Circuit : Docket entry modified by the Clerk's Office to reflect that it was filed in error by the Clerk's Office. Counsel should disregard the docket entry. (mnd) (Entered: 04/22/2020) |

**PACER Service Center**

**Transaction Receipt**

| 04/30/2020 17:55:54 | | | |
|---|---|---|---|
| **PACER Login:** | ltrfstone | **Client Code:** | Wilson |
| **Description:** | Docket Report | **Search Criteria:** | 2:20-cv-00019-NT |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

ANNAPURNA BALAKRISHNA
U.S. ATTORNEY DISTRICT OF
MASSACHUSETTS
JOHN JOSEPH MOAKLEY
U.S. COURTHOUSE
ONE COURTHOUSE WAY, SUITE
9200
BOSTON, MA 02210
617-748-3111
Email:
annapurna.balakrishna@usdoj.gov
*TERMINATED: 05/06/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/2018 | 1 | COMPLAINT against Wilkie Robert Filing fee: $ 400, receipt number 0101-7348964 (Fee Status: Filing Fee paid), filed by Carlos Almodovar.(Stone, Robert) (Main Document 1 replaced on 10/3/2018) (Jones, Sherry). (Additional attachment(s) added on 10/3/2018: # 1 Civil Cover Sheet) (Jones, Sherry). (Additional attachment(s) added on 10/3/2018: # 2 Category Sheet) (Jones, Sherry). [Transferred from Massachusetts on 4/18/2019.] (Entered: 10/03/2018) |
| 10/03/2018 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge F. Dennis Saylor, IV assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (Finn, Mary) [Transferred from Massachusetts on 4/18/2019.] (Entered: 10/03/2018) |
| 10/03/2018 | 3 | Summons Issued as to Wilkie Robert. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Jones, Sherry) [Transferred from Massachusetts on 4/18/2019.] (Entered: 10/03/2018) |
| 03/21/2019 | 4 | MOTION to Dismiss *For Want of Venue*, MOTION to Transfer Case to Maine. ( Responses due by 4/4/2019) by Robert Wilkie.(Balakrishna, Annapurna) [Transferred from Massachusetts on 4/18/2019.] (Entered: 03/21/2019) |
| 03/21/2019 | 5 | MEMORANDUM in Support re 4 MOTION to Dismiss *For Want of Venue* MOTION to Transfer Case to Maine. filed by Robert Wilkie. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Balakrishna, Annapurna) [Transferred from Massachusetts on 4/18/2019.] (Entered: 03/21/2019) |
| 04/04/2019 | 6 | MEMORANDUM in Opposition re 4 MOTION to Dismiss *For Want of Venue* MOTION to Transfer Case to Maine. filed by Carlos Almodovar. (Attachments: # 1 Exhibit A)(Paine, Matthew) [Transferred from Massachusetts on 4/18/2019.] (Entered: 04/05/2019) |

| 04/17/2019 | 7 | Judge F. Dennis Saylor, IV: MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER DUE TO LACK OF VENUE (Halley, Taylor) [Transferred from Massachusetts on 4/18/2019.] (Entered: 04/18/2019) |
| 04/17/2019 | 8 | Case transferred to to District of Maine. Original file with documents numbered all documents, certified copy of transfer order and docket sheet sent to Clerk in that district. (Halley, Taylor) [Transferred from Massachusetts on 4/18/2019.] (Entered: 04/18/2019) |
| 04/18/2019 | 9 | Case transferred in from District of Massachusetts; Case Number 1:18-cv-12061. Original file certified copy of transfer order and docket sheet received. (Entered: 04/18/2019) |
| 04/18/2019 | | Set Deadlines to register for ECF and obtain local counsel : Attorney Robert F. Stone and Annapurna Balakrishna shall register for the District of Maine's Electronic Case Filing (ECF) System by 4/26/2019. Registration Forms are available on the Court's website http://www.med.uscourts.gov/ecf-registration under the Electronic Case Files, ECF Registration Section. Specific Document Deadline (1) due by 4/26/2019 to obtain local counsel. (jwr) (Entered: 04/18/2019) |
| 04/18/2019 | | Set Answer Deadline for ROBERT WILKIE : Answer due by 5/6/2019. (jwr) (Entered: 04/18/2019) |
| 04/23/2019 | 10 | NOTICE of Appearance by ANDREW K. LIZOTTE on behalf of ROBERT WILKIE (LIZOTTE, ANDREW) (Entered: 04/23/2019) |
| 04/29/2019 | | Reset Deadlines: Attorney Robert F. Stone and Annapurna Balakrishna shall register for the District of Maine's Electronic Case Filing (ECF) System by 5/3/2019. Registration Forms are available on the Court's website http://www.med.uscourts.gov/ecf-registration under the Electronic Case Files, ECF Registration Section. Entry of Local Counsel and filing of Certification Pro Hac Vice due by 5/3/2019 as to Attorney Stone. (jgd) (Entered: 04/29/2019) |
| 04/30/2019 | 11 | Consent MOTION to Extend Time to File Answer re 1 Complaint, by ROBERT WILKIE Responses due by 5/21/2019. (LIZOTTE, ANDREW) (Entered: 04/30/2019) |
| 04/30/2019 | 12 | ORDER granting 11 Consent Motion to Extend Time to File Answer. By JUDGE LANCE E. WALKER. (jgd) (Entered: 04/30/2019) |
| 04/30/2019 | | Reset Answer Deadline per Order #12 for ROBERT WILKIE: Answer due by 6/6/2019. (jgd) (Entered: 04/30/2019) |
| 05/02/2019 | 13 | MOTION by Attorney AUSA Annapurna Balakrishna to Withdraw as Attorney by ROBERT WILKIE Responses due by 5/23/2019. (LIZOTTE, ANDREW) (Entered: 05/02/2019) |
| 05/06/2019 | 14 | ORDER granting 13 Motion for AUSA Annapurna Balakrishna to Withdraw as Attorney. By JUDGE LANCE E. WALKER. (jgd) (Entered: 05/06/2019) |
| 05/07/2019 | | Reset Deadlines: Attorney Robert F. Stone shall register for the District of Maine's Electronic Case Filing (ECF) System by 5/10/2019. Registration Forms |

WASHINGTON, DC 20044
202-353-7994
*TERMINATED: 02/04/2020*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2020 | 1 | Case transferred in from District of US Court of Appeals for the Federal Circuit; Case Number 19-2283. Original file certified copy of transfer order and docket sheet received., filed by DEPARTMENT OF VETERANS AFFAIRS. (Attachments: # 1 docket, # 2 notice of docketing, # 3 petition for review, # 4 petitioner's docketing statement, # 5 petitioner's certificate of interest, # 6 petitioner's 15(c) statement, # 7 Robert Stone's entry of appearance, # 8 notice of non-compliance, # 9 Margaret Jantzen's entry of appearance, # 10 attestation of index of documents of administrative record, # 11 index of documents of administrative record, # 12 initial decisions dated 7/26/18 and 5/16/19, # 13 petitioner's docketing statement, # 14 petitioner's entry of appearance, # 15 petitioner's certificate of interest, # 16 petitioner's 15(c) statement, # 17 respondent's docketing statement, # 18 petitioner's motion to extend time to file brief, # 19 petitioner's certificate of interest, # 20 respondent's motion to dismiss or transfer, # 21 petitioner's objection to motion to dismiss or transfer, # 22 petitioner's certificate of service re: compliance of motion, # 23 order on motion to extend time to file brief)(bfa) Modified on 1/22/2020 to correct filing date(bfa). (Entered: 01/22/2020) |
| 01/22/2020 | | Set Deadlines : Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney Margaret Jantzen must register for a PACER account and/or register for e-filing rights in the District of Maine via PACER at www.pacer.gov by 1/29/2020. For more details on NextGen/Pacer go to our website at www.med.uscourts.gov. (bfa) (Entered: 01/22/2020) |
| 01/27/2020 | | Set Deadlines : Pro Hac Vice Certificate due from Attorney ROBERT F. STONE by 2/3/2020. The Certification for Admission Pro Hac Vice form can be downloaded from our website at http://www.med.uscourts.gov/forms. (mnd) (Entered: 01/27/2020) |
| 01/29/2020 | 2 | NOTICE OF HEARING: Telephone Conference set for 2/25/2020 at 4:00 PM before JUDGE NANCY TORRESEN. Counsel shall coordinate amongst themselves who can initiate the conference call. Once all participants are on the line, counsel shall call in to 207-221-0028 for the conference. (mnd) (Entered: 01/29/2020) |
| 01/30/2020 | | Reset Deadlines : Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process.<br><br>**Attorney MARGARET JANTZEN must register for a PACER account and/or register for e-filing rights in the District of Maine via PACER at www.pacer.gov by 2/6/2020.**<br><br>For more details on NextGen/Pacer go to our website at www.med.uscourts.gov. (mnd) (Entered: 01/30/2020) |
| 01/31/2020 | 3 | NOTICE of Appearance by JOHN G. OSBORN on behalf of DEPARTMENT OF VETERANS AFFAIRS (OSBORN, JOHN) (Entered: 01/31/2020) |
| 02/03/2020 | 4 | MOTION by Attorney Margaret Jantzen to Withdraw as Attorney by DEPARTMENT OF VETERANS AFFAIRS Responses due by 2/24/2020. (OSBORN, JOHN) (Entered: 02/03/2020) |
| 02/04/2020 | 5 | ORDER granting 4 Motion to Withdraw as Attorney. By JUDGE NANCY TORRESEN. |

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

———————————

2019-2283

———————————

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

———————————

## O R D E R

Upon review of the June 8, 2020 order of the United States District Court for the District of Maine transferring this matter to this court,

IT IS ORDERED THAT:

The mandate is recalled, and this petition for review is reinstated.

2                                                    WILSON v. DVA

                                    FOR THE COURT

September 25, 2020          /s/ Peter R. Marksteiner
      Date                   Peter R. Marksteiner
                             Clerk of Court

s29

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-2283

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

---

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

# O R D E R

This petition for review is before this court again after being retransferred from the United States District Court for the District of Maine. Having considered the parties' responses, we believe dismissal is warranted.

Lynett S. Wilson, represented by counsel, appealed to the Merit Systems Protection Board, alleging that she had been constructively suspended from her position with the Department of Veterans Affairs when the agency failed to accommodate her disability, forcing her into unpaid status.

WILSON v. DVA

The Board dismissed for lack of jurisdiction, finding Ms. Wilson had failed to show, by preponderant evidence, that the agency deprived her from continuing to work by wrongfully refusing a reasonable accommodation.

Ms. Wilson petitioned this court for review. Over her objection, we granted the agency's motion to transfer this case to the United States District Court for the District of Maine, explaining that "disposition of the jurisdictional question in this case would require the court to consider the merits of her discrimination claim, which is beyond our jurisdiction." ECF No. 16 at 2. After the case was docketed in the district court, Ms. Wilson moved to transfer the case back to this court, insisting that she was not raising discrimination claims. The district court obliged, finding that it lacked jurisdiction because Ms. Wilson indicated that she "is bringing no claim of discrimination." *Wilson v. Dep't of Veterans Affs.*, No. 2:20-cv-00019-NT (D. Me. June 8, 2020), ECF No. 22.

Ms. Wilson urges the court to set a briefing schedule. But, as we have already found, we lack jurisdiction over a constructive suspension claim when the alleged wrongful agency action is a violation of federal antidiscrimination laws. *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1987 (2017) (holding that the district court is the proper forum for judicial review of such "mixed" cases). Indeed, Ms. Wilson continues to classify this matter as a "mixed case," despite telling the district court that she was not pursuing a discrimination claim. ECF No. 22 at 2–3. Though she now suggests that her discharge was in retaliation for protected activity, she does not explain what her disclosure might have been apart from her internal claim of disability discrimination.

While a petitioner in a mixed case can ordinarily decide to abandon a discrimination claim to seek review of only the personnel action in this court, here that would leave nothing for this court to review: she would lack any

allegation capable of supporting her claim that her absence from work was the result of improper acts by the agency. *See Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (citation omitted) (reciting the elements necessary to establish involuntary coercion).

For its part, the agency argues that we should transfer this case back to the district court for adjudication. But we see no reason to grant this request either. Ms. Wilson, who has been represented by counsel through the entirety of the proceedings, effectively pled herself out of that court as well, and it would not be in the interest of justice to transfer this case back to the district court under 28 U.S.C. § 1631, given her continued refusal to proceed with the claim in that proper forum. We therefore deem it appropriate to dismiss this petition for review.

Accordingly,

IT IS ORDERED THAT:

(1)  Ms. Wilson's response, ECF No. 22, is accepted for filing.

(2)  The petition is dismissed.

(3)  Each party shall bear its own costs.

FOR THE COURT

September 25, 2020          /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                     Clerk of Court

s29

**2019-2283**

# United States Court of Appeals

*for the*

# Federal Circuit

LYNETT S. WILSON

*Petitioner,*

v.

ROBERT WILKIE,

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

*Respondent.*

APPEAL FROM THE FINAL DECISION UNITED STATES MERIT SYSTEMS PROTECTION BOARD IN CASE NUMBER: CASE NUMBER: PH-0752-17-0329-I-2, ADMINISTRATIVE LAW JUDGE CRAIG A. BERG

**PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING[1]**

Robert F. Stone, Esq.
LAW OFFICE
P. O. Box 183
South Deerfield, Massachusetts 01373
Phone

*Attorney for Petitioner*

---

[1] This request for extension of time is currently unopposed as stated in attached affidavit.

1

Petitioner, Lynett S. Wilson, by and through her undersigned counsel, hereby move this Court pursuant to Federal Rule of Appellate Procedure 26(b) Federal Circuit Rule 26(b) and Federal Circuit Local Rue 40 respectfully requests a thirty-day (30) day extension of time — from September November 9, 2020, to December 9 2020 — to file her Petition for Rehearing. This is the first request for an extension of time in this case.

In Support of this Motion, Ms. Wilson states the following:

1.    On September 25, 2020 this Court, the United States Court of Appeals for the Federal Circuit, issued an Order of Dismissal in Wilson v. Wilkie, Secretary, U.S. Department of Veterans Affairs (hereinafter "Respondent") Case No: 2019-2283.

2.    Ms. Wilson was not allowed an oral hearing or to submit a brief, as a result she did not — and could not — address the implications of her Federal Circuit appeal of a MSPB Final Decision consisting of Denial of Due Process in Respondent's deprivation of her constitutionally protected property right of Federal employment, constructive discharge, and involuntary suspension of more than fourteen (14) days raised in her MSPB appeal.

3.    The Court's Order September 25, 2020 conflicts with both *Foster v. Department of the Army*, No. 2020-1691, 2020 U.S. App.

LEXIS 32584, at *1 (Fed. Cir. Oct. 15, 2020) and 5 U.S.C. 7703(c)

that requires the MSPB Final Order set aside when its decision

violates law, rule, or regulation, and is unsupported by substantial as

alleged in Ms. Wilson's MSPB appeal.[1]

4.    To ensure that the issues — which are complex and very important —

are properly and thoroughly presented Ms. Wilson respectfully

requests a thirty-day extension of time to file her Petition for

Rehearing, through and until December 9, 2020.

5.    The reasons for this request for more time are set forth more fully in

the attached Declaration of Ms. Wilson's counsel, Robert F. Stone.

WHEREFORE, for the foregoing reasons, Ms. Wilson respectfully requests

this Court grant her a thirty-day extension, from November 9, 2020 to, December

9, 2020 to file a Petition for Rehearing in accordance with Fed. Cir. R. 40.

---

[1] We hold unlawful and set aside an MSPB decision that is:    "(1)    arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by [*5] law, rule, or regulation having been followed; or (3) unsupported by substantial evidence [.]" 5 U.S.C. 7703(c). "The MSPB abuses its discretion when[,]" inter alia, "the decision is based on . . . factual findings that are not supported by substantial evidence[.]" *Tartaglia v. Dep't of Veterans Affs.*, 858 F.3d 1405, 1407-08 (Fed. Cir. 2017) (internal quotation marks and citation omitted). *Foster v. Department of the Army*, No. 2020-1691, 2020 U.S. App. LEXIS 32584, at *4-5 (Fed. Cir. Oct. 15, 2020).

3

Date:  June 7, 2020                          Submitted for Petitioner by her
                                             attorney,


_____

                                             Robert F. Stone, Esq.
                                             Law Office
                                             P.O. Box 183
                                             South Deerfield, MA 01373
                                             (413) 369-4421
                                             rfstoneesq@comcast.net

# United States Court of Appeals

*for the*

# Federal Circuit

LYNETT S. WILSON

*Petitioner,*

v.

ROBERT WILKIE,

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

*Respondent.*

APPEAL FROM THE FINAL DECISION UNITED STATES MERIT SYSTEMS PROTECTION
BOARD IN CASE NUMBER: CASE NUMBER: PH-0752-17-0329-I-2,
ADMINISTRATIVE LAW JUDGE CRAIG A. BERG

## PETITIONER'S MOTION FOR
## EXTENSION OF TIME TO FILE PETITION FOR REHEARING

Robert F. Stone, Esq.
LAW OFFICE
P. O. Box 183
South Deerfield, Massachusetts 01373
Phone

*Attorney for Petitioner*

Dated:  November 4, 2020

## DECLARATION OF ROBERT F. STONE IN SUPPORT OF
## PETITIONERE'S EXTENSION OF TIME TO FILE PETITION
## FOR REHEARING

I, Robert F. Stone, Counsel for Petitioner, Lynett S. Wilson, hereby declare as follows:

1.    The United States Merit Systems Board, Northeastern Regional Office (MSPB) dismissed Ms. Wilson appeal case on June 28, 2019 for lack of subject matter jurisdiction.

2.    On August 19, 2019 Ms. Wilson filed an appeal the with the United States Court of Appeals for the Federal Circuit which was docketed as an appeal of a Final Decision of the MSPB which the Respondent successfully transferred to the U.S. Circuit Court for the District of Maine, even though it lacked subject matter jurisdiction as the Federal Circuit had exclusive jurisdiction.

3.    The Respondent's counsel was notified at 1:31 P.M. this date that Ms. Wilson was requesting a rehearing and requested to know if Respondent would assent to her request or object.  Respondent did not reply.

4.    On June 8, 2020 the U.S. District Court for District of  Maine determined had was incorrectly transferred to Maine as the Federal Circuit has exclusive jurisdiction over MSPB Final Decision appeals, and transferred it back to the Federal Circuit.

5.    On September 25, 2020 responded to the Federal Circuit Clerk

reinstated Ms. Wilson Federal Circuit appeal after her Counsel,

Robert F. Stone, responded to the Clerk's request to explain how Ms.

Wilson's remanded case should be handled.

6.    On September 25, 2020 the Court dismissed Ms. Wilson's appeal for

lack of jurisdiction even though the MSPB has exclusive jurisdiction

of appeals of a MSPB Final Decision.

7.    The appeal issues are complex and very important and cannot be

thoroughly presented by November 9, 2020 due to Ms. Wilson's

counsel's case load, and the obstacles caused by the Covis-19

shutdown, and counsel's health issues.  Therefore, Ms. Wilson

respectfully requests a thirty-day extension of time to file her Petition

for Rehearing, through and until December 9, 2020. Presently the

final date to request a rehearing of the dismissal is November 9, 2020.

8.    Appellants' request for additional time is brought in good faith and

not merely for purposes of delay.


I further declare, under penalty of perjury, that all statements made herein of

my own knowledge are true and that all statements made herein on information and

beliefs are believed to be true.

Date: November 4, 2020                    Signed:

Robert F. Stone
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone: (413) 369-4421
E-mail: rfstoneesq@comcast.net

## CERTIFICATE OF SERVICE

I, Robert F. Stone, Esq., hereby certify that on November 5, 2019 I caused the

foregoing to be served on the Clerk of the U.S. Court of Appeals for the Federal

Circuit electronically via its CM/CFM system as follows:

Clerk of the Court
U.S. Court of Appeals for
the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20239

Margaret J. Jantzen
Trial Attorney
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
National Courts Section
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
mjantzen@CIV.USDOJ.GOV>

Date: November 4, 2020                    Singed:

Robert F. Stone

8



**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

PETER R. MARKSTEINER
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

November 5, 2020

2019-2283 - Wilson v. DVA

## NOTICE OF NON-COMPLIANCE

Your submitted document (Motion for Extension of Time to File Petition for Rehearing) is not in compliance with the rules of this court. Within <u>five</u> business days from the date of this notice, please submit a corrected version of this document correcting the following:

- The filing does not include a certificate of compliance with the word/line count. The certificate of compliance must state the exact word count or line count. Fed. R. App. P. 32(g)(1) (other documents). Refer to the Practice Notes to Rule 32 (Certificate of Compliance).

- The motion does not contain a Certificate of Interest. Fed. Cir. R. 47.4(b).

- The filer selected an incorrect relief. When refiling a corrected motion, please select the following relief(s): Extend Time to File Petition for Rehearing/En Banc. Refer to the court's Electronic Filing Procedures ("Motions"). *Clerk's Note: Multiple reliefs were selected when the motion was filed. Please only select the appropriate relief that relates to the relief requested in the motion.*

- The document is not signed by all required individuals or uses a non-compliant signature format. All briefs, motions, and other papers must be signed. Fed. R. App. P. 32(d). An electronic signature must follow the format prescribed by Fed. Cir. R. 25(g)(1)-(2). Refer to the court's Electronic Filing Procedures ("Signature Format"); see also Fed. Cir. R. 32(g) for documents requiring multiple signatures. *Clerk's Note: The document was not signed at the signature block on Page 4.*

\* \* \*

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

<u>A party's failure to timely file a corrected document curing all defects identified on this notice may result in this document being stricken.</u> An appellant or petitioner's failure to cure a defective filing may also result in the dismissal of the appeal.

FOR THE COURT

<u>/s/ Peter R. Marksteiner</u>
Peter R. Marksteiner
Clerk of Court
By: J. Bayles, Deputy Clerk

**2019-2283**

# United States Court of Appeals

*for the*

# Federal Circuit

LYNETT S. WILSON

*Petitioner,*

v.

ROBERT WILKIE,
SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

*Respondent.*

APPEAL FROM THE FINAL DECISION UNITED STATES MERIT SYSTEMS PROTECTION BOARD IN CASE NUMBER: CASE NUMBER: PH-0752-17-0329-I-2, ADMINISTRATIVE LAW JUDGE CRAIG A. BERG

## CORRECTED UNOPOSSED PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING

Robert F. Stone, Esq.
LAW OFFICE
P. O. Box 183
South Deerfield, Massachusetts 01373
Phone

*Attorney for Petitioner*

Petitioner, Lynett S. Wilson, by and through her undersigned counsel, hereby move this Court pursuant to Federal Rule of Appellate Procedure 26(b) Federal Circuit Rule 26(b) and Federal Circuit Local Rue 40 respectfully requests a thirty-day (30) day extension of time — from September November 9, 2020, to December 9 2020 — to file her Petition for Rehearing. This is the first request for an extension of time in this case.

In Support of this Motion, Ms. Wilson states the following:

1.    On September 25, 2020 this Court, the United States Court of Appeals for the Federal Circuit, issued an Order of Dismissal in Wilson v. Wilkie, Secretary, U.S. Department of Veterans Affairs (hereinafter "Respondent") Case No: 2019-2283.

2.    Ms. Wilson was not allowed an oral hearing or to submit a brief, as a result she did not — and could not — address the implications of her Federal Circuit appeal of a MSPB Final Decision consisting of Denial of Due Process in Respondent's deprivation of her constitutionally protected property right of Federal employment, constructive discharge, and involuntary suspension of more than fourteen (14) days raised in her MSPB appeal.

3.    The Court's Order September 25, 2020 conflicts with both *Foster v. Department of the Army*, No. 2020-1691, 2020 U.S. App.

2

LEXIS 32584, at *1 (Fed. Cir. Oct. 15, 2020) and 5 U.S.C. 7703(c)

that requires the MSPB Final Order set aside when its decision

violates law, rule, or regulation, and is unsupported by substantial as

alleged in Ms. Wilson's MSPB appeal.[1]

4.     To ensure that the issues — which are complex and very important —

are properly and thoroughly presented Ms. Wilson respectfully

requests a thirty-day extension of time to file her Petition for

Rehearing, through and until December 9, 2020.

5.     The reasons for this request for more time are set forth more fully in

the attached Declaration of Ms. Wilson's counsel, Robert F. Stone.

WHEREFORE, for the foregoing reasons, Ms. Wilson respectfully requests

this Court grant her a thirty-day extension, from November 9, 2020 to, December

9, 2020 to file a Petition for Rehearing in accordance with Fed. Cir. R. 40.

---

[1] We hold unlawful and set aside an MSPB decision that is:     "(1)     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by [*5] law, rule, or regulation having been followed; or (3) unsupported by substantial evidence [.]" 5 U.S.C. 7703(c). "The MSPB abuses its discretion when[,]" inter alia, "the decision is based on . . . factual findings that are not supported by substantial evidence[.]" *Tartaglia v. Dep't of Veterans Affs.*, 858 F.3d 1405, 1407-08 (Fed. Cir. 2017) (internal quotation marks and citation omitted). *Foster v. Department of the Army*, No. 2020-1691, 2020 U.S. App. LEXIS 32584, at *4-5 (Fed. Cir. Oct. 15, 2020).

3

Date: <u>November 6, 2020</u>

Submitted for Petitioner by her attorney,

Robert F. Stone, Esq.
Law Office
P.O. Box 183
South Deerfield, MA 01373
(413) 369-4421
rfstoneesq@comcast.net

4

# United States Court of Appeals

## *for the*

# Federal Circuit

LYNETT S. WILSON

*Petitioner,*

v.

ROBERT WILKIE,

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

*Respondent.*

APPEAL FROM THE FINAL DECISION UNITED STATES MERIT SYSTEMS PROTECTION
BOARD IN CASE NUMBER: CASE NUMBER: PH-0752-17-0329-I-2,
ADMINISTRATIVE LAW JUDGE CRAIG A. BERG

## PETITIONER'S CORRECTED MOTION FOR
## EXTENSION OF TIME TO FILE PETITION FOR REHEARING

Robert F. Stone, Esq.
LAW OFFICE
P. O. Box 183
South Deerfield, Massachusetts 01373
Phone

*Attorney for Petitioner*

Dated: November 6, 2020

## DECLARATION OF ROBERT F. STONE IN SUPPORT OF
## PETITIONERE'S EXTENSION OF TIME TO FILE PETITION
## FOR REHEARING

I, Robert F. Stone, Counsel for Petitioner, Lynett S. Wilson, hereby declare as follows:

1.  The United States Merit Systems Board, Northeastern Regional Office (MSPB) dismissed Ms. Wilson appeal case on June 28, 2019 for lack of subject matter jurisdiction.

2.  On August 19, 2019 Ms. Wilson filed an appeal the with the United States Court of Appeals for the Federal Circuit which was docketed as an appeal of a Final Decision of the MSPB which the Respondent successfully transferred to the U.S. Circuit Court for the District of Maine, even though it lacked subject matter jurisdiction as the Federal Circuit had exclusive jurisdiction.

3.  Respondent's counsel was notified 1:31 P.M. November 4, 2020 Ms. Wilson was filing a Motion and requesting a rehearing and asked if would assent.  Respondent did not reply to oppose.

4.  On June 8, 2020 the U.S. District Court for District of  Maine determined had was incorrectly transferred to Maine as the Federal Circuit has exclusive jurisdiction over MSPB Final Decision appeals, and transferred it back to the Federal Circuit.

5.   On September 25, 2020 responded to the Federal Circuit Clerk
reinstated Ms. Wilson Federal Circuit appeal after her Counsel,
Robert F. Stone, responded to the Clerk's request to explain how Ms.
Wilson's remanded case should be handled.

6.   On September 25, 2020 the Court dismissed Ms. Wilson's appeal for
lack of jurisdiction even though the MSPB has exclusive jurisdiction
of appeals of a MSPB Final Decision.

7.   The appeal issues are complex and very important and cannot be
thoroughly presented by November 9, 2020 due to Ms. Wilson's
counsel's case load, and the obstacles caused by the Covis-19
shutdown, and counsel's health issues.  Therefore, Ms. Wilson
respectfully requests a thirty-day extension of time to file her Petition
for Rehearing, through and until December 9, 2020. Presently the
final date to request a rehearing of the dismissal is November 9, 2020.

8.   Appellants' request for additional time is brought in good faith and
not merely for purposes of delay.

I further declare, under penalty of perjury, that all statements made herein of

my own knowledge are true and that all statements made herein on information and

beliefs are believed to be true.

Date: <u>November 6, 2020</u>                Signed:

Robert F. Stone
Law Office
P.O. Box 183
South Deerfield, MA 01373
Phone:  (413) 369-4421
E-mail:  rfstoneesq@comcast.net

## CERTIFICATE OF SERVICE

I, Robert F. Stone, Esq., hereby certify that on November 6, 2019, I caused the

foregoing to be served on the Clerk of the U.S. Court of Appeals for the Federal

Circuit electronically via its CM/CFM system as follows:

Clerk of the Court
U.S. Court of Appeals for
the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20239

Margaret J. Jantzen
Trial Attorney
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
National Courts Section
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
mjantzen@CIV.USDOJ.GOV>

Dated: <u>November 6, 2020</u>                Singed:

Robert F.Stone

8

**FORM 9. Certificate of Interest**

**Form 9 (p. 1)**
**July 2020**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 19-2283 |
| **Short Case Caption** | Wilson v DVA |
| **Filing Party/Entity** | Lynett S. Wilson, Petitioner |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/06/2020

Signature: /s/ Robert F. Stone

Name: Robert F. Stone, Esq.

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| ☐ None/Not Applicable | ☑ None/Not Applicable | ☑ None/Not Applicable |
| Lynett S. Wilson | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 19-2283

**Short Case Caption:** Wilson v DVA

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __501__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: __11/06/2020__     Signature: /s/ Robert F. Stone

Name: Robert F. Stone, Esq.

2019-2283

# United States Court of Appeals
*for the*
# Federal Circuit

LYNETT S. WILSON

*Petitioner,*

v.

ROBERT WILKIE,

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

*Respondent.*

---

APPEAL FROM THE FINAL DECISION UNITED STATES MERIT SYSTEMS PROTECTION BOARD IN CASE NUMBER: CASE NUMBER: PH-0752-17-0329-I-2,

ADMINISTRATIVE LAW JUDGE CRAIG A. BERG

---

**UNOPPOSD MOTION TO VACATE, MODIFY OR OTHERWISE
CHANGE THE ORDER DISMISSING THE APPEAL AND
FOR OTHER RELIEF; DECLARATION;
AND AUTHORITIES**

---

Petitioner, Lynett S. Wilson (hereinafter "Ms. Wilson"), files this for a Motion to cate rehearing of a Panel Review, or hearing, or cate the dismissal the Order to Dismiss by this Court entered on September 25, 2020 and/or for other relief under Fed. R. App. P. ("FRAP") Rule 27 ["may file a motion to reconsider, cate, or modify that action"]; FRAP Rule 40 ["panel rehearing may be filed"]; 28 U.S.C. Sec. 1651; 28 U.S.C. Sec. 1651 [All Writs Act]; 28 U.S.C. Sec. 2106 [may modify, cate, etc.]; and/or case law cited below.

## GROUNDS

Based on incomplete and/or misleading Appeal Rights[1] provided by the Merit Systems Protection Board (MSPB) Ms. Wilson mistakenly chose to file her Petition for Review (PFR) mixed case appeal alleging constructive discharge, suspension in excess of (14) days, and denial of due process with the U.S. Court of Appeals for Federal Circuit (Federal Circuit). Instead of filing with a U.S. District Court her PFR was mistakenly filed with the Federal Circuit because was believed

---

[1] ECF Docket No.     **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final . 5 U.S.C. § 7703(b)(1)(A). If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:  U.S. Court of Appeals for the Federal Circuit 717 Madison Place, N.W., Washington, D.C. 20439

is Ms. Wilson abandoned her claims of discrimination the Federal Circuit would have jurisdiction.

It was thought that if Ms. Wilson abandoned her claims of discrimination[2] based upon 5 U.S.C. 7703(b)(1) (2020) in favor of Federal Circuit jurisdiction her appeal was improperly removed the U.S. District Court for the District of Maine. However, Ms. Wilson's counselor unfortunately believed that if Ms. Wilson abandoned her discrimination allegations the Federal Circuit would have jurisdiction. But, the Petitioner's counselor, in light of Federal Circuit's interpretation of the statute, now realizes a transfer back to the Federal Circuit was inappropriate even if when the matters of discrimination Ms. Wilson's MSPB appeal.

Consequently, Ms. Wilson's counsel inappropriately maintained that her PFR belonged in the Federal Circuit and filed an unopposed Motion to Remand

---

[2] **(B)** A petition to review a final order or final decision of the Board that raises no **challenge** to the **Board's** disposition of allegations of a prohibited personnel practice described **in** section 2302(b) [5 USCS § 2302(b)] other than practices described **in** section 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D) [5 USCS § 2302(b)(8), (9)(A)(i), (B), (C), or (D)] shall be **filed in** the United States Court of **Appeals** for the **Federal Circuit** or any court of **appeals** of competent jurisdiction. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues Notice of the final order or decision of the Board. (*See* 5 USCS § 7703(b)(1)(B) (Current as of October 30, 2020).

3

(MTR) back to the Federal Circuit due in part to the MSPB incomplete notice of appeal rights. But, the mistaken remand to the Federal Circuit is now realized and the dismissal of Ms. Wilson's MSPB should be vacated in the interest of justice. Simply put, if Ms. Wilson is able to prove in a district court her dismissal was due to discrimination, in whole or in part, it would prevent the Respondent and the DOJ from exercising their duty to provide her with equal employment opportunity (EEO) as required due to lack of knowledge of the alleged discrimination.

## TRANSFER BACK TO THE DISTRICT OF MAINE IS IN THE INTEREST OF JUSTICE

Transferring Ms. Wilson PFR back to the District of Maine would be in the interest of justice as supported by the U.S. Department of Justice (DOJ) argument that it should be returned to a U.S. District Court for adjudication when the parties responded to the Federal Circuit's to request to explain how they believed the instant case should be handled. The remand of Ms. Wilson's PFR to the Federal Circuit was based on her representative's Unopposed Rule 40 Motion to Remand[3] to the Federal Circuit. But, in its response the DOJ correctly maintained its argument her appeal should be returned to a district court due to the

---

[3] ECF Docket No.

4

Federal Circuit's interpretation of a MSPB mixed case appeal as explained in its dismissal order.[4]

Consequently, dismissing Ms. Wilson's appeal in lieu of the DOJ argument for return to the district for lack of jurisdiction in whole or in part, based on discrimination circumvents the Respondent's senior management and the DOJ from exercising their duty due to their lack of knowledge of prohibited discrimination by federal employees due to lack of knowledge of the prohibited discrimination. as it prevents the Respondent's senior management from knowing Ms. Wilson was subjected to discrimination. Furthermore, dismissing Ms. Wilson's MSPB prevents Respondent and the DOJ from exercising their duty to prevent prohibited employment discrimination "throughout the county"[5] due to their lack of knowledge of the prohibited discrimination. Dismissing Ms. Wilson's allegations of discrimination stifles Respondent and DOJ from exercising their duty to prevent employment discrimination "throughout the county,"[6] based on an inappropriate unopposed Motion to Dismiss.

---

[4] EFC Docket No. 24.+

[5] The **Department of Justice** is **responsible** for **law enforcement** throughout the country, not just within its own Department. (County of Santa Clara v. Trump, 250 F. Supp. 3d 497, 516 (N.D. Cal. 2017).

[6] *Id.*

5

Simply put, dismissing Ms. Wilson's appeal in lieu of returning it to a district court is not in the interest if she could prove her allegations were based on discrimination. the finding of discrimination in the proper forum signals the Respondent and DOJ the to exercise their duty to provide all federal employees with a workplace free from discrimination.[7]

Simply put, if Ms. Wilson's was could prove she was dismissed and subjected to forced leave without pay due to discrimination the Respondent and DOJ are prevented from exercising their duty to provide her, and other all federal employees, with equal employment opportunity (EEO) due to lack of knowledge of the prohibited discrimination. Also, dismissal of the instant appeal for filing in the wrong jurisdiction deprives Ms. Wilson of here right to prove discrimination hindered to assist the Respondent to effectively prohibit unjust discrimination in the workplace on her behalf.

THEREFORE, based in light of the Federal Circuit's clarification of its jurisdiction requirements described herein Ms. Wilson respectfully requests the Federal Circuit vacate its September 25, 2020 dismissal order and return her PFR to the District of Maine for adjudication in the interest of justice.

—————————————

[7] It is the policy of the Government of the United States to provide equal opportunity in employment for all persons, to prohibit discrimination in employment because of race, color, religion, sex, national origin, age, disability, or genetic information and to promote the full realization of equal employment opportunity through a continuing affirmative program in each agency. ( *See* 29 CFR § 1614.101(a) (2020)).

Date: <u>November 9, 2020</u>                    Submitted for Lynett S. Wilson
                                                by her attorney,

                                                Robert F. Stone, Esq.
                                                Law Office
                                                P.O. Box 183
                                                South Deerfield, MA 01373
                                                (413) 369-4421
                                                rfstoneesq@comcast.net


## CERTIFICATE OF SERVICE

I certify that the attached Document (Form 10 – Statement Concerning

Discrimination) was sent as indicated this 10th day of September 2019 as indicated

to each of the following:


<u>Respondent</u>

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014


Date: <u>November 9, 2020</u>                    Signed:

                                                Robert F. Stone

**2019-2283**

# United States Court of Appeals

*for the*

# Federal Circuit

LYNETT S. WILSON

*Petitioner,*

v.

ROBERT WILKIE,

SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,

*Respondent.*

APPEAL FROM THE FINAL DECISION UNITED STATES MERIT SYSTEMS PROTECTION BOARD IN CASE NUMBER: CASE NUMBER: PH-0752-17-0329-I-2,

ADMINISTRATIVE LAW JUDGE CRAIG A. BERG

**DECLARATION IN UNOPPOSD MOTION TO VACATE, MODIFY OR OTHERWISE CHANGE THE ORDER DISMISSING THE APPEAL AND FOR OTHER RELIEF; DECLARATION; AND AUTHORITIES**

I, Robert F. Stone, Counsel for Petitioner, Lynett S. Wilson (hereinafter Ms. Wilson's "representative"), hereby declare as follows:

1.  On June 20, 2019 the United States Merit Systems Board, Northeastern Regional Office (MSPB) dismissed the appeal of Ms. Wilson due to lack of jurisdiction.

2.  Ms. Wilson subsequently filed an appeal of the MSPB with the U.S. Court of Appeals for the Federal Circuit.

3.  Ms. Wilson was appealed was transferred to the U.S. District Court for the District of Maine at the request of Respondent the U.S. Department of Veterans Affairs.

4.  On, January 17, 2020, Ms. Wilson's was transferred back to the Federal Circuit based on her representative's unopposed  Motion to Remand to the Federal Circuit after contacting the Respondent, U.S. Department of Veterans Affairs (hereinafter "Respondent") who agreed not oppose Ms. Wilson's Motion to Remand.

5.    On November 9, 2020 Ms. Wilson's representative filed Ms.

Wilson's Motion to Vacate (MTV) and send her appeal back to the

District of Maine after Ms. Wilsons's representative became aware,

the appeal should not have been remanded and was incorrectly

remanded to the Federal Circuit based its explanation of why the case

was dismissed.

6.    Subsequently, Ms. Wilson respondent the MTV contained herein

as its honestly believes her request to remand is without merit and

transferring her case back to the District of Maine would be in the best

interest of justice.

7.    Appellants' MTAV is brought in good faith not merely for purposes

of delay or intended to further burden the Respondent.

I, Robert F. Stone further declare, under penalty of perjury, that all
statements made herein are true of to the best of to the best of my knowledge.


Date: <u>November 9, 2020</u>          Signed: _____
                                       Robert F. Stone
                                       Law Office
                                       P.O. Box 183
                                       South Deerfield, MA 01373
                                       Phone:  (413) 369-4421
                                       E-mail:  rfstoneesq@comcast.net

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 19-2283 |
| **Short Case Caption** | Wilson v DVA |
| **Filing Party/Entity** | Lynett S. Wilson, Petitioner |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: <u>11/09/2020</u>

Signature:  <u>/s/ Robert F. Stone</u>

Name:  <u>Robert F. Stone, Esq.</u>

**FORM 9. Certificate of Interest**

Form 9 (p. 2)
**July 2020**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| ☐ None/Not Applicable | ☑ None/Not Applicable | ☑ None/Not Applicable |
| Lynett S. Wilson | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable                ☐    Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable                ☐    Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable                ☐    Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

## CERTIFICATE OF SERVICE

I certify that the attached Motion to Vacate and Declaration was sent as indicated this 9th day of November 2020 as indicated to each of the following:

Respondent

Margaret Jantzen
Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20014

Date: November 9, 2020          Signed:

Robert F. Stone

11

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 19-2283

**Short Case Caption:** Wilson v DVA

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 1,236 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 11/9/2020

Signature: /s/ Robert F. Stone

Name: Robert F. Stone, Esq.

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**LYNETT S. WILSON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

———————————

2019-2283

———————————

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0329-I-2.

———————————

**ON MOTION**

———————————

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

On September 25, 2020, this court dismissed Lynett Wilson's petition for review after concluding that she effectively pled herself out of court by abandoning her discrimination claims because, in doing so, she lacked any allegation capable of supporting her claim that her absence from work was the result of improper acts by the agency.

2                                                                WILSON v. DVA

Ms. Wilson now files a "motion to vacate, modify or otherwise change" that order, seeking to rescind her prior position and to transfer this case back to the United States District Court for the District of Maine for adjudication of her mixed case. Ms. Wilson indicates that the Department of Veterans Affairs does not oppose the motion.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion is granted. The court's September 25, 2020 order is vacated. Pursuant to 28 U.S.C. § 1631, this matter and all filings are transferred to the United States District Court for the District of Maine.

(2) Any other pending motions are denied as moot.


FOR THE COURT

November 17, 2020        /s/ Peter R. Marksteiner
        Date             Peter R. Marksteiner
                         Clerk of Court